<u>**Exhibit A**</u>

**Commitment Letter**

[Attach]

ORDER AUTHORIZING DEBTOR TO OBTAIN CREDIT

Charles C. Foster
17 Courtlandt Place
Houston, Texas 77006
713.335.3904
cfoster@FosterGlobal.com

August 23, 2018

HOUTEX Builders, LLC
17 Courtlandt Place
Houston, Texas 77006

415 Shadywood, LLC
17 Courtlandt Place
Houston, Texas 77006

2203 Looscan Lane, LLC
17 Courtlandt Place
Houston, Texas 77006

      Re: Funding Commitment

Ladies and Gentlemen:

      HOUTEX Builders, LLC, 415 Shadywood, LLC and 2203 Looscan Lane, LLC (collectively, the "Debtors") intend to file voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court") commencing chapter 11 cases (the "Chapter 11 Cases") on August 23, 2018.

      Pursuant to the terms and conditions set forth herein Charles Foster ("Lender") has committed to loan up to $186,000.00 (the "Commitment") to the Debtors as follows:

    1. Up to $60,000.00 to HOUTEX Builders, LLC (the actual amount loaned together with any applicable interest and fees, the "Houtex Loan");

    2. Up to $65,000.00 to 415 Shadywood, LLC (the actual amount loaned together with any applicable interest and fees, the "Shadywood Loan");

    3. Up to $61,000.00 to 2203 Looscan Lane, LLC (the actual amount loaned together with any applicable interest and fees, the "Looscan Loan").

      Use of Proceeds. The proceeds of the Commitment will used by the Debtors to pay for the following (the "Permitted Expenses"): (i) the fees and expenses incurred by the Debtors' professionals in the Chapter 11 Cases, (ii) the fees charged by the Office of the United States

Trustee in connection with the Bankruptcy Cases, and (ii) the items set forth in the budgets attached hereto.

Advances.   Upon approval of this Commitment Letter with an order acceptable to the Lender, the Lender shall make advances (each, an "Advance") to each Debtor up to each Debtor's respective Commitment amount.   The Lender shall make an advance to the Debtor within three business days from the date that the Debtor provides written notice to the Lender that a Permitted Expense has become due and payable.   The Advances will incur interest at a rate of three percent (3%) per annum until paid in full.

Lender Protections.  The Lender shall have an administrative expense claim against each Debtor for the amounts advanced to such Debtor under this commitment letter and the associated interest.   The Lender's claim against each Debtor will be with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title with respect to such Debtor.   In addition, the Lender's claim shall be secured by a Bankruptcy Code §364(d) lien as follows:

1.  With respect to the Houtex Loan, the claim shall be secured by a second lien immediately following the first lien of Spirit of Texas Bank on the property known as 3 Thornblade, and the claim will also be secured by a second lien immediately following the first lien of Community Bank on the property known as 2325 Lynbrook;

2.  With respect to the Shadywood Loan, the claim will be secured by a second lien immediately following the first lien of Independent Bank on the property known as 415 Shadywood;

3.  With respect to the Looscan Loan, the claim will be secured by a second lien immediately following the first lien of Community Bank on the property known as 2203 Looscan Lane.

Conditions.  Until and unless the Bankruptcy Court shall have approved in an order acceptable to the Lender the loans set out herein, this commitment shall have no force and effect.

Enforceability.  Upon approval by the Bankruptcy Court of this commitment letter, this commitment letter may be enforced by the Debtors against the Lender.   Notwithstanding anything to the contrary in this commitment letter, none of the Debtors' creditors shall have the right to enforce this commitment letter.

Termination.  The Lender's claims shall become immediately due and owing and the Lender's obligations to make further advance shall immediately terminate upon the first to occur of the following (each a "Termination Event"): (i) any of the Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, (ii) a chapter 11 trustee is appointed in any of the Chapter 11 Cases, (iii) the confirmation of a plan in the Chapter 11 Cases, (iv) the principal asset of each Debtor is sold pursuant to a Bankruptcy Code § 363 sale, or (v) the date that is six months from the date of this letter; provided however, the Lender is still obligated to fund the fees and expenses of the Debtors' professionals and the fees charged by the Office of the United

States Trustee in connection with the Bankruptcy Cases incurred, but not yet paid, through the date of the Termination Event.

No Modification; Entire Agreement. This agreement may not be amended, modified or supplemented except by an agreement in writing signed by the Debtors and the Lender and with the approval of the Bankruptcy Court.

Parties in Interest; Third Party Beneficiaries. This letter agreement is for the sole benefit of and shall be binding upon the Lender and the Debtors. Nothing in this commitment letter, express or implied, is intended to or shall confer upon any person other than the Debtors and the Lender any legal or equitable right, benefit or remedy of any nature whatsoever, under or by reason of this letter agreement.

Governing Law; Submission to Jurisdiction; Venue. This commitment letter shall be governed by and construed in accordance with the internal laws of the State of Texas without giving effect to any choice or conflict of law provision or rule.  The parties agree that the Bankruptcy Court has authority to interpret and enforce the terms of this commitment letter. The parties irrevocably and unconditionally waive any objection to the laying of venue of any suit, action or proceeding in such court and irrevocably waive and agree not to plead or claim such court that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

Waiver of Jury Trial. Each party irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this commitment letter or the transactions contemplated hereby.

No Assignment. The Commitment evidenced by this commitment letter shall not be assignable by Lender without the Debtors' prior written consent.

Counterparts. This commitment letter may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this letter delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this commitment letter.

*[Remainder of Page Intentionally Left Blank]*

3

The Lender acknowledges that the Debtors are relying on this Commitment and the Lender agrees to be bound to the terms of the Commitment once approved by the Bankruptcy Court.

Very truly yours,

Charles Foster

ACCEPTED:

HOUTEX Builders, LLC

By _____
Charles Foster
Manager

415 Shadywood, LLC

By _____
Charles Foster
Manager

2203 Looscan Lane, LLC

By _____
Charles Foster
Manager

4