UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>HOUTEX BUILDERS, LLC, *et al.*,[1]<br><br>DEBTORS. | §<br>§<br>§  Case No. 18-34658<br>§  Chapter 11<br>§<br>§<br>§ |

## DECLARATION OF CHARLES C. FOSTER

I, Charles C. Foster, make this declaration as a representative of The Houtex Builders, LLC ("Houtex Builders"), 2203 Looscan, LLC ("Looscan") and 415 Shadywood, LLC ("Shadywood") (collectively, the "Debtors") to restate and correct certain background facts set forth in the following motions (the "First Day Motions"): (i) Debtors' Motion, Pursuant To Bankruptcy Code Sections 105(A), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006, For Entry of: (I) Order (A) Approving Sale and Bidding Procedures In Connection With Sale of Assets of the Debtor, (B) Approving Form and Manner of Notice, (C) Scheduling Auction And Sale Hearing, (D) Authorizing Procedures Governing Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (E) Granting Related Relief; And (II) Order (A) Approving Purchase Contract, (B) Authorizing Sale Free And Clear Of All Liens, Claims, Encumbrances [ECF 3], (ii) Emergency Motion for Order Authorizing Debtors to Obtain Credit and Use Proceeds [ECF 4], and (iii) Debtors' Emergency Motion for Order Compelling Production of Recorded Information Pursuant to 11 U.S.C. § 542(e) [ECF 5].

1. The Debtors are special purpose entities established for the purpose of constructing new houses. Debtor Houtex Builders, LLC owns the properties located at 3 Thornblade Circle, The Woodlands, TX 77389 ("Thornblade") and 5325 Lynbrook Dr., Houston, TX 77056 ("Lynbrook").

---

[1] The names of the debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Houtex Builders, LLC (2111), 2203 Looscan, LLC (1418) and 415 Shadywood, LLC (7627).

The houses on Thornblade and Lynbrook are completely built and these properties are currently being marketed for sale through a real estate agent. Debtor 215 Shadywood, LLC owns the property located at 415 Shadywood Rd, Houston, TX 77057 ("Shadywood"). The construction of the house on Shadywood is incomplete. Debtor 2203 Looscan Lane, LLC owns the property located at 2203 Looscan Ln., Houston, TX 77019 ("Looscan" and collectively with Thornblade, Lynbrook, and Shadywood, the "Properties"). The construction of the house on Looscan is incomplete. The Debtors are each owned 100% by me and my wife Lily Foster.

2. Each Debtor is a party to a certain Contractor Agreement with CD Homes, LLC ("CD Homes"). CD Homes is the general contractor for the building the houses on the Properties. Bob Parker ("Parker") is the principal of CD Homes.

3. I have had a business relationship with Parker spanning approximately ten years. Over the course of this time, Parker, through CD Homes, has constructed custom built homes that my wife and I have financed by providing capital and guaranteeing construction loans. As a general rule, Parker was charged with the responsibility of managing the project, including purchasing the property, securing appropriating financing for the project, construction of the home, and managing the sale process. With regard to earlier projects, my wife and I had several successful ventures with Parker and several others that barely broke even. As the relationship progressed, however, Parker's poor management practices led to excessive spending and out-of-control borrowing.

4. I met with Parker periodically in order to discuss the progress of the various projects. Parker would often provide sales and marketing information regarding the properties that ultimately turned out to be extremely over optimistic. Parker would also regularly provide me with financing documents for execution on the various properties. Originally, these documents generally consisted of construction loans and accompanying guarantees. As time progressed, Parker began the practice of presenting me with documents for lines of credit for the properties "just in case."

5. An earlier venture that my wife and I had with Parker was the construction of a house on the property known as 5341 Cedar Creek Drive, Houston, TX 77056 ("Cedar Creek"). At the closing of Cedar Creek, in January 2018 I was informed there was a new lien filed against the property that had not shown up on the earlier title report and had been placed on the property just before the scheduled closing. I learned that the new lien had been placed on the property by Parker as manager of the entity that owned the property and was made for the benefit of Hampton Lane Builders, LLC, ano entity owned by Parker's wife Anna Williams[2]. Because the title company would not close the transaction without satisfying these liens, I authorized this newly discovered lien to be paid at the closing of Cedar Creek. I later learned that it appeared that the questionable lien had been back-dated.

6. During the relationship, I discovered that my wife and I were able to borrow money at a rate lower than those from traditional construction loans through our own banking relationships. I presented this information to Parker with the idea that the reduced interest would decrease the carrying costs of the homes, thereby decreasing the overall risk of the projects. Parker agreed, and my wife and I began utilizing these personal lines to provide equity infusions for the entities to use in developing the properties.

7. I became concerned upon the sale of a property located at 5305 Green Tree, Houston, Texas ("Green Tree") in February of 2016. My wife and I financed the home by borrowing money personally to provide equity infusions for the entity. I estimated that my wife and I would receive approximately $2 million from the sale, which would thereby provide us with the ability to retire the loans and achieve a profit distribution. To our dismay, this did not occur. When questioning Parker about the proceeds from the sale, Parker explained that he needed the funds the my wife and I originally provided for use in the other developments. I further learned that Parker

---

[2] The First Day Motions incorrectly stated that Hampton Lane Builders, LLC is owed by Parker.

FOSTER DECLARATION                                                                                    3

had been securing third party financing for the construction of other Tanglewood and Woodland properties by placing liens on Green Tree. Given that the loans on Green Tree carried a 15% interest rate, the proceeds that I anticipated based on the 2% interest rate on my personal line had quickly evaporated and the substantial funds borrowed to 100% finance the purchase of the property and construction of the home at Green Tree could not be repaid as agreed.

8. When I raised concerns about the lending on Green Tree, Parker told me not to worry, and that my wife and I would get our money back through the sale of a property located at 5428 Longmont, Houston, Texas ("Longmont"). Of course, when Longmont was sold in January of 2017, the story was the same. Parker again stated that the money my wife and I personally borrowed was used on other properties, and Longmont needed a hard money loan to complete construction. At this point, I felt we were in too deep with our money spread across too many different projects. Moreover, my wife and I were left in a position of not knowing exactly where pur equity injection had been deployed.

9. In January 2018, our relationship with Parker changed drastically when Parker started asking my wife and I to first advance funds temporarily to pay expenses on the four remaining properties and then expected my wife and I to provide all further expenses for construction on 2203 Looscan and 415 Shadywood and all the carrying costs on all 4 remaining properties although Parker, through CD Homes, had committed to providing all financing over the construction loans. When Parker's requests for loans started becoming more frequent and urgent, I started taking a more hands-on role monitoring the invoices related to the construction of the Properties. These expenses included payments of $35,000[3] per month to Parker for his supervisor and designer "team" for Shadywood and Looscan even though there would be long stretches where I noticed little or no

---

[3] The First Day Motions incorrectly state that the monthly payments to Parker were in the amount of $60,000.

FOSTER DECLARATION 4

activity at the construction sites. Further, my wife and I discovered that Parker was drawing down on the construction loans for his account to cover expenses we had already paid for.

10. We have only recently discovered several liens that have been placed on the Properties other than the liens for the construction loans. The Debtors dispute the validity of the liens and believe that the liens are made by entities affiliated with Parker. The Debtors commenced these chapter 11 cases to sell the properties free and clear of the liens and have the Bankruptcy Court determine the validity of these liens and the associated claims.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct and this declaration is executed at Houston, Texas, on August 30, 2018.

By: _____
Charles C. Foster