UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| HOUTEX BUILDERS, LLC, *et al.*, | § § | Case No. 18-34658 |
| DEBTORS. | § § § | Chapter 11 |

**DEBTOR'S MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A) AND 363, AND BANKRUPTCY RULES 2002, AND 6004 FOR ENTRY OF AN ORDER (A) APPROVING EARNEST MONEY CONTRACT, (B) AUTHORIZING SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (C) GRANTING RELATED RELIEF**

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

TO THE HONORABLE JUDGE NORMAN, UNITED STATES BANKRUPTCY JUDGE:

HOUTEX Builders, LLC (the "Debtor") files this *Motion, pursuant to Bankruptcy Code Sections 105(a) and 363, and Bankruptcy Rules 2002 and 6004, for Entry of: Order (A) Approving Earnest Money Contract, (B) Authorizing Sale Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtor respectfully submits the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are §§ 105(a) and 363(b), (f),

and (m) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

A.  **The Debtor's Bankruptcy Case**

2.  On August 23, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court").

3.  The Debtor continues to administer its assets as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's bankruptcy case.

4.  The purpose of the Debtor filing chapter 11 is to monetize the Debtor's assets (including real property, improvements and fixtures located thereon, and all rights, privileges and appurtenances thereto), liquidating claims through the claims objection process and, if sufficient funds exist, confirming a liquidating plan under the Bankruptcy Code.

B.  **Prepetition Loans and Liens**

5.  Prior to the Petition Date, the Debtor executed certain promissory notes made payable to Spirit of Texas Bank, ssb (the "Prepetition Lender"). On or about July 3, 2014, the Debtor and the Prepetition Lender entered into a Real Estate Balloon Promissory Note (the "Construction Loan Agreement") whereby, *inter alia*, the Prepetition Lender made a loan to the Debtor in the original principal amount of $2,605,250.00. As of the Petition Date, the outstanding principal amount due under the Construction Loan was not less than an amount equal to approximately $2,153,822.00. The indebtedness evidenced by the Construction Loan Agreement is secured by a certain first-priority Construction Deed of Trust, Security Agreement and Financing Statement (as amended, the "Deed of Trust"), executed by the Debtor for the benefit of the

Prepetition Lender.  The Deed of Trust encumbers the real property known as 3 Thornblade Circle, The Woodlands, Texas 77389 (the "Property"). The Prepetition Lender perfected its security interest in the Property by filing a Deed of Trust on July 7, 2014 (County Clerk File No. 20140295338). Pursuant to the terms of the Deed of Trust, any additional lending from the Prepetition Lender to the Debtor is secured by the Deed of Trust.

6. On or about October 21, 2015, the Debtor and the Prepetition Lender entered into certain Business Loan Agreement (the "Business Loan Agreement") whereby, *inter alia*, the Prepetition Lender made a loan to the Debtor in the original principal amount of $500,000.00 (the "Business Loan").  The Business Loan is evidenced by a Promissory Note made by the Debtor and payable to the Prepetition Lender in the original principal amount of $500,000.00.  As of the Petition Date, the outstanding principal amount due under the 2014 Promissory Note was not less than an amount equal to approximately $481,271.54.

7. The Prepetition Lender has made additional loans to the Debtor that are also secured by the Deed of Trust lien.

C. **The Prepetition Marketing Process and the Earnest Money Contract**

8. In an effort to market the house to potential buyers, the Debtor engaged the professional real estate brokerage services of Aaron Harris of RE/MAX Carlton Woods.  On July 11, 2018, the Debtor and Mr. Harris entered into a formal Residential Real Estate Listing Agreement (the "Listing Agreement") in connection with the listing and marketing of the Property. Pursuant to the Listing Agreement, Mr. Harris was appointed as the Debtor's sole and exclusive real estate agent and was granted the exclusive right to sell the Property.  In connection with the marketing efforts under the Listing Agreement, Mr. Harris held numerous open houses to solicit interest in the Property from potential buyers.  Mr. Harris also engaged in marketing efforts on the Debtor's behalf by undertaking at least fourteen individually scheduled showings of the Property to prospective

buyers. Mr. Harris also engaged in online marketing for Property on the Debtor's behalf by publishing on various websites selected information and photographs of the property. In connection with these efforts to market the Property to prospective buyers, the Debtor undertook an analysis of comparable properties in the area to obtain a listing price for the Property. These marketing efforts yield various informal discussions with prospective buyers regarding the sale of the Property.

9.      On July 12, 2018, the Debtor executed a certain Earnest Money Contract with Mark D. Dufresne and Caroline Dufresne (the "Buyers") for the purchase of the Property. The Debtor seeks to have the Bankruptcy Court approve the Earnest Money Contract (defined below) and authorize the Debtor to consummate the sale contemplated therein.

