## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HOUTEX BUILDERS, LLC, *et al.*,**[1] | § | **Case No. 18-34658** |
| | § | **Chapter 11** |
| | § | |
| **DEBTORS.** | § | |

### ORDER APPROVING SALE OF REAL PROPERTY

Upon consideration of the motion (the "Motion")[2] [ECF No. _____] filed by HOUTEX Builders, LLC (the "Debtor") seeking entry of an order authorizing and approving, among other things, the sale of real property (the "Sale") known as 3 Thornblade Circle, The Woodlands, Texas 77389 ("3 Thornblade"), together with (i) improvements, fixtures and all other property owned by the Debtor and located on or in the above described Real Property; and (ii) all rights, privileges and appurtenances thereto, including but not limited to: permits, easements, and cooperative and association memberships, (collectively, the "Property"), free and clear of liens and claims, pursuant to that certain Earnest Money Contract dated July 12, 2018 (the "Earnest Money Contract") attached hereto as Exhibit A, by and between the Debtor and Mark D. Dufresne and Caroline Dufresne (the "Buyers"), and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and after due deliberation thereon, and good and sufficient cause appearing therefor, including for the reasons stated on the record at the hearing seeking approval of the Sale (the "Sale Hearing"):

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HOUTEX Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Earnest Money Contract or the Deed attached hereto as Exhibit B.

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

A.     The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 1334.  Venue of this Chapter 11 Case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.     The statutory and legal predicates for the relief requested in the Motion are §§ 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), and Rules 2002, 6004, 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C.     Good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 6004(a).

D.     The Debtor and the Buyers negotiated, proposed, and entered into the Earnest Money Contract without collusion, in good faith, and from arm's-length bargaining positions.

E.     The Buyers are not "insiders" or "affiliates" of the Debtor as those terms are defined in §§ 101(31) and 101(2) of the Bankruptcy Code.  Neither the Debtor nor the Buyers have engaged in any conduct that would cause or permit the Earnest Money Contract to be avoided under § 363(n) of the Bankruptcy Code.

F.     The Buyers are purchasing the Property in good faith and are good-faith Buyers within the meaning of § 363(m) of the Bankruptcy Code.  The Buyers proceeded in good faith in

---

[3]     Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* Fed. R. Bankr. P. 7052.

connection with all aspects of the Sale.  Accordingly, the Buyers are entitled to all of the protections afforded under § 363(m) of the Bankruptcy Code.

G.      Other parties have had a reasonable opportunity to make a higher or otherwise better offer to purchase the Property.  The Debtor's determination that the Earnest Money Contract constitutes the highest and best offer for the Property constitute a valid and sound exercise of the Debtor's business judgment.

H.      The consideration provided by the Buyers pursuant to the Earnest Money Contract (i) is fair and adequate, (ii) is the highest or otherwise best offer for the Property, (iii) will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and § 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under Law.

I.      The Buyers are not a mere continuation of the Debtor or its estate, and there is no continuity of enterprise between the Buyers and the Debtor.  The Buyers are not holding themselves out to the public as a continuation of the Debtor.  The Buyers are not successors to the Debtor or its estate and the Sale does not amount to a consolidation, merger, or de facto merger of the Buyers and the Debtor.  The Buyers will not have any successor or transferee liability for liabilities of the Debtor or any affiliate of the Debtor (whether under federal or state law or otherwise) as a result of the sale of the Property, except with respect to permitted exceptions (the "Permitted Exceptions") set forth in Exhibit B.

J.      All parties-in-interest have the ability and the opportunity to assert claims against the Debtor.

K.      The consummation of the sale of the Property to the Buyers is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without

limitation, §§ 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable requirements of such sections have been complied with in respect of the Sale.  In particular, the Debtor may sell the Property free and clear of all liens and claims (except for Permitted Exceptions) of any kind or nature whatsoever because, in each case, one or more of the standards set forth in §§ 363(f)(l)-(5) of the Bankruptcy Code have been satisfied.  Any party with an interest in the Property who did not object, or who withdrew its objection, to the Sale or the Motion is deemed to have consented pursuant to § 363(f)(2) of the Bankruptcy Code.  Any party with a lien, claim, or other interest in the Property who did object falls within one or more of the other subsections of § 363(f) of the Bankruptcy Code and is adequately protected by having its lien, claim, or other interest, if any, attach to the net cash proceeds of the Sale ultimately attributable to the Property against or in which such liens or other interests are asserted with the same validity, enforceability, priority, and force and effect as they had against the Property or their proceeds as of the Petition Date.

L.       Spirit of Texas Bank, ssb (the "Prepetition Lender") has a valid, perfected, enforceable and non-avoidable lien and security interest in the Property.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.       The Motion is GRANTED as set forth herein.

2.       All objections to the Motion, as they pertain to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

3.       Pursuant to §§ 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is authorized to sell and transfer all of the Debtor's right, title and interest in and to the Property to the Buyers in accordance with the Earnest Money Contract (including any ancillary documents) on the Closing Date and such sale and transfer shall (a) constitute a legal, valid, binding, and effective transfer of the Property, (b) upon the title company's receipt of the Sales Price at Closing and

distribution of such funds at Closing pursuant to the Sale Order, vest the Buyers with all right, title and interest of the Debtor to the Property, free and clear of all liens, claims, and other interests in and on the Property pursuant to § 363(f) of the Bankruptcy Code (other than the liens created by the Buyers and the Permitted Exceptions), and (c) constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the state in which Seller is incorporated and any other applicable non-bankruptcy laws.

4.      Except as otherwise provided in the Earnest Money Contract, all Persons (including, without limitation, customers, vendors, lessors, warehousemen, mechanics, repairmen, repair facility operators, storage facility operators, bailees, consignees, and other parties in possession of any of the Property at any time) holding liens or claims of any kind or nature whatsoever against the Debtor or the Property shall be and hereby are forever barred, estopped, and permanently enjoined from asserting, prosecuting, commencing, continuing, or otherwise pursuing in any manner any action, claim, or other proceeding of any kind, directly or indirectly, against the Buyers (as they existed immediately prior to the Closing), or the Property, including any action, claim, or other proceeding seeking to prevent or interfere with the consummation of the Sale, with the retrieval by the Buyers or the delivery to the Buyers of possession of the Property, or with any access to or any use, benefit, or enjoyment of the Property by the Buyers, except with respect to the Permitted Exceptions.  All Persons that are in possession of any of the Property on the Closing Date are directed to surrender possession of such Property to the Buyers or their assignee on the Closing Date (or as soon as possible after demand is made by the Buyers following the Closing Date).  Following the Closing Date, no holder of a lien, claim or other interest in or against the Debtor or the Property shall interfere with the Buyers' title to or use and enjoyment of the Property based on or related to such lien, claim, or other interest, except with respect to Permitted Exceptions.

5.      The provisions of this Order are non-severable and mutually dependent.

6.      Except with respect to Permitted Exceptions, the Buyers will not have any successor or transferee liability for liabilities of the Debtor or any Affiliate of the Debtor (whether under law or otherwise) as a result of the sale of the Property.