## RELIEF REQUESTED

10.     By this Motion, the Debtor seeks the entry of an order in the form attached hereto (the "Sale Order") granting the Debtor the authority to sell the Property, which is defined and described in further detail in the Earnest Money Contract (the "Earnest Money Contract"), which is attached to this Motion as Exhibit A. The Debtor believes that the procedures proposed herein with respect to the sale of the Property (the "Sale") are the best way to maximize the value of these assets for the Debtor's estate and for its creditors and stakeholders under the circumstances.

11.     The Sale Order provides for the Sale of the Property free and clear of (i) all liens relating to, accruing, or arising any time prior to the closing date, including, without limitation, any such liens that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase, or repurchase right or option, or termination of, the Debtor's or the Buyers' interests in the Property, or any similar rights, (with such liens attaching to the net cash proceeds of the sale of the Property ultimately attributable to the Property against which such liens are asserted with the same validity,

enforceability, priority, and force and effect as they had against the Property or the proceeds as of the Petition Date) and (ii) all debts arising under, relating to, or in connection with any act of the Debtor or claims (as that term is defined in § 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guarantees, options, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise relating to, or accruing or arising any time prior to, the Closing Date (collectively in this clause (ii), the "<u>Claims</u>" and together with the liens, the "<u>Claims and Interests</u>"), with the exception of any Permitted Exceptions, as defined in <u>Exhibit B</u> to the Sale Order, to the Buyers.

## BASIS FOR RELIEF

### A. <u>Sale of the Property is An Exercise of the Debtor's Reasonable Business Judgment</u>

12. Section 363(b)(1) of the Bankruptcy Code provides: "[t]he Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 105(a) of the Bankruptcy Code provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13. Selling the Property to the Buyers is the most efficient way to maximize values for the Debtor's estate. First, selling to the Buyers will allow the Debtor to forego the additional expenses associated with the maintenance of the property. This would allow the Debtor to avoid expenses associated with basic maintenance, grounds keeping and necessary utilities for the Property. Second, the Debtor believes that the Sales Price (as defined in the Earnest Money Contract) is reasonable considering the market conditions. Third, the Debtor has spent a considerable amount of time and resources negotiating the Earnest Money Contract, which is the product of good faith, arm's-length negotiations with respect to the price and other terms of the sale

of the Property between the Debtor and the Buyers.

14. Thus, the Debtor has determined, in the exercise of its sound business judgment, that the sale of the Property to the Buyers is appropriate and in the best interests of its estate and creditors. The sale of the Property to the Buyers will afford the Debtor's estate an opportunity to maximize the recoveries to creditors. Accordingly, the Debtor requests that the Court approve the proposed procedures for sales of the Property to the Buyers.

### B.   The Buyers Should Be Granted the Protections of Section 363(m) of the Bankruptcy Code

15. The Debtor also maintains that the Buyers should be entitled to the protections afforded by Bankruptcy Code § 363(m). Specifically, Bankruptcy Code § 363(m) provides that:

> [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

16. While the Bankruptcy Code does not define "good faith," "[t]he requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986) (citations omitted); *see generally Marin v. Coated Sales, Inc. (In re Coated Sales, Inc.)*, No. 89-3704 (KMW), 1990 WL 212899 (S.D.N.Y. Dec. 13, 1990) (holding that a party, to show lack of good faith, must demonstrate "fraud, collusion, or an attempt to take grossly unfair advantage of other bidders"); *see also In re Pisces Leasing Corp.*, 66 B.R. 671, 673 (E.D.N.Y. 1986) (examining facts of each case, concentrating on "integrity of [an actor's] conduct during the sale proceedings" (quoting

*In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)).

17. The Debtor has spent a considerable amount of time and resources negotiating the Earnest Money Contract at arm's length, with give and take on both sides. Under these circumstances, this Court should find in the order approving the sale of the Property that the Buyers are entitled to all of the protections of Bankruptcy Code Section 363(m).

C. **Sale of the Property Should Be Free and Clear of Claims and Interests**

18. Pursuant to § 363(f) of the Bankruptcy Code, the Debtor seeks authority to sell and transfer the Property to the Buyers free and clear of all Claims and Interests, except for the Permitted Exceptions (as such term is defined in the Sale Order), with such Claims and Interests to attach to the proceeds of the sale of the Property, subject to any rights and defenses of the Debtor and other parties-in-interest with respect thereto. Section 363(f) of the Bankruptcy Code provides that:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). *See also In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988) (holding that because § 363(f) is written in the disjunctive, a court may approve a sale "free and clear" if at least one of the requirements is met).