7.      Except with respect to Permitted Exceptions, all other liens or other interests in or on the Property attach to the net cash proceeds of the Sale ultimately attributable to the Property against or in which such liens or other interests are asserted, subject to the terms of such liens or other interests, with the same validity, enforceability, priority, and force and effect as they had against the Property or their proceeds as of the Petition Date, subject to any rights, claims and defenses the Debtor or any other parties-in-interest may possess with respect thereto.

8.      Except for RE/MAX Carlton Woods, no broker or party has a claim to any commission, broker's fee, finder's fee, or similar fee as a result of having negotiated the Earnest Money Contract for, or on behalf of, the Debtor or the Buyers.

9.      A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority to act to cancel any of the liens and claims of record except the Permitted Exceptions.

10.     The Debtor is hereby authorized to pay from the Sale proceeds the broker's commission owed to RE/MAX Carlton Woods, any prorations required under the Earnest Money Contract, any closing costs required to be paid by the seller under the Earnest Money Contract, and any other reasonable and necessary closing cost (the remaining Sale proceeds after all such payments are referred to herein as the "Net Sale Proceeds").

11.     At the Closing, the title company shall indefeasibly pay the Net Sale Proceeds to the Prepetition Lender.  Such proceeds shall be applied to the Prepetition Lender's claim against the Debtor in an amount equal to the outstanding balance of the principal, interest, and other amounts owed by Debtor to the Prepetition Lender.

12.     The Debtor is hereby authorized to take any and all actions necessary to consummate the transactions contemplated by the Earnest Money Contract (including any ancillary documents) and this Order.

13.     The terms of this Order shall be binding on and inure to the benefit of the Debtor, the Buyers, all creditors and all other parties-in-interest, and any successors of such parties including, but not limited to, any trustee or examiner with expanded powers appointed in this Chapter 11 Case or upon the conversion of this Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code.

14.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this Order shall be immediately effective and enforceable upon its entry and not subject to any stay, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

15.     To the extent that this Order is inconsistent with the Earnest Money Contract or any prior order or pleading with respect to the Motion in this Chapter 11 Case, the terms of this Order shall govern.

16.     All amounts to be paid to Buyers pursuant to the Earnest Money Contract constitute administrative expenses under §§ 503(b) and 507(a)(2) of the Bankruptcy Code, and are immediately payable, if and when the obligations of Seller arise under the Earnest Money Contract, without any further order of the Bankruptcy Court.

17.     The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order, the Earnest Money Contract, all amendments thereto, and any waivers and consents thereunder, and each ancillary document executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Buyers, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining  jurisdiction to (a) compel delivery of the Property to the Buyers, (b) interpret, implement, and enforce the provisions of this Order, and (c) protect the

Buyers against any liens or claim in or against the Debtor or the Property of any kind or nature whatsoever; provided, however, that in the event the Court abstains from exercising or declines to exercise jurisdiction or is without jurisdiction, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

_____

UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT A</u>**

Earnest Money Contract

Note: This notice should be given to a prospective purchaser prior to execution of a binding contract of sale and purchase, should be executed by the seller and purchaser and should be attached as a separate portion of a purchase contract. Please see Note below.

# Notice to a Purchaser of Real Property in a Water District

**NOTICE FOR DISTRICTS LOCATED IN WHOLE OR IN PART IN THE EXTRATERRITORIAL JURISDICTION OF ONE OR MORE HOME-RULE MUNICIPALITIES AND NOT LOCATED WITHIN THE CORPORATE BOUNDARIES OF A MUNICIPALITY**

The real property, described below, that you are about to purchase is located in the **Harris-Montgomery Co Mud 386** District. The district has taxing authority separate from any other taxing authority and may, subject to voter approval, issue an unlimited amount of bonds and levy an unlimited rate of tax in payment of such bonds. As of this date, the rate of taxes levied by the district on real property located in the district is **$0.47** on each $100 of assessed valuation. If the district has not yet levied taxes, the most recent projected rate of tax, as of this date, is **$0.47** on each $100 of assessed valuation. The total amount of bonds, excluding refunding bonds and any bonds or any portion of bonds issued that are payable solely from revenues received or expected to be received under a contract with a governmental entity, approved by the voters and which have been or may, at this date, be issued is **$157,070,000.00**, and the aggregate initial principal amounts of all bonds issued for one or more of the specified facilities of the district and payable in whole or in part from property tax is **$293,500,000.00**.

The district has the authority to adopt and impose a standby fee on property in the district that has water, sanitary sewer, or drainage facilities and services available but not connected and which does not have a house, building, or other improvement located thereon and does not substantially utilize the utility capacity available to the property. The district may exercise the authority without holding an election on the matter. As of this date, the most recent amount of the standby fee is **$n/a**. An unpaid standby fee is a personal obligation of the person that owned the property at the time of imposition and is secured by a lien on the property. Any person may request a certificate from the district stating the amount, if any, of unpaid standby fees on a tract of property in the district.

The district is located in whole or in part in the extraterritorial jurisdiction of the City of **The Woodlands**. By law, a district located in the extraterritorial jurisdiction of a municipality may be annexed without the consent of the district or the voters of the district. When a district is annexed, the district is dissolved.

The purpose of this district is to provide water, sewer, drainage, or flood control facilities and services within the district through the issuance of bonds payable in whole or in part from property taxes. The cost of these utility facilities is not included in the purchase price of your property, and these utility facilities are owned or to be owned by the district. The legal description of the property you are acquiring is as follows:

**LT 1 BLK 2 THE WOODLANDS CARLTON WOODS CREEKSIDE 3 IN THE VILLAGE OF CREEKSIDE PARK**

| | | |
|---|---|---|
| _signature_  7/12/18 | | |
| Signature of Seller | Date | Signature of Seller          Date |
| **Houtex Builders LLC** | | |

PURCHASER IS ADVISED THAT THE INFORMATION SHOWN ON THIS FORM IS SUBJECT TO CHANGE BY THE DISTRICT AT ANY TIME. THE DISTRICT ROUTINELY ESTABLISHES TAX RATES DURING THE MONTHS OF SEPTEMBER THROUGH DECEMBER OF EACH YEAR, EFFECTIVE FOR THE YEAR IN WHICH THE TAX RATES ARE APPROVED BY THE DISTRICT. PURCHASER IS ADVISED TO CONTACT THE DISTRICT TO DETERMINE THE STATUS OF ANY CURRENT OR PROPOSED CHANGES TO THE INFORMATION SHOWN ON THIS FORM.