DEBTOR'S MOTION FOR ORDER AUTHORIZING SALE

PAGE **7** OF **11**

19.     A sale free and clear of all Claims and Interests is necessary to maximize the value of the Property.  A sale subject to Claims and Interests would result in a lower purchase price and be of substantially less benefit to the Debtor's estate.  A sale free and clear of liens is particularly appropriate under the circumstances because any lien in, to, or against the Property that exists immediately prior to the closing of any sale will attach to the net sale proceeds attributable to such Property with the same validity, priority, force and effect as it had at such time, subject to the rights and defenses of the Debtor or any party-in-interest.  The Debtor submits that holders of liens will be adequately protected by the availability of the net cash proceeds of the Sale to satisfy their liens.  Thus, the proposed sale satisfies § 363(f) of the Bankruptcy Code.  Moreover, any holder of a claim or interest that receives notice of the sale and which fails to object to the sale of the Property free and clear of Claims and Interests should be deemed to consent to the sale, thereby complying with § 363(f)(2) of the Bankruptcy Code.

D.     **Notice of the Proposed Sale is Reasonable Under the Circumstances**

20.     A debtor is required to notify its creditors of any proposed sale of its assets, including a disclosure of the terms and conditions of the sale and the deadline for filing any objections.  The Debtor submits that the notice of this Motion fully complies with Bankruptcy Rules 2002 and 6004(a) and includes information necessary to enable interested parties to either submit an alternative proposal for the purchase of the Property or object to the sale of the Property.  The Debtor continues to incur costs associated with preserving the value of the Property until consummation of the sale.  In order to yield the greatest possible return for the benefit of creditors and to minimize potential administrative expenses, the Debtor believes that the proposed sale is not only reasonable, but is warranted and necessary in light of the nature of Debtor's business.

21.     Accordingly, the Debtor submits that the notice to be provided is reasonable and appropriate and will be adequate to ensure that all interested parties have the opportunity to object

to the proposed Sale of the Property.

  E. **Waiver of Automatic Fourteen-Day Stay Under Bankruptcy Rule 6004(h)**

  1. Pursuant to Bankruptcy Rule 6004(h), unless the Court orders otherwise, all orders authorizing the sale of property pursuant to § 363 of the Bankruptcy Code are automatically stayed for fourteen (14) days after entry of the order. The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).

  22. Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, commentators agree that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure. *See generally* 10 Collier on Bankruptcy ¶ 6004.09 (15th ed. 1999). Furthermore, if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal. *Id.*

  23. Because of the potentially diminishing value of the Property, the Debtor must close this sale promptly after all closing conditions have been met or waived. Thus, waiver of any applicable stays is appropriate in this circumstance.

  F. **Distribution of Net Sales Proceeds to the Prepetition Lender**

  24. Pursuant to § 363(e) of the Bankruptcy Code, "on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest." The Debtor submits that the net proceeds from the Sale should be indefeasibly paid to the Prepetition Lender. This condition to the Sale is necessary to provide adequate protection of the Prepetition Lender's interest in the Property as evidenced by its

valid, perfected, enforceable, and unavoidable first-priority Deed of Trust.

25. Because the Prepetition Lender is has an undisputed valid, perfected, enforceable and unavoidable first-priority lien on the Property, the net proceeds from the Sale should be distributed to the Prepetition Lender upon consummation of the Sale. *In re San Jacinto Glass Indus., Inc.*, 93 B.R. 934, 944 (Bankr. S.D. Tex. 1988) (permitting the distribution of pre-confirmation sale proceeds of the debtor's property to a party holding an undisputed secured claim to them). Accordingly, the indefeasible payment to the Prepetition Lender of the net proceeds from the Sale is appropriate.

## **CONCLUSION**

WHEREFORE, the Debtor requests that this Court enter the Order, in substantially the form attached hereto, (a) approving the Sale of the Property free and clear of all liens, encumbrances, claims and other interests; and (b) granting such other and further relief as it deems just and proper.

[Remainder of Page Intentionally Left Blank]

Dated:  September 13, 2018

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
J. Maxwell Beatty
TBA No. 24051740
Thomas H. Moss
TBA No. 24090282
909 Fannin, Suite 3700
Houston, TX 77010
(713) 333-5100
crubio@diamondmccarthy.com
mbeatty@diamondmccarthy.com
tmoss@diamondmccarthy.com

*Proposed Counsel to Debtor
and Debtor-In-Possession*

## CERTIFICATE OF SERVICE

I certify that on September 13, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record and caused a copy to be served via U.S. First Class Mail to each of the individuals on the attached service list.

Dated:  September 13, 2018

*/s/ Lisa M. Ciaccio*
Lisa M. Ciaccio