The undersigned purchaser hereby acknowledges receipt of the foregoing notice at or prior to execution of a binding contract for the purchase of the real property described in such notice or at closing of purchase of the real property.

| | | |
|---|---|---|
| _DocuSigned by:_ Mark D Dufresne | 7/9/2018 | _DocuSigned by:_ Caroline Dufresne          7/9/2018 |
| Signature of Purchaser | Date | Signature of Purchaser          Date |
| **Mark D Dufresne** | | **Caroline Dufresne** |

NOTE: Correct district name, tax rate, bond amounts, and legal description are to be placed in the appropriate space. Except for notices included as an addendum or paragraph of a purchase contract, the notice shall be executed by the seller and purchaser, as indicated. If the district does not propose to provide one or more of the specified facilities and services, the appropriate purpose may be eliminated. If the district has not yet levied taxes, a statement of the district's most recent projected rate of tax is to be placed in the appropriate space. If the district does not have approval from the commission to adopt and impose a standby fee, the second paragraph of the notice may be deleted. For the purposes of the notice form required to be given to the prospective purchaser prior to execution of a binding contract of sale and purchase, a seller and any agent, representative, or person acting on the seller's behalf may modify the notice by substitution of the words "January 1, **2018**  " for the words "this date" and place the correct calendar year in the appropriate space.

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)                    08-18-2014

## ADDENDUM FOR PROPERTY SUBJECT TO
## MANDATORY MEMBERSHIP IN A PROPERTY
## OWNERS ASSOCIATION
### (NOT FOR USE WITH CONDOMINIUMS)
### ADDENDUM TO CONTRACT CONCERNING THE PROPERTY AT

3 Thornblade Circle                              The Woodlands
(Street Address and City)

First Service Residential / 281-681-2000
(Name of Property Owners Association, (Association) and Phone Number)

**A. SUBDIVISION INFORMATION:** "Subdivision Information" means: (i) a current copy of the restrictions applying to the subdivision and bylaws and rules of the Association, and (ii) a resale certificate, all of which are described by Section 207.003 of the Texas Property Code.

(Check only one box):

☐ 1.   Within _____ days after the effective date of the contract, Seller shall obtain, pay for, and deliver the Subdivision Information to the Buyer. If Seller delivers the Subdivision Information, Buyer may terminate the contract within 3 days after Buyer receives the Subdivision Information or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer. If Buyer does not receive the Subdivision Information, Buyer, as Buyer's sole remedy, may terminate the contract at any time prior to closing and the earnest money will be refunded to Buyer.

☐ 2.   Within _____ days after the effective date of the contract, Buyer shall obtain, pay for, and deliver a copy of the Subdivision Information to the Seller. If Buyer obtains the Subdivision Information within the time required, Buyer may terminate the contract within 3 days after Buyer receives the Subdivision Information or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer. If Buyer, due to factors beyond Buyer's control, is not able to obtain the Subdivision Information within the time required, Buyer may, as Buyer's sole remedy, terminate the contract within 3 days after the time required or prior to closing, whichever occurs first, and the earnest money will be refunded to Buyer.

☐ 3.   Buyer has received and approved the Subdivision Information before signing the contract. Buyer ☐ does ☐ does not require an updated resale certificate. If Buyer requires an updated resale certificate, Seller, at Buyer's expense, shall deliver it to Buyer within 10 days after receiving payment for the updated resale certificate from Buyer. Buyer may terminate this contract and the earnest money will be refunded to Buyer if Seller fails to deliver the updated resale certificate within the time required.

☒ 4.   Buyer does not require delivery of the Subdivision Information.
**The title company or its agent is authorized to act on behalf of the parties to obtain the Subdivision Information ONLY upon receipt of the required fee for the Subdivision Information from the party obligated to pay.**

**B. MATERIAL CHANGES.** If Seller becomes aware of any material changes in the Subdivision Information, Seller shall promptly give notice to Buyer. Buyer may terminate the contract prior to closing by giving written notice to Seller if: (i) any of the Subdivision Information provided was not true; or (ii) any material adverse change in the Subdivision Information occurs prior to closing, and the earnest money will be refunded to Buyer.

**C. FEES:** Except as provided by Paragraphs A, D and E, Buyer shall pay any and all Association fees or other charges associated with the transfer of the Property not to exceed $ 970.00 _____ and Seller shall pay any excess.

**D. DEPOSITS FOR RESERVES:** Buyer shall pay any deposits for reserves required at closing by the Association.

**E. AUTHORIZATION:** Seller authorizes the Association to release and provide the Subdivision Information and any updated resale certificate if requested by the Buyer, the Title Company, or any broker to this sale. If Buyer does not require the Subdivision Information or an updated resale certificate, and the Title Company requires information from the Association (such as the status of dues, special assessments, violations of covenants and restrictions, and a waiver of any right of first refusal), ☒ Buyer ☐ Seller shall pay the Title Company the cost of obtaining the information prior to the Title Company ordering the information.

**NOTICE TO BUYER REGARDING REPAIRS BY THE ASSOCIATION:** The Association may have the sole responsibility to make certain repairs to the Property. If you are concerned about the condition of any part of the Property which the Association is required to repair, you should not sign the contract unless you are satisfied that the Association will make the desired repairs.

Mark D Dufresne
Buyer Mark D Dufresne                              Seller Houtex Builders LLC

Caroline Dufresne
Buyer Caroline Dufresne                           Seller

The form of this addendum has been approved by the Texas Real Estate Commission for use only with similarly approved or promulgated forms of contracts. Such approval relates to this contract form only. TREC forms are intended for use only by trained real estate licensees. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, (512) 936-3000 (www.trec.texas.gov ) TREC No. 36-8. This form replaces TREC No. 36-7.

TREC NO. 36-8

DocuSign Envelope ID: F28B5AFB-5B1D-4E93-8D33-U5UFC8DF7215

2-12-18

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)
**ONE TO FOUR FAMILY RESIDENTIAL CONTRACT (RESALE)**

NOTICE: Not For Use For Condominium Transactions

1. **PARTIES:** The parties to this contract are **Houtex Builders LLC**
(Seller) and **Mark D Dufresne , Caroline Dufresne** (Buyer).
Seller agrees to sell and convey to Buyer and Buyer agrees to buy from Seller the Property defined
below.

2. **PROPERTY:** The land, improvements and accessories are collectively referred to as the
"Property".
   A. LAND: Lot **1** Block **2** , **THE WOODLANDS CARLTON WOODS CREEKSIDE 3**
   Addition, City of **The Woodlands** , County of **Harris** ,
   Texas, known as **3 Thornblade Circle** **77389**
   (address/zip code), or as described on attached exhibit.
   B. IMPROVEMENTS: The house, garage and all other fixtures and improvements attached to the
   above-described real property, including without limitation, the following **permanently installed
   and built-in items,** if any: all equipment and appliances, valances, screens, shutters,
   awnings, wall-to-wall carpeting, mirrors, ceiling fans, attic fans, mail boxes, television antennas,
   mounts and brackets for televisions and speakers, heating and air-conditioning units, security and
   fire detection equipment, wiring, plumbing and lighting fixtures, chandeliers, water softener
   system, kitchen equipment, garage door openers, cleaning equipment, shrubbery, landscaping,
   outdoor cooking equipment, and all other property owned by Seller and attached to the above
   described real property.
   C. ACCESSORIES: The following described related accessories, if any: window air conditioning units,
   stove, fireplace screens, curtains and rods, blinds, window shades, draperies and rods, door keys,
   mailbox keys, above ground pool, swimming pool equipment and maintenance accessories,
   artificial fireplace logs, and controls for: (i) garage doors, (ii) entry gates, and (iii) other
   improvements and accessories.
   D. EXCLUSIONS: The following improvements and accessories will be retained by Seller and must
   be removed prior to delivery of possession: **n/a**

   E. RESERVATIONS: Any reservation for oil, gas, or other minerals, water, timber, or other interests is
   made in accordance with an attached addendum.

3. **SALES PRICE:**
   A. Cash portion of Sales Price payable by Buyer at closing ............................................. $ **2,750,000.00**
   B. Sum of all financing described in the attached: ☐ Third Party Financing Addendum,
   ☐ Loan Assumption Addendum, ☐ Seller Financing Addendum ................................ $
   C. Sales Price (Sum of A and B) ............................................................................... $ **2,750,000.00**

4. **LICENSE HOLDER DISCLOSURE:** Texas law requires a real estate license holder who is a
party to a transaction or acting on behalf of a spouse, parent, child, business entity in which the
license holder owns more than 10%, or a trust for which the license holder acts as a trustee or of
which the license holder or the license holder's spouse, parent or child is a beneficiary, to notify the
other party in writing before entering into a contract of sale. Disclose if applicable:

5. **EARNEST MONEY:** Within **3** days after the Effective Date, Buyer must deliver
$ **27,000.00** as earnest money to **Erien Alexander** , as escrow agent, at
**61 Carlton Woods Dr. The Woodlands, TX 77382** (address). Buyer shall deliver additional
earnest money of $ **n/a** to escrow agent within _____ days after the Effective Date of this
contract. If Buyer fails to deliver the earnest money within the time required, Seller may terminate
this contract or exercise Seller's remedies under Paragraph 15, or both, by providing notice to Buyer
before Buyer delivers the earnest money. If the last day to deliver the earnest money falls on a
Saturday, Sunday, or legal holiday, the time to deliver the earnest money is extended until the end of
the next day that is not a Saturday, Sunday, or legal holiday. **Time is of the essence for this
paragraph.**

6. **TITLE POLICY AND SURVEY:**
   A. TITLE POLICY: Seller shall furnish to Buyer at ☒ Seller's ☐ Buyer's expense an owner policy of title
   insurance (Title Policy) issued by **Great American Title** (Title Company) in the
   amount of the Sales Price, dated at or after closing, insuring Buyer against loss under the
   provisions of the Title Policy, subject to the promulgated exclusions (including existing building and
   zoning ordinances) and the following exceptions:
   (1) Restrictive covenants common to the platted subdivision in which the Property is located.
   (2) The standard printed exception for standby fees, taxes and assessments.

TAR 1601    Initialed for identification by Buyer MDD CD and Seller                    TREC NO. 20-14

3 Thornblade Circle

Contract Concerning _____ The Woodlands, TX 77389 _____ Page 3 of 10    2-12-18
(Address of Property)

subject to mandatory membership in a property owners association(s). If the Property is subject to mandatory membership in a property owners association(s), Seller notifies Buyer under §5.012, Texas Property Code, that, as a purchaser of property in the residential community identified in Paragraph 2A in which the Property is located, you are obligated to be a member of the property owners association(s). Restrictive covenants governing the use and occupancy of the Property and all dedicatory instruments have been or will be recorded in the Real Property Records of the county in which the Property is located. Copies of the restrictive covenants and dedicatory instrument may be obtained from the county clerk. **You are obligated to pay assessments to the property owners association(s). The amount of the assessments is subject to change. Your failure to pay the assessments could result in enforcement of the association's lien on and the foreclosure of the Property.**

Section 207.003, Property Code, entitles an owner to receive copies of any document that governs the establishment, maintenance, or operation of a subdivision, including, but not limited to, restrictions, bylaws, rules and regulations, and a resale certificate from a property owners' association. A resale certificate contains information including, but not limited to, statements specifying the amount and frequency of regular assessments and the style and cause number of lawsuits to which the property owners' association is a party, other than lawsuits relating to unpaid ad valorem taxes of an individual member of the association. These documents must be made available to you by the property owners' association or the association's agent on your request.

**If Buyer is concerned about these matters, the TREC promulgated Addendum for Property Subject to Mandatory Membership in a Property Owners Association(s) should be used.**

(3) STATUTORY TAX DISTRICTS: If the Property is situated in a utility or other statutorily created district providing water, sewer, drainage, or flood control facilities and services, Chapter 49, Texas Water Code, requires Seller to deliver and Buyer to sign the statutory notice relating to the tax rate, bonded indebtedness, or standby fee of the district prior to final execution of this contract.

(4) TIDE WATERS: If the Property abuts the tidally influenced waters of the state, §33.135, Texas Natural Resources Code, requires a notice regarding coastal area property to be included in the contract. An addendum containing the notice promulgated by TREC or required by the parties must be used.

(5) ANNEXATION: If the Property is located outside the limits of a municipality, Seller notifies Buyer under §5.011, Texas Property Code, that the Property may now or later be included in the extraterritorial jurisdiction of a municipality and may now or later be subject to annexation by the municipality. Each municipality maintains a map that depicts its boundaries and extraterritorial jurisdiction. To determine if the Property is located within a municipality's extraterritorial jurisdiction or is likely to be located within a municipality's extraterritorial jurisdiction, contact all municipalities located in the general proximity of the Property for further information.

(6) PROPERTY LOCATED IN A CERTIFICATED SERVICE AREA OF A UTILITY SERVICE PROVIDER: Notice required by §13.257, Water Code: The real property, described in Paragraph 2, that you are about to purchase may be located in a certificated water or sewer service area, which is authorized by law to provide water or sewer service to the properties in the certificated area. If your property is located in a certificated area there may be special costs or charges that you will be required to pay before you can receive water or sewer service. There may be a period required to construct lines or other facilities necessary to provide water or sewer service to your property. You are advised to determine if the property is in a certificated area and contact the utility service provider to determine the cost that you will be required to pay and the period, if any, that is required to provide water or sewer service to your property. The undersigned Buyer hereby acknowledges receipt of the foregoing notice at or before the execution of a binding contract for the purchase of the real property described in Paragraph 2 or at closing of purchase of the real property.

(7) PUBLIC IMPROVEMENT DISTRICTS: If the Property is in a public improvement district, §5.014, Property Code, requires Seller to notify Buyer as follows: As a purchaser of this parcel of real property you are obligated to pay an assessment to a municipality or county for an improvement project undertaken by a public improvement district under Chapter 372, Local Government Code. The assessment may be due annually or in periodic installments. More information concerning the amount of the assessment and the due dates of that assessment may be obtained from the municipality or county levying the assessment. The amount of the assessments is subject to change. Your failure to pay the assessments could result in a lien on and the foreclosure of your property.

(8) TRANSFER FEES: If the Property is subject to a private transfer fee obligation, §5.205, Property Code, requires Seller to notify Buyer as follows: The private transfer fee

TAR 1601    Initialed for identification by Buyer ____ ____ and Seller ____    TREC NO. 20-14
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com    3 Thornblade

**3 Thornblade Circle**

Contract Concerning _____**The Woodlands, TX 77389**_____ Page 5 of 10    2-12-18

(Address of Property)

H. RESIDENTIAL SERVICE CONTRACTS: Buyer may purchase a residential service contract from a residential service company licensed by TREC. If Buyer purchases a residential service contract, Seller shall reimburse Buyer at closing for the cost of the residential service contract in an amount not exceeding $ **900.00** , Buyer should review any residential service contract for the scope of coverage, exclusions and limitations. **The purchase of a residential service contract is optional. Similar coverage may be purchased from various companies authorized to do business in Texas.**

8. **BROKERS' FEES:** All obligations of the parties for payment of brokers' fees are contained in separate written agreements.

9. **CLOSING:**

A. The closing of the sale will be on or before _____**September 7**_____ , **2018** , or within 7 days after objections made under Paragraph 6D have been cured or waived, whichever date is later (Closing Date). If either party fails to close the sale by the Closing Date, the non-defaulting party may exercise the remedies contained in Paragraph 15.

B. At closing:

(1) Seller shall execute and deliver a general warranty deed conveying title to the Property to Buyer and showing no additional exceptions to those permitted in Paragraph 6 and furnish tax statements or certificates showing no delinquent taxes on the Property.

(2) Buyer shall pay the Sales Price in good funds acceptable to the escrow agent.

(3) Seller and Buyer shall execute and deliver any notices, statements, certificates, affidavits, releases, loan documents and other documents reasonably required for the closing of the sale and the issuance of the Title Policy.

(4) There will be no liens, assessments, or security interests against the Property which will not be satisfied out of the sales proceeds unless securing the payment of any loans assumed by Buyer and assumed loans will not be in default.

(5) If the Property is subject to a residential lease, Seller shall transfer security deposits (as defined under §92.102, Property Code), if any, to Buyer. In such an event, Buyer shall deliver to the tenant a signed statement acknowledging that the Buyer has acquired the Property and is responsible for the return of the security deposit, and specifying the exact dollar amount of the security deposit.

10. **POSSESSION:**

A. Buyer's Possession: Seller shall deliver to Buyer possession of the Property in its present or required condition, ordinary wear and tear excepted: ☒ upon closing and funding ☐ according to a temporary residential lease form promulgated by TREC or other written lease required by the parties. Any possession by Buyer prior to closing or by Seller after closing which is not authorized by a written lease will establish a tenancy at sufferance relationship between the parties. **Consult your insurance agent prior to change of ownership and possession because insurance coverage may be limited or terminated. The absence of a written lease or appropriate insurance coverage may expose the parties to economic loss.**

B. Leases:

(1) After the Effective Date, Seller may not execute any lease (including but not limited to mineral leases) or convey any interest in the Property without Buyer's written consent.

(2) If the Property is subject to any lease to which Seller is a party, Seller shall deliver to Buyer copies of the lease(s) and any move-in condition form signed by the tenant within 7 days after the Effective Date of the contract.

11. **SPECIAL PROVISIONS:** (Insert only factual statements and business details applicable to the sale. TREC rules prohibit license holder from adding factual statements or business details for which a contract addendum, lease or other form has been promulgated by TREC for mandatory use.)

12. **SETTLEMENT AND OTHER EXPENSES:**

A. The following expenses must be paid at or prior to closing:

(1) Expenses payable by Seller (Seller's Expenses):

(a) Releases of existing liens, including prepayment penalties and recording fees; release of Seller's loan liability; tax statements or certificates; preparation of deed; one-half of escrow fee; and other expenses payable by Seller under this contract.

(b) Seller shall also pay an amount not to exceed $ _____ to be applied in the following order: Buyer's Expenses which Buyer is prohibited from paying by FHA, VA, Texas Veterans Land Board or other governmental loan programs, and then to other Buyer's Expenses as allowed by the lender.

TAR 1601    Initialed for identification by Buyer _____ and Seller _____    TREC NO. 20-14

| Contract Concerning | **3 Thornblade Circle**<br>**The Woodlands, TX  77389**<br>(Address of Property) | Page 7 of 10   2-12-18 |
|---|---|---|

provide a copy of the demand to the other party. If escrow agent does not receive written objection to the demand from the other party within 15 days, escrow agent may disburse the earnest money to the party making demand reduced by the amount of unpaid expenses incurred on behalf of the party receiving the earnest money and escrow agent may pay the same to the creditors. If escrow agent complies with the provisions of this paragraph, each party hereby releases escrow agent from all adverse claims related to the disbursal of the earnest money.

   D. **DAMAGES:** Any party who wrongfully fails or refuses to sign a release acceptable to the escrow agent within 7 days of receipt of the request will be liable to the other party for (i) damages; (ii) the earnest money; (iii) reasonable attorney's fees; and (iv) all costs of suit.

   E. **NOTICES:** Escrow agent's notices will be effective when sent in compliance with Paragraph 21. Notice of objection to the demand will be deemed effective upon receipt by escrow agent.

19. **REPRESENTATIONS:** All covenants, representations and warranties in this contract survive closing. If any representation of Seller in this contract is untrue on the Closing Date, Seller will be in default. Unless expressly prohibited by written agreement, Seller may continue to show the Property and receive, negotiate and accept back up offers.

20. **FEDERAL TAX REQUIREMENTS:** If Seller is a "foreign person," as defined by Internal Revenue Code and its regulations, or if Seller fails to deliver an affidavit or a certificate of non-foreign status to Buyer that Seller is not a "foreign person," then Buyer shall withhold from the sales proceeds an amount sufficient to comply with applicable tax law and deliver the same to the Internal Revenue Service together with appropriate tax forms. Internal Revenue Service regulations require filing written reports if currency in excess of specified amounts is received in the transaction.

21. **NOTICES:** All notices from one party to the other must be in writing and are effective when mailed to, hand-delivered at, or transmitted by fax or electronic transmission as follows:

| **To Buyer**<br>at: _____ | **To Seller**<br>at: _____ |
|---|---|
| _____ | _____ |
| Phone: _____ | Phone: _____ |
| Fax: _____ | Fax: _____ |
| E-mail: <u>markdufresne@sbcglobal.net</u> | E-mail: _____ |

22. **AGREEMENT OF PARTIES:** This contract contains the entire agreement of the parties and cannot be changed except by their written agreement. Addenda which are a part of this contract are (Check all applicable boxes):

[ ] Third Party Financing Addendum

[ ] Seller Financing Addendum

[X] Addendum for Property Subject to Mandatory Membership in a Property Owners Association

[ ] Buyer's Temporary Residential Lease

[ ] Loan Assumption Addendum

[ ] Addendum for Sale of Other Property by Buyer

[ ] Addendum for Reservation of Oil, Gas and Other Minerals

[ ] Addendum for "Back-Up" Contract

[ ] Addendum for Coastal Area Property

[ ] Addendum for Authorizing Hydrostatic Testing

[ ] Addendum Concerning Right to Terminate Due to Lender's Appraisal

[ ] Environmental Assessment, Threatened or Endangered Species and Wetlands Addendum

[ ] Seller's Temporary Residential Lease

[ ] Short Sale Addendum

[ ] Addendum for Property Located Seaward of the Gulf Intracoastal Waterway

[ ] Addendum for Seller's Disclosure of Information on Lead-based Paint and Lead-based Paint Hazards as Required by Federal Law

[ ] Addendum for Property in a Propane Gas System Service Area

[X] Other (list): <u>IABS</u>
                    _____
                    _____
                    _____

DocuSign Envelope ID:

| Contract Concerning | 3 Thornblade Circle<br>The Woodlands, TX 77389<br>(Address of Property) | Page 9 of 10 | 2-12-18 |
|---|---|---|---|

## BROKER INFORMATION
(Print name(s) only. Do not sign)

| | |
|---|---|
| | **RE/MAX Carlton Woods**                       0475259 |
| _____   _____ | Listing Broker Firm                          License No. |
| Other Broker Firm                         License No. | |
| | |
| represents   ☐ Buyer only as Buyer's agent | represents   ☒ Seller and Buyer as an intermediary |
| | |
| ☐ Seller as Listing Broker's subagent | ☐ Seller only as Seller's agent |
| | |
| | **Aaron Harris**                              478817 |
| _____   _____ | Listing Associate's Name                     License No. |
| Associate's Name                          License No. | |
| | **aaronharris@carltonwoodssales.com**   **(281)796-6620** |
| _____   _____ | Listing Associate's Email Address            Phone |
| Associate's Email Address                    Phone | |
| | **Raul Giorgi**                               471852 |
| _____   _____ | Licensed Supervisor of Listing Associate     License No. |
| Licensed Supervisor of Associate          License No. | |
| | |
| | **61 Carlton Woods Dr.**                 **(281)367-7770** |
| _____   _____ | Listing Broker's Office Address              Phone |
| Other Broker's Address                       Phone | |
| | **The Woodlands**              **TX**        **77382** |
| _____   _____ | City                            State          Zip |
| City                 State                Zip | |
| | |
| | _____   _____ |
| | Selling Associate's Name                     License No. |
| | |
| | _____   _____ |
| | Selling Associate's Email Address            Phone |
| | |
| | _____   _____ |
| | Licensed Supervisor of Selling Associate     License No. |
| | |
| | _____   _____ |
| | Selling Associate's Office Address |
| | |
| | _____   _____ |
| | City                            State          Zip |

Listing Broker has agreed to pay Other Broker _____ of the total sales price when the Listing Broker's fee is received. Escrow agent is authorized and directed to pay Other Broker from Listing Broker's fee at closing.

TAR 1601                                                                                    TREC NO. 20-14



TEXAS ASSOCIATION OF REALTORS®
# INTERMEDIARY RELATIONSHIP NOTICE
USE OF THIS FORM BY PERSONS WHO ARE NOT MEMBERS OF THE TEXAS ASSOCIATION OF REALTORS® IS NOT AUTHORIZED.
©Texas Association of REALTORS®, Inc. 2004

| | | |
|---|---|---|
| **To:** | **Houtex Builders LLC** | (Seller or Landlord) |
| | **and** | (Prospect) |
| **From:** | **RE/MAX Carlton Woods Sales** | (Broker's Firm) |
| | **3 Thornblade Circle** | |
| **Re:** | **The Woodlands, TX  77389** | (Property) |
| **Date:** | | |

A.  Under this notice, "owner" means the seller or landlord of the Property and "prospect" means the above-named prospective buyer or tenant for the Property.

B.  Broker's firm represents the owner under a listing agreement and also represents the prospect under a buyer/tenant representation agreement.

C.  In the written listing agreement and the written buyer/tenant representation agreement, both the owner and the prospect previously authorized Broker to act as an intermediary if a prospect who Broker represents desires to buy or lease a property that is listed by the Broker. When the prospect makes an offer to purchase or lease the Property, Broker will act in accordance with the authorizations granted in the listing agreement and in the buyer/tenant representation agreement.

D.  Broker ☒ will ☐ will not appoint licensed associates to communicate with, carry out instructions of, and provide opinions and advice during negotiations to each party. If Broker makes such appointments, Broker appoints:

_____ to the owner; and

_____ to the prospect.

E.  By acknowledging receipt of this notice, the undersigned parties reaffirm their consent for broker to act as an intermediary.

F.  <u>Additional information:</u> *(Disclose material information related to Broker's relationship to the parties, such as personal relationships or prior or contemplated business relationships.)*

The undersigned acknowledge receipt of this notice

| | | | |
|---|---|---|---|
| *(signature)* | **06/27/2018** | *Mark D Dufresne* | 7/9/2018 |
| Seller or Landlord | Date | Prospect | Date |
| **Houtex Builders LLC** | | **Mark D Dufresne** | |
| | | *Caroline Dufresne* | 7/9/2018 |
| Seller or Landlord | Date | Prospect | Date |
| | | **Caroline Dufresne** | |

(TAR-1409) 1-7-04

Page 1 of 1

(This notice is to be furnished to a prospective buyer/tenant at such time as broker begins assisting buyer/tenant to locate a property.)

# BROKER NOTICE TO BUYER/TENANT

As a prospective buyer/tenant, you should know that the listing and cooperating ("selling") brokers and any broker representing you as a buyer's/tenant's broker, possess no special skills, knowledge or expertise concerning the physical or environmental condition of the property or properties introduced to you nor do they represent themselves to be such experts, and, therefore, make no representations, warranties or guaranties regarding the physical or environmental condition of any such property.

## Environmental Hazards/Inspection

As the result of concerns regarding environmental hazards (including, but not limited to, asbestos, lead-based paint, mold, urea formaldehyde insulation, radon gas, PCB transformers, underground storage tanks, electromagnetic fields, hazardous or toxic waste and materials, ammonium compounds, solvents, pesticides, acids, DDT, and any other substance on or about the property or forming a component part of the improvements which has heretofore or may in the future be determined to contain toxic or hazardous materials or undesirable substance injurious to the health of occupants of a property), it is recommended that you retain the services of a qualified expert of your choice to inspect and test for the presence of environmental hazards on or about the property as part of the contract between seller and buyer in a sale transaction or a lease between landlord and tenant, if desired. Buyer/Tenant shall be solely responsible for retaining the services of such expert, if any.

## Physical Condition/Inspection

You are advised that you should thoroughly inspect the property and have the physical condition of the property inspected by persons of your choice who are licensed as inspectors by the Texas Real Estate Commission or otherwise permitted by law to perform inspections and take whatever other action you deem necessary or appropriate as part of the contract between seller and buyer in a sale transaction or a lease between landlord and tenant. If you request broker to furnish a list of inspectors and/or repairmen, broker is not making any representations or warranties as to the capabilities or workmanship of such persons. You are advised to accompany the inspectors during their inspection of the property and to ask any questions you may have regarding the property. You are advised to walk through and visibly inspect the property immediately prior to the closing in a sale transaction or occupancy in a lease transaction. In the event the condition of the property is not then in accordance with the contract/lease, you should immediately inform the below-named Broker.

## MLS/CIE Information

Information contained in the Multiple Listing Service (MLS), or Commercial Information Exchange (CIE) of Houston Realtors Information Service, Inc. ("HRIS"), a subsidiary of Houston Association of REALTORS®, Inc., is furnished by (1) MLS, and CIE participants who acquire the information from sources such as owners of listed properties, appraisers, and builders, and (2) county appraisal districts and tax services. The information is disseminated to MLS and CIE participants for their exclusive use and display to their clients and customers. Certain information in MLS and CIE such as square footage, assessed value, taxes, and year built is obtained from either the county appraisal district, an appraiser or builder. Neither the listing Broker, Broker displaying the information to you, HRIS, MLS, nor CIE represents or verifies the accuracy of the information. You should not rely upon any information contained in MLS and CIE and you should independently verify such information. You are further advised that MLS rules require the listing Broker of a sold/leased property to submit all information the MLS requires for participation, including the sales price/rent of a property purchased/leased by you.

Selling Broker or buyer's/tenant's broker, if any, shall furnish Listing Broker with a signed copy of this notice at the time the contract/lease is submitted.

I certify that I have presented the prospective Buyer/Tenant named herein with a copy of this "Broker Notice to Buyer/Tenant."

I have received, read and understand the information in this "Broker Notice to Buyer/Tenant."

| | |
|---|---|
| **June 26, 2018** | **Mark D Dufresne** |
| Date | Buyer/Tenant Name |
| **Aaron Harris** | *Mark D Dufresne*            7/9/2018 |
| Broker/Sales Agent Name       7/9/2018 | Signature |
| *Aaron Harris* | **Caroline Dufresne** |
| Signature | Buyer/Tenant Name |
| | *Caroline Dufresne*            7/9/2018 |
| | Signature |
| Company | |
| **61 Carlton Woods Dr, The Woodlands, TX  77382-2563** | |
| Address | Address |
| **(281)367-7770** | |
| Phone | Phone |

HAR 410 1/03

DocuSign Envelope ID: 03A63AB7-E43B-4440-B1FC-3E3AF39B03EF

PROMULGATED BY THE TEXAS REAL ESTATE COMMISSION (TREC)        11-2-2015

# AMENDMENT
## TO CONTRACT CONCERNING THE PROPERTY AT

___3 Thornblade Circle___        ___The Woodlands___
(Street Address and City)

Seller and Buyer amend the contract as follows: (check each applicable box)

☐ (1) The Sales Price in Paragraph 3 of the contract is:
    A. Cash portion of Sales Price payable by Buyer at closing ................... $ _____
    B. Sum of financing described in the contract........................................ $ _____
    C. Sales Price (Sum of A and B)............................................................ $ _____

☐ (2) In addition to any repairs and treatments otherwise required by the contract, Seller, at Seller's expense, shall complete the following repairs and treatments:

☒ (3) The date in Paragraph 9 of the contract is changed to _____ __October 9__ , __2018__ .
☐ (4) The amount in Paragraph 12A(1)(b) of the contract is changed to $ _____
☐ (5) The cost of lender required repairs and treatment, as itemized on the attached list, will be paid as follows: $ _____ by Seller; $ _____ by Buyer.
☐ (6) Buyer has paid Seller an additional Option Fee of $ _____ for an extension of the unrestricted right to terminate the contract on or before 5:00 p.m. on _____ , _____ . This additional Option Fee ☐ will ☐ will not be credited to the Sales Price.
☐ (7) Buyer waives the unrestricted right to terminate the contract for which the Option Fee was paid.
☐ (8) The date for Buyer to give written notice to Seller that Buyer cannot obtain Buyer Approval as set forth in the Third Party Financing Addendum is changed to _____ , _____ .
☐ (9) **Other Modifications:** (Insert only factual statements and business details applicable to this sale.)

EXECUTED the __6__ day of __September__ , __2018__ . (BROKER: FILL IN THE DATE OF FINAL ACCEPTANCE.)

DocuSigned by:
_Mark D Dufresne_
Buyer Mark D. Dufresne

Seller Houtex Builders LLC

DocuSigned by:
_Caroline Dufresne_
Buyer Caroline Dufresne

Seller

This form has been approved by the Texas Real Estate Commission for use with similarly approved or promulgated contract forms. Such approval relates to this form only. TREC forms are intended for use only by trained real estate license holders. No representation is made as to the legal validity or adequacy of any provision in any specific transactions. It is not intended for complex transactions. Texas Real Estate Commission, P.O. Box 12188, Austin, TX 78711-2188, 512-936-3000 (http://www.trec.texas.gov ) TREC No. 39-8. This form replaces TREC No. 39-7.

(TAR-1903)        TREC NO. 39-8

RE/MAX The Woodlands, 6620 Woodlands Parkway The Woodlands, TX 77382        Phone: 281.796.6620        Fax: 281.362.2525        3 Thornblade
Aaron Harris
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

## **<u>EXHIBIT B</u>**

Form of Special Warranty Deed

**NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## SPECIAL WARRANTY DEED

| | |
|---|---|
| STATE OF TEXAS | § |
| | §    KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF HARRIS | § |

HOUTEX Builders, LLC ("**Grantor**"), a debtor in the bankruptcy cases jointly administered as *In re HOUTEX Builders, LLC et al.*, pending before the United States Bankruptcy Court for the Southern District of Texas, Case No. 18-34658 (the "**Bankruptcy Case**"), for and in consideration of the sum of $10 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, has GRANTED, BARGAINED, SOLD, and CONVEYED and by these presents does GRANT, BARGAIN, SELL, AND CONVEY unto [●] ("**Grantee**"), that certain property in Harris County, Texas, fully described in <u>Exhibit A</u> hereto, together with all improvements, if any, thereon and all rights appurtenances appertaining thereto (collectively, the "**Property**") pursuant to that certain *Order Approving Sale of Real Property* [ECF No. ●] (the "**Bankruptcy Order**") entered in the cases styled as *In re HOUTEX Builders, L.P. et al.* as Case No. 18-34658 in the U.S. Bankruptcy Court for the Southern District of Texas.

This Special Warranty Deed and the conveyance hereinabove set forth is made and accepted subject to all items on <u>Exhibit B</u> attached hereto, to the extent same are valid and affect the Property (the "**Permitted Exceptions**").

TO HAVE AND TO HOLD the Property, subject to the Permitted Exceptions as aforesaid, unto Grantee, and Grantee's successors and assigns, forever; and Grantor does hereby bind Grantor, and Grantor's successors and assigns, to WARRANT and FOREVER DEFEND, all and singular, the Property, subject to the Permitted Exceptions unto Grantee, and Grantee's successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under Grantor, but not otherwise.

Except as specifically stated herein, Grantor hereby specifically disclaims any warranty, guaranty, or representation, oral or written, past, present or future, of, as, to, or concerning (i) the nature and condition of the Property, including but not by way of limitation, the water, soil, geology and the suitability thereof, and of the Property, for any and all activities and uses which Grantee may elect to conduct thereon or any improvements Grantee may elect to construct thereon, income to be derived therefrom or expenses to be incurred with respect thereto, or any obligations or any other matter or thing relating to or affecting the same; (ii) the manner of construction and condition and state of repair or lack of repair of any improvements located thereon; (iii) except for any warranties contained herein, the nature and extent of any easement, right-of-way, lease, possession, lien, encumbrance, license, reservation, condition or otherwise; and (iv) the compliance of the Property or the operation of the Property with any laws, rules, ordinances, or regulations of any government

or other body.  THE CONVEYANCE OF THE PROPERTY AS PROVIDED FOR HEREIN IS MADE ON AN "AS IS" BASIS, AND GRANTEE ACKNOWLEDGES THAT, IN CONSIDERATION OF THE AGREEMENTS OF GRANTOR HEREIN, EXCEPT AS OTHERWISE SPECIFIED HEREIN, GRANTOR MAKES NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT IN NO WAY LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE OF THE PROPERTY.

Grantee, by its acceptance hereof, does hereby assume and agree to pay any and all outstanding ad valorem taxes pertaining to the Property.

[*signature page follows*]

EXECUTED as of _____ __, 2018.

> HOUTEX BUILDERS, LLC
>
> By: _____
> Name:  Charles C. Foster
> Title:   Manager

STATE OF TEXAS           §
                         §
COUNTY OF _____HARRIS        §

    This instrument was acknowledged before me on this ___ day of _____, 2018, by Charles C. Foster, in his capacity as Manager of HOUTEX Builders, LLC.

        _____
        Notary Public, State of Texas

**Exhibit A**
**Property Description**

Lot one (1), in block two (2), of the Woodlands Carlton Woods Creekside Section 3 in the Village of Creekside Park, a subdivision in Harris County, Texas according to the map or plat thereof recorded under film code no. 560018 of the map records of Harris County, Texas.

**Exhibit B**
**Permitted Exceptions**

1.  Any titles or rights asserted by anyone, including, but not limited to, persons, the public, corporations, governments or other entities,

    a.  to tidelands, or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or

    b.  to lands beyond the line of the harbor or bulkhead lines as established or changed by any government, or

    c.  to filled-in lands, or artificial islands, or

    d.  to statutory water rights, including riparian rights, or

    e.  to the area extending from the line of mean low tide to the line of vegetation, or the rights of access to that area or easement along and across that area.

2.  Standby fees, taxes and assessments by any taxing authority for the year 2018, and subsequent years; and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership, but not those taxes or assessments for prior years because of an exemption granted to a previous owner of the property under Section 11.13, Texas Tax Code, or because of improvements not assessed for a previous tax year.

3.  Any covenants, conditions or restrictions indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status, or national origin are hereby deleted to the extent such covenants, conditions or restrictions violate 42 USC 3604 {c}. Film Code No. 560018 of the Map Records of Harris County, Texas; and under County Clerk's File No. 9348561, of the Official Public Records of Montgomery County, Texas and under County Clerk's File No. V691732, X647128, X647130,X720141, Y569289, Y930223, 20080451072, 20090159877, 20090203838, 20090429702, 20090586422, 20100321658, 20100411385, 20100441570, 20110032485, 20110038109, 20110074242, 20110303502, 20110519289, 20120002501, 20120111826, 20120286735, 20120422512, 20120474207, 20120496671, 20130534655, 20130561719, 20130624333, 20140112884, 20140296904, 20140342113, 20150195065, 20150209434, 20150226444, 20150403838, 2016-99152, 2016-266834, 2016-272154, 2016-418297, 2018-228734, of the Official Public Records of Harris County, Texas.

4.  A 20 foot building setback line along the front property line as set forth on the recorded plat and dedication.

5.  Easement as shown on the recorded plat and dedication:

    Purpose: sanitary sewer
    Location: front

6. Easement as shown on the recorded plat and dedication:

Purpose: Drainage
Location: 15 feet on each side of the center line of all gullies, ravines and other natural drainage courses on the herein described property.

7. Easement:

Recorded: in County Clerk's File No. 9348561, of the Official Public Records of Montgomery County, Texas, as Annexed by instrument filed for record on March 28, 2002, under County Clerk's File No. V691732, of the Official Public Records, Harris County, Texas.
Purpose: utilities
Location: 10 feet I rear and front; and 5 feet/ interior sides

8. Easement: Electric Distribution and Communication Facilities, Natural Gas Facilities, Telephone Communication Facilities and Cable Communication Facilities

Recorded: in County Clerk's File No. Z294015, of the Official Public Records, Harris County, Texas.
Purpose: utilities
Location: 5 feet/ southwesterly side and northeasterly side; and 7 feet northwesterly (rear)

9. Terms, Conditions, and Stipulations in the Agreement by and between:

Parties: CenterPoint Energy Houston Electric, LLC, a Texas Corporation and The Woodlands Land Development Company, LP.
Recorded: July 10, 2006 in County Clerk's File No. Z437895, of the Official Public records, of Harris County, Texas.
Type: Agreement for Underground Electric Service

10. Mineral and/or royalty interest:

Recorded: July 23, 2007 in County Clerk's File No. 20070446842, of the Official Public records, of Harris County, Texas.

11. Mineral and/or royalty interest:

Recorded: November 16, 2007 in County Clerk's File No. 20070684279, of the Official Public records, of Harris County, Texas.

12. Mineral and/or royalty interest:

Recorded: February 20, 2008 in County Clerk's File No. 20080082530, of the Official Public records, of Harris County, Texas.

13. Reservation of all of the subterranean waters in or under the property, including, without limitation, all percolating waters and underground reservoirs, and all rights appurtenant to

the full use and enjoyment thereof, and all rights appurtenant to all underground streams in or under the property that are characterized by definite channel, as set forth per instrument filed for record on February 09, 2006, under County Clerk's File No. Y650837, of the Official Public Records of Montgomery County, Texas.

14. All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges, and immunities relating thereto, appearing in the Public Records.

15. Subject to Initial Land Use Designation executed by The Woodlands Land Development Company, LP., a Texas limited partnership, as set forth per instrument dated June 24, 2004, filed for record on June 25, 2004, under Clerk's File No. X720141 and by instrument dated August 20, 2008, filed for record on August 28, 2008, under County Clerk's File No. 20080451072, of the Official Public Records of Montgomery County, Texas.

16. Subject to Zoning Ordinance, if any, by the City of Spring, Texas

17. Inclusion within Harris County Municipal Utility District No. 386.