**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HOUTEX BUILDERS, LLC,** *et al.,*[1] | § | **Case No. 18-34658** |
| | § | **Chapter 11** |
| | § | |
| **DEBTORS.** | § | |
| | § | |

**DEBTORS' APPLICATION TO EMPLOY DIAMOND McCARTHY LLP**
**AS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE APPLICATION YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 23 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

HOUTEX Builders, LLC, 2203 Looscan Lane, LLC and 415 Shadywood, LLC  (collectively

as debtors and debtors-in-possession, the "Debtors") file this *Application to Employ Diamond McCarthy*

*LLP as Counsel for the Debtors and Debtors-in-Possession* (the "Application"), and the Declaration of

---

[1]     The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HOUTEX Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

Charles M. Rubio ("Rubio Declaration"), attached as Exhibit A hereto in support of the Application, and respectfully states as follows.

## Factual Background

1.      On August 23, 2018 ("Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing these Chapter 11 Cases.

2.      Prior to the Petition Date, the Debtors operated as special purpose entities established for the purpose of constructing new houses.  Debtor Houtex Builders, LLC owns the properties located at 3 Thornblade Circle, The Woodlands, TX 77389 ("Thornblade") and 5325 Lynbrook Dr., Houston, TX 77056 ("Lynbrook").  The houses on Thornblade and Lynbrook are completely built and these properties are currently being marketed for sale through a real estate agent.  Debtor 415 Shadywood, LLC owns the property located at 415 Shadywood Rd., Houston, TX 77057 ("Shadywood").  The construction of the house on Shadywood is incomplete.  Debtor 2203 Looscan Lane, LLC owns the property located at 2203 Looscan Ln., Houston, TX 77019 ("Looscan" and collectively with Lynbrook and Shadywood, the "Properties").  The construction of the house on Looscan is incomplete.  The Properties are the primary assets of the Debtors' estates.

## Jurisdiction and Venue

3.      This Court has jurisdiction over these Chapter 11 Cases pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue of the Debtors Chapter 11 Cases is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief sought are §§ 327(a), 330, and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules for the U.S. Bankruptcy Court for the Southern District of Texas (the "Local Rules").

## Relief Requested

5.      The Debtors request that the Court enter an order substantially in the form of the proposed order attached hereto authorizing the Debtors to retain Diamond McCarthy LLP ("Diamond McCarthy") as general bankruptcy counsel to the Debtors *nunc pro tunc* to the Petition Date pursuant to the terms of the engagement agreement (the "Engagement Agreement") attached hereto as Exhibit B.

## Basis for Relief

6.      Section 327(a) of the Bankruptcy Code authorizes a debtor-in-possession to employ attorneys that do not hold or represent an interest adverse to its estate and that are disinterested persons to assist it with its duties under the Bankruptcy Code.  The Debtors retention of Diamond McCarthy is necessary to enable the Debtors to fulfill their duties under the Bankruptcy Code as a debtor-in-possession and is in the best interests of the Debtors' estates.

**A.  Diamond McCarthy's Qualifications.**

7.      Diamond McCarthy has substantial expertise and experience in all aspects of bankruptcy matters and with respect to legal (both state and federal, including bankruptcy) and business issues.  Diamond McCarthy possesses the experience, ability, and resources necessary to provide the full range of services the Debtors will need during the pendency of these Chapter 11 Cases.

8.      Since its engagement, Diamond McCarthy has been working closely with the Debtors to provide legal advice on various matters involving financial restructuring and insolvency issues, including the preparation of the requisite petitions, pleadings, and related documents for the Debtors' Chapter 11 Cases.  As a result, Diamond McCarthy is well acquainted with the Debtors corporate history, debt structure, and business issues that will be critically important to the Debtors and their estates during these Chapter 11 Cases.

9.      Diamond McCarthy is also familiar with the legal issues that the Debtors must resolve in order to bring these Chapter 11 Cases to a successful conclusion.  For these reasons, the Debtors believe that Diamond McCarthy is uniquely qualified to provide the Debtors with efficient and effective representation in these Chapter 11 Cases.

**B.  Scope of Services**

10.      Diamond McCarthy will render general bankruptcy representation to the Debtors, including but not limited to the following:

      a.      advising the Debtors with respect to their powers and duties as a debtors-in-possession in the continued management and operation of their businesses and properties;

      b.      advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

      c.      attending meetings and negotiating with representatives of creditors and other parties in interest;

      d.      taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any actions commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors is involved, including prosecuting objections to claims filed against the Debtors' estates;

      e.      preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, draft orders, reports, and other documents necessary or otherwise beneficial to the administration of the Debtors' estates;

      f.      representing the Debtors in connection with obtaining authority to use cash collateral;

      g.      appearing before the Bankruptcy Court and appellate courts as appropriate to represent the interests of the Debtors' estates;

      h.      taking any necessary actions on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

      i.      performing all other necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including:  (i) analyzing the Debtors' leases and contracts and the assumption and assignment or

4

rejection thereof; (ii) analyzing the validity of liens asserted against the Debtors and their assets; and (iii) advising the Debtors on other bankruptcy litigation matters.

**C.  Diamond McCarthy's Disinterestedness**

11.     To the best of the Debtors' knowledge, the partners and other attorneys and professionals at Diamond McCarthy do not have any interest adverse to the Debtors or any connections with the Debtors, their creditors, directors, officers, or other significant parties in interest, or their respective attorneys and accountants.

12.     Based upon the Rubio Declaration, the Debtors submit that Diamond McCarthy is a "disinterested person" as that term is defined in §§ 101(14) and 1107(b) of the Bankruptcy Code.

13.     The Debtors have been informed that Diamond McCarthy will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Diamond McCarthy will supplement its disclosure to the Court.  Based on the Rubio Declaration, the Debtors believe that Diamond McCarthy is in compliance with the requirements of §§ 327(a), 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

**D.  Diamond McCarthy's Compensation**

14.     As discussed in the Rubio Declaration, Diamond McCarthy received a prepetition retainer from Charles C. Foster in the amount of $25,000.  Prior to the filing of Chapter 11, Diamond McCarthy drew down and applied the total amount of the retainer to the invoice through August 23, 2018.  Charles Foster paid an additional $37,688.41 for the balance of fees billed by Diamond McCarthy for prepetition services, together with the chapter 11 filing fee of $1,717.00 for each of the three Debtors.

15.     As of the Petition Date, there were no outstanding invoices and the Debtors did not owe Diamond McCarthy any amounts.

16.     The Debtors understand that for services rendered following the Petition Date, Diamond McCarthy intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines (the "Guidelines") established by the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), and orders of this Court in these Chapter 11 Cases (the "Orders"), for all services performed and expenses incurred after the Petition Date.

17.     Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines and Orders, the Debtors propose to pay Diamond McCarthy its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Rubio Declaration.   The Debtors submit that Diamond McCarthy's customary terms of reimbursement, compensation, and hourly rates are reasonable.  Diamond McCarthy will notify the Debtors, and the U.S. Trustee of any change in the hourly rates charged by Diamond McCarthy for services rendered while these Chapter 11 Cases are pending.

18.     Diamond McCarthy intends to seek reimbursement for expenses incurred in connection with its representation of the Debtors in accordance with Diamond McCarthy's normal reimbursement policies and standard terms of retention, subject to any modifications as to such policies and standard terms that Diamond McCarthy may be required to make to comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines or Orders.  Diamond McCarthy's disbursement policies pass through all out-of-pocket expenses at actual cost.  Other reimbursable expenses (whether the service is performed by Diamond McCarthy in-house or through a third-party vendor) include, but are not limited to, facsimiles, toll calls, deliveries, court costs, transcript fees, travel and clerk fees.  As discussed herein, however, Diamond McCarthy will

not seek reimbursement of any expenses to the extent they are inconsistent with the Guidelines, Local Rules or Orders of the Court.

## No Prior Request

19.     No prior motion or application for the relief requested herein has been made to this Court or any other court.

## Nunc Pro Tunc Relief

20.     Pursuant to Local Rule 2014-1(b)(1), "[i]f an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of service, it is deemed contemporaneous." Bankruptcy Rule 9006(a)(1), governs computing time periods under the Bankruptcy Local Rules, and provides that "[w]hen the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

21.     Diamond McCarthy commenced providing services to the Debtors on August 23, 2018, the Petition Date. The thirtieth day after August 23, 2018 was August 22, 2018, which is a Saturday. Thus, this Application is deemed filed contemporaneous with the commencement of the provision of services to the Debtors-In-Possession.

## Conclusion

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form of the proposed order attached hereto and grant any other appropriate relief.

Dated: September 24, 2018

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Proposed Counsel for the Debtors and Debtors in Possession*

- and -

Hou-Tex Builders, LLC, 415 Shadywood, LLC, and 2203 Looscan Lane, LLC

By:      */s/ Charles C. Foster*
         Charles C. Foster, Manager

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by the Court's CM/ECF service to all parties registered to receive electronic notice in this case on the date hereof and a copy has been transmitted to Hector Duran, trial attorney for the U.S. Trustee by email to Hector.Duran.Jr@usdoj.gov.

*/s/ Charles M. Rubio*

Exhibit A

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| HOUTEX BUILDERS, LLC, *et al.*,[1] | § | **Case No. 18-34658** |
| | § | **Chapter 11** |
| | § | |
| DEBTORS. | § | |
| | § | |
| | § | |

## DECLARATION OF CHARLES M. RUBIO IN SUPPORT OF DEBTORS' APPLICATION TO EMPLOY DIAMOND McCARTHY LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION

I, Charles M. Rubio, declare under penalty of perjury as follows:

1.      I am an attorney at law duly admitted and in good standing to practice in Texas and New York and before the United States District Courts for the Southern, Northern, Eastern, and Western Districts of Texas and the Southern and Eastern Districts of New York.  I am a partner in the Houston office of the law firm Diamond McCarthy LLP, located at 909 Fannin, Suite 3700, Houston, Texas 77010.

2.      I make this declaration in support of Debtors' Application to Employ Diamond McCarthy LLP as Counsel for the Debtors and Debtors-in-Possession ("Application")[2].

3.      Except as otherwise noted, all facts set forth in this declaration are based upon my personal knowledge, upon the client and matter records of Diamond McCarthy reviewed by other lawyers and paraprofessionals at Diamond McCarthy under my supervision and direction, or derived from information available to me that I believe to be true and correct.

---

[1]      The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HOUTEX Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

[2]       Capitalized terms used but not defined herein have the meanings assigned to such terms in the Application.

a.      **Retention, Prior Representation, and Scope of Services**

4.      HOUTEX Builders, LLC, 2203 Looscan Lane, LLC and 415 Shadywood, LLC (collectively, the "Debtors") retained Diamond McCarthy to provide legal advice to the Debtors pursuant to that certain Engagement Agreement, dated August 21, 2018.  Pursuant to the Engagement Agreement, Diamond McCarthy provides advice on an hourly basis and charges the Debtors its standard hourly rates.  Diamond McCarthy proposes continuing charging these hourly as general bankruptcy counsel during the Chapter 11 Cases subject to regular increases in the hourly rates as described in the Engagement Letter.  As described below, these rates are reasonable and fall within the range of rates charged by other counsel on similar matters in the Houston market.

5.      Prior to the Debtors' engagement and retention of Diamond McCarthy, Charles C. Foster, engaged Diamond McCarthy to provide restructuring advice with respect to potential personal liabilities and the Debtors.  An engagement agreement between Mr. Foster's and Diamond McCarthy for such services was entered into on June 26, 2018.

6.      Pursuant to the Engagement Agreement between the Debtors and Diamond McCarthy, Mr. Foster acknowledged that Diamond McCarthy cannot represent any party adverse to the Debtors and that Diamond McCarthy cannot represent Mr. Foster as a post-petition lender to the Debtors.  Diamond McCarty advised Mr. Foster to retain his own counsel.

7.      Prior to the chapter 11 filings, Diamond McCarthy received a prepetition retainer from Charles C. Foster in the amount of $25,000.  Prior to the filing of Chapter 11, Diamond McCarthy drew down and applied the total amount of the retainer to the invoice through August 23, 2018.  Charles Foster paid an additional $37,688.41 for the balance of fees billed by Diamond McCarthy for prepetition services, together with the chapter 11 filing fee of $1,717.00 for each of the three Debtors.

8.     As of the Petition Date, Diamond McCarthy was not a creditor of the Debtors. There were no outstanding invoices and the Debtors did not owe Diamond McCarthy any amounts.

9.     On a post-petition basis, Diamond McCarthy will serve as general bankruptcy counsel to the Debtor.  These services include or are expected to continue to include the following:

    a.  advising the Debtors with respect to their powers and duties as a debtor-in-possession in the continued management and operation of its businesses and properties;

    b.  advising and consulting on the conduct of the Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

    c.  attending meetings and negotiating with representatives of creditors and other parties in interest;

    d.  taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any actions commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including prosecuting objections to claims filed against the Debtors' estate;

    e.  preparing pleadings in connection with this Chapter 11 Cases, including motions, applications, answers, draft orders, reports, and other documents necessary or otherwise beneficial to the administration of the Debtors' estate;

    f.  representing the Debtors in connection with obtaining authority to use cash collateral;

    g.  appearing before the Bankruptcy Court and appellate courts as appropriate to represent the interests of the Debtors' estates;

    h.  taking any necessary actions on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

    i.  performing all other necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens asserted against the Debtors and their assets; and (iii) advising the Debtors on other bankruptcy litigation matters.

10.     This foregoing non-exclusive list describes services essential to the Debtors in the Chapter 11 Cases.  These services represent a continuation of the comprehensive legal advice and services provided to the Debtors in the weeks leading up to the Petition Date.

**b.      Qualifications, Proposed Compensation, and Pre-Petition Compensation**

11.     The Diamond McCarthy partners and associates that will make up the team representing the Debtors have long-standing experience serving as bankruptcy counsel in business bankruptcy cases, resolving complex litigation matters involving bankruptcy debtors, corporate reorganization, and debtor/creditor relations, and are well-qualified to represent the Debtors' interests in the Chapter 11 Cases.  Diamond McCarthy's experience and expertise in large and complex business reorganization and insolvency cases will substantially benefit the Debtors' estates because Diamond McCarthy's services will promote the effective and efficient administration of the Debtors' case and will help to maximize the value of the estate.

12.     The Diamond McCarthy team for this engagement will be led by me and will include my partner, J. Maxwell Beatty.

13.     Subject to Court approval, the Debtors' employment of Diamond McCarthy will be governed by the terms of the Application.  Compensation and reimbursement of expenses will be made by the Debtors pursuant to the Application and upon Court approval pursuant to § 330 of the Bankruptcy Code.  The Firm anticipates seeking interim compensation pursuant to § 331 of the Bankruptcy Code and any appropriate order of the Court.

14.     The current standard hourly rates charged by Diamond McCarthy range from $365.00 to $750.00 per hour for partners and counsel, $265.00 to $340.00 per hour for associates, and $145.00 to $260.00 per hour for paralegals and support staff.  The following is a list of the Diamond McCarthy attorneys and paraprofessional who will be providing the primary legal services for the Debtors in connection with this case, as well as their standard hourly rates currently in effect:

|                      |                       |
|----------------------|-----------------------|
| Charles M. Rubio     | $475.00 per hour      |
| J. Maxwell Beatty    | $475.00 per hour      |
| Thomas Moss          | $325.00 per hour      |
| Paralegals           | $145-260.00 per hour  |

15.    I believe these rates are reasonable and consistent with the rates charged by professionals with comparable experience in the Houston, Texas legal market.

16.    The above-outlined hourly rates are subject to periodic review (generally annually) to reflect changes in the economy, experience, and other factors.

17.    Other than the Debtors' agreement to compensate Diamond McCarthy at its regular hourly rates and to reimburse Diamond McCarthy for the reasonable and necessary expenses incurred on behalf of the Debtors, Diamond McCarthy has not received any promises from the Debtors or any other person to compensate or reimburse Diamond McCarthy in connection with the Debtors' cases.

18.    The rate of each professional working on this case will be clearly reflected in Diamond McCarthy's invoices and fee applications.  Diamond McCarthy will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoice and fee applications.

19.    Neither Diamond McCarthy nor any partners of Diamond McCarthy have divided, paid over or shared, or agreed to divide, pay over or share, (a) any compensation it has or they have received or may receive for services rendered or expenses incurred in connection with the Debtors' cases with another party or person (except as among the partners, counsel and associates of Diamond McCarthy), or (b) any compensation another party or person has received or may receive for services rendered or expenses incurred in connection with this case.

**c.    Eligibility and Disinterestedness**

20.    Diamond McCarthy performed the following actions to determine whether the Firm or any of its attorneys has any conflict of interest or connection that would preclude Diamond McCarthy from serving as the Debtors' bankruptcy counsel in these Chapter 11 Cases:

a.  First, Diamond McCarthy did an initial conflict check with Debtors as the prospective client. The conflict search revealed no conflicts or connections with the Debtor.

b.  Second, Diamond McCarthy conducted a conflict check against all the parties in interest set forth on Exhibit 1 to the names that Diamond McCarthy maintains in its client database created from its conflicts clearance records. The conflict check did not reveal any conflicts.

c.  Third, either I or my staff sent multiple emails to all email account holders within Diamond McCarthy requesting a conflict check be performed on the above parties.  Such email also requested whether any user knew of any connection to the adverse parties.

21.     The results of the foregoing conflict check process confirm that neither I, nor Diamond McCarthy, nor any of its members or associates, to the best of my knowledge, have any disqualifying connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.  Diamond McCarthy is not a creditor of the Debtors.

22.     Diamond McCarthy practices law in the insolvency-related arena, and our practice includes insolvency-related litigation.  Consequently, Diamond McCarthy may have "connections" with many of the attorneys and other professionals involved in the Debtors' Chapter 11 Cases. Diamond McCarthy may have referred matters to other professionals involved in the Debtors' cases, and it may have been referred matters by such parties.  Diamond McCarthy may represent or have, from time to time, represented or been adverse to one or more of the professionals involved in the Debtors' Chapter 11 Cases.  Diamond McCarthy has identified several parties in interest in these Chapter 11 Cases that have been creditors in cases in which Diamond McCarthy has represented the Chapter 7 Trustee, Debtor-in-Possession, or Official Committee.

23.     Neither I, nor Diamond McCarthy, nor any of its partners or associates, insofar as I have been able to ascertain, represents any interest adverse to the Debtors in the matters upon which Diamond McCarthy is to be engaged.  To the best of my knowledge, Diamond McCarthy is a

"disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, in that Diamond McCarthy, its partners, counsel, and associates:

      a.     are not creditors, equity security holders or insiders of the Debtors;

      b.     are not and were not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtors; and

      c.     do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

24.    Despite Diamond McCarthy's best efforts to identify and disclose its connections with the adverse parties in the Debtors' Chapter 11 Cases, Diamond McCarthy is unable to state with absolute certainty that every client representation or other connection has been disclosed.  In this regard, if Diamond McCarthy discovers additional information that requires disclosure, Diamond McCarthy will file a supplemental disclosure with the Court.

25.    The proposed retention of Diamond McCarthy is not prohibited by or improper under Bankruptcy Rule 5002.  Diamond McCarthy and the professionals it employs are qualified to represent the Debtors in the matters for which Diamond McCarthy is proposed to be retained.

26.    I believe that Diamond McCarthy is eligible for employment and retention by the Debtors pursuant to the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct and this declaration is executed at Houston, Texas, on September 24, 2018.

By:   */s/ Charles M. Rubio*
                Charles M. Rubio

## EXHIBIT 1

### List of Parties in Interest

**<u>Debtors</u>**

HouTex Builder, LLC
415 Shadywood, LLC
2203 Looscan Lane, LLC

**<u>Creditors</u>**

Aldrete's Masonry LLC
Alpine Cut Stone
BMC
Brothers II Concrete LLC
Chase Drywall
Communitybank of Texas, N.A.
EFH Consulting Engineers, Inc.
Esmeralda Painting, Inc.
Forja Designs, LLC
Gainsborogh Waste
Hmaidan & Hmaidan, LLC
High Performance Home Companies
L. Hernandez Construction, Inc.
Marchal/Stevenson Elevator Co., Inc.
Matt's Seamless Gutter Service
Medina's Plumbing
Kyle L. Dickson
Pedco Roofing, Inc.
Premier Technology Group
Pr-Surv
River Oaks Property Owners, Inc.
Scholl Lumber
SE Construction Inc.
Tax Assessor – Collector
Texas Outhouse
Carlton Woods Creekside Association
Great Southwest Finance Group
Colin Magee
Harris Montgomery Counties MUD
Spirit of Texas Bank
Tanglewood Homes Association
The Woodlands Township
Tomball ISD
Circa Lighting

Elegant Additions
Exterior Creations
Ferguson Enterprises
Grant Stone LLC
Houston Custom Floor
Independent Bank
Noel's Iron Works, LLC
Jim D. Nored
Pensco Trust Company, LLC
South Texas Brick & Stone, LLC
TP Glass
Wishbone Welding, LLC
Harold "Hap" May
Harold May
Pedco Roofing, Inc.
Ted A. Cox

**<u>Other Parties-in-Interest</u>**

Robert Parker
Brad Smith
CD Homes
Bruce J. Ruzinsky
Linebarger Goggan Blair & Sampson, LLC

**<u>U.S. Trustee:</u>**

Henry G. Hobbs

**<u>Employees of the U.S. Trustee's Office</u>**:

Diane Livingstone
Jacqueline Boykin
Hector Duran
Barbara Griffin
Luci Johnson-Davis
Christine March
Linda Motton
Glenn Otto
Patricia Schmidt
Gwen Statham
Stephen Statham
Clarissa Waston

RUBIO DECLARATION

Exhibit B



**DIAMOND McCARTHY** LLP
Attorneys & Counselors

Two Houston Center | 909 Fannin, 15th Floor | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5199

CHARLES M. RUBIO | PARTNER
crubio@diamondmccarthy.com
P. 713.333.5127
F. 713.333.5195

August 21, 2018

415 Shadywood, LLC
c/o Charles Foster
17 Courtlandt Place
Houston, Texas 77006
Email: cfoster@FosterGlobal.com

2203 Looscan Lane, LLC
c/o Charles Foster
17 Courtlandt Place
Houston, Texas 77006
Email: cfoster@FosterGlobal.com

Hou-Tex Builders, LLC
c/o Charles Foster
17 Courtlandt Place
Houston, Texas 77006
Email: cfoster@FosterGlobal.com

> RE:   Diamond McCarthy, LLP Letter of Engagement with 415 Shadywood, LLC; 2203 Looscan Lane, LLC; and Hou-Tex Builders, LLC (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>")

Dear Mr. Foster:

> Thank you for engaging Diamond McCarthy LLP (hereinafter "<u>Diamond McCarthy</u>," "We" "Our" or the "<u>Firm</u>") to represent the Debtors (hereinafter collectively" the "<u>Clients</u>," "<u>You</u>," or "<u>Your</u>"), in connection with their ongoing restructuring efforts and anticipated bankruptcy proceedings. This engagement letter and the attached *Additional Terms of Engagement* (hereinafter the "<u>Letter of Engagement</u>") set forth the terms will govern the relationship between Clients and the Firm.

> <u>Scope of Engagement and Disclaimer</u>.  Diamond McCarthy will serve as general bankruptcy counsel to the Clients.  In this role, the Firm will work with You to develop a restructuring strategy and prepare for an anticipated filing of a voluntary petition under chapter 11 of the United States Bankruptcy Code.  This may include negotiation of a proposed plan of reorganization, debtor-in-possession financing, asset sales and other agreements related to the restructuring process.  We anticipate the Firm will also work with You to prepare filings and "first day" motions for relief as part of the chapter 11 process, including working with You to prepare schedules, statements of financial affairs, and other reports as appropriate in the anticipated bankruptcy case.  The Firm would also provide general bankruptcy representation,

# Diamond McCarthy LLP
August 21, 2018
Page 2

including appearance at hearings, motions practice, claims objections, avoidance actions and other bankruptcy-related matters.

      The Firm understands that Clients may also pursue affirmative recoveries through litigation against parties apart from the restructuring process. The Firm may serve as special litigation counsel in connection with that additional litigation.

      <u>Cooperation</u>. In order to enable us to effectively render the legal services contemplated, you agree to fully and accurately disclose all facts and to keep Diamond McCarthy informed of all developments relating to the matter. We necessarily must rely on the accuracy and completeness of the facts and information You and Your agents provide to us.

      <u>Compensation</u>. We will charge a reasonable fee for the Firm's services based primarily upon the hourly rates we customarily charge for attorneys working on matters of this nature. I will be the lead attorney for this engagement. It is contemplated that the following attorneys and paralegals will be primarily involved in the day-to-day management of the case:

| | |
|---|---|
| Charles Rubio, Bankruptcy Partner | $475.00 per hour |
| Max Beatty, Litigation Partner | $475.00 per hour |
| Kyung Lee, Senior Partner | $850.00 per hour |
| Thomas Moss, Associate | $325.00 per hour |
| Cathy Burrow, Paralegal | $220.00 per hour |
| Lisa Ciaccio, Paralegal | $145.00 per hour |

      Our rates are subject to increase from time to time (usually on an annual basis) to account for skill and experience, inflationary trends and other usual factors. Depending on the needs of the engagement, the Firm may call upon other attorneys and paralegals. In all events, the Firm strives to allocate assignments efficiently to minimize costs to the Client.

      <u>Costs and Expenses</u>. In the course of the representation, it will be necessary for Diamond McCarthy to incur certain costs or expenses. Diamond McCarthy will seek reimbursement of actual and necessary out-of-pocket costs and expenses in accordance with the following guidelines:

1.     *Computer-Related Expense* – Online computerized research and research services will be reimbursed at cost.

2.     *Court Costs* – Clients will reimburse Diamond McCarthy for actual expenses incurred, but will not be responsible for sanctions or penalties imposed by a court due to the conduct of the Firm.

3.     *Photocopying* – Photocopy charges will be reimbursed at a maximum of $.20 per page for normal photocopying. Expedited photocopying or oversized document

**Diamond McCarthy LLP**
August 21, 2018
Page 3

photocopying may be reimbursed at a higher rate and where possible, the Firm will seek prior approval.

4.   *Telephone* – Long distance telephone service will be reimbursed at cost.

5.   *Postage/Courier* – The Firm's expense for postage and necessary courier services will be reimbursed at cost.

6.   *Miscellaneous Expenses* – The cost of office equipment, books, periodicals or other office expenditures will not be reimbursed, unless prior approval is obtained.

7.   *Travel Expenses* – The Firm will be reimbursed for reasonable expenses in connection with out-of-town travel, including coach class airfare, ground transportation and lodging.  The Firm will advance all such travel expenses and submit bills to you for reimbursement.

Prior Engagement.  Mr. Foster entered into an engagement with the Firm on or about July 10, 2018 for advise in connection with the restructuring of the Debtors.  Mr. Foster and his wife Lily Foster own 100% of each of the Debtors.  As of the date of the commencement of the bankruptcy cases for the Debtors, Mr. Foster has settled all of his outstanding obligations to the Firm.  Mr. Foster hereby waives any conflict that the Firm may have with respect to the engagement contemplated herein.  Moreover, Mr. Foster acknowledges that the Firm cannot represent any party that is adverse to the Debtors.  Mr. Foster acknowledges that in his role as a potential post-petition lender to the Debtors, the Firm has advised Mr. Foster that the Firm does not represent him in the capacity as a post-petition lender and has advised him to seek his own counsel.

Invoices.  The Firm will furnish to you on a monthly basis, if not more often, detailed invoices of the services rendered and the amount of fees and out-of-pocket expenses (filing fees, copying costs, travel expenses, court reporters charges, long distance telephone charges, etc.).  These invoices will be provided to you and shall be due upon receipt of such invoices).  Upon commencement of the bankruptcy cases for the Clients, the Firm will need to seek approval of its fees and expenses by the Bankruptcy Court.

Termination.  Our relationship is based on mutual consent, and either you or the Firm may terminate the representation upon ten (10) days written notice for any reason, with or without cause. All legal fees and expenses incurred prior to such termination date will become immediately due and payable.

Work Product.  You will own Diamond McCarthy's entire work product.  Subject to the Firm's obligations in the event of its withdrawal from representation, and further subject to events beyond our control, Diamond McCarthy shall attempt to retain all major and significant components of the files of the Firm relative to its legal representation of you for a reasonable

# Diamond McCarthy LLP

August 21, 2018
Page 4

period following the conclusion of such legal representation. During such time you will have reasonable access to, and the right to copy, such files. Thereafter, custody of such files shall be transferred to you, provided that, if you do not agree to accept custody of the files, Diamond McCarthy shall thereafter have the right to destroy same.

    <u>Withdrawal and Conflict Disclosures</u>. Diamond McCarthy is subject to the rules of professional conduct for the jurisdictions in which we practice, which lists several types of conduct or circumstances that require or allow us to withdraw from representing a client, including for example, non-payment of fees or costs, misrepresentation, failure to disclose material facts, fundamental disagreements and conflicts of interest with another client. We will try to identify in advance and discuss with you any situation that may lead to our withdrawal, and if withdrawal ever becomes necessary, we will give you written notice of our withdrawal. If we elect to withdraw for any reason, you will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to complete our withdrawal, and we will be entitled to be paid for all services rendered and other charges accrued on your behalf to the date of withdrawal.

    During the course of the representation, the Firm will not accept, without your prior written approval, any engagement that the Firm knows is in direct conflict with your interests in the representation, except as otherwise agreed herein. If the Firm discovers and determines that a conflict of interest exists, the Firm will notify you immediately of such conflict, and may withdraw from the representation to the extent that such a withdrawal would be permitted or required by applicable provisions of the Code of Professional Responsibility. The Firm agrees not to accept, without your prior approval, any engagement known by the Firm to be in direct conflict with your interests in the matters covered by the representation. If, in the course of representing multiple clients, the Firm discovers and determines in its sole discretion that a conflict of interest exists, the Firm will notify you of such conflict, and may withdraw from the representation to the extent that such a withdrawal would be permitted or required by applicable provisions of the Code of Professional Responsibility.

    <u>Governing Law</u>. The laws of the State of Texas shall govern the validity, construction and enforcement and interpretation of this Agreement. This Agreement contains the entire agreement between you and the Firm regarding matters described herein, and the fees, charges and expenses to be paid relative thereto, and supersedes all prior oral or written agreements in respect thereof. This Agreement may only be amended in writing by you and the Firm or their respective legal representatives, successors and assigns. This Agreement may be executed in multiple original counterparts, each of which shall be deemed an original, and together shall constitute the same Agreement.

    If the terms of the Firm's engagement as outlined above are understood and satisfactory to you, please evidence the same by signing in the space provided below and returning an executed copy of this Agreement.

**Diamond McCarthy LLP**
August 21, 2018
Page 5

DIAMOND MCCARTHY LLP

Charles M. Rubio

ACCEPTED AND AGREED:

This _____ day of August, 2018.


475 Shadywood, LLC

By: _____
    Charles C. Foster, Manager


2203 Looscan Lane, LLC

By: _____
    Charles C. Foster, Manager


Hou-Tex Builders, LLC

By: _____
    Charles C. Foster, Manager


ACKNOWLEDGED:

I hereby acknowledge and agree to the terms set forth in the section titled "Prior Engagement" in my individual capacity.

By: _____
    Charles C. Foster

### *ADDITIONAL TERMS OF ENGAGEMENT*

These are the *Additional Terms of Engagement* referred to in our engagement letter.  Because they are an integral part of our agreement to provide legal services, we ask that you review this document carefully and retain it for your files.  If you have any questions after reading it, please contact us promptly.

**Who Will Provide the Legal Services?**

In most cases, one attorney will be your principal contact.  From time to time, that attorney may delegate parts of your work to other lawyers or to legal assistants or non-legal professionals in the firm.  We do this in order to involve those with special knowledge or experience in an area and/or to provide service to you in a timely and efficient manner.

**The Scope of the Representation**

As lawyers, we undertake to provide representation and advice on the legal matters for which we are engaged, and it is important that we both have a clear understanding of the legal services that the firm has agreed to provide.  In our engagement letter with you, we specify the matter in which we will provide representation and the scope of the services we will provide.  If there are any questions about the terms of engagement, including the scope of the representation that we are to provide in the matter, please raise those questions promptly with your principal contact at the firm.

We cannot guarantee the outcome of any matter.  Any expression of our professional judgment regarding your matter or the potential outcome is, of course, limited by our knowledge of the facts and based on the law at the time of expression.  It is also subject to any unknown or uncertain factors or conditions beyond our control.

**Who Is Our Client?**

It is our policy to represent only the person or entity identified in our engagement letter and not any affiliates.  For example, unless otherwise specifically stated in our engagement letter, if you are a corporation or partnership, our representation does not include any parents, subsidiaries, employees, officers, directors, shareholders, or partners of the corporation or partnership, or commonly owned corporations or partnerships; if you are a trade association, our representation excludes members of the trade association; if you are an individual, our representation does not include your employer, partners, spouse, siblings, or other family members.

**Your Cooperation**

To enable us to provide effective representation, you agree to: (1) disclose to us, fully and accurately and on a timely basis, all facts and documents that are or might be material or that we may request, (2) keep us apprised on a timely basis of all developments relating to the representation that are or might be material, (3) attend meetings, conferences, and other proceedings when it is reasonable to do so, and (4) otherwise cooperate fully with us.

August 22, 2018
Page 7

## Our Relationships With Others

Our law firm represents various companies and individuals.  In some instances, the applicable rules of professional conduct may limit our ability to represent clients with conflicting or potentially conflicting interests.   Those rules of conduct often allow us to exercise our independent judgment in determining whether our relationship with one client prevents us from representing another.  In other situations, we may be permitted to represent a client only if the other client consents to that representation.

If a controversy unrelated to the subject matter of the representation develops between you and any other client of the firm, we will follow the applicable rules of professional responsibility to determine whether we may represent either you or the other client in the unrelated controversy. In making this determination, we will consider your agreement to the Conflicts of Interest provisions in these *Additional Terms of Engagement.*

We have professional and personal relationships with many other attorneys and law firms, often because of our participation in bar associations and other professional organizations.  We believe that these relationships with other attorneys do not adversely affect our ability to represent any client and, in some circumstances, may enhance our representation.   Your acceptance of our engagement letter means you consent to any such relationships between our firm and other lawyers or law firms, even counsel who is representing a party that is adverse to you in the matter that is the subject of this engagement or in some other matter.

## Conflicts of Interest

We attempt to identify actual and potential conflicts at the outset of any engagement, and may request that you sign a conflict waiver before we accept an engagement from you.  Occasionally, other clients or prospective clients may ask us to seek a conflict waiver from you so that we can accept an engagement on their behalf.  Please do not take such a request to mean that we will represent you less zealously; rather, that we take our professional responsibilities to all clients and prospective clients very seriously.

Unfortunately, conflicts sometimes arise or become apparent after work begins on an engagement.  When that happens, we will do our best to address and resolve the situation in the manner that best serves the interests of all of our affected clients.

We may be asked to represent someone whose interests may be adverse to yours.  We are accepting this engagement on the understanding that our representation of you will not preclude us from accepting any other engagement from any existing or new client provided that (i) such engagement is not substantially related to the subject matter of any services we are providing to you and (ii) in accepting such other engagement we would not impair the confidentiality of proprietary, sensitive or otherwise confidential communications you have made to us.

Rules concerning conflicts of interest vary with the jurisdiction.  In order to avoid any uncertainty, our policy is that the Texas Disciplinary Rules of Professional Conduct will be

August 22, 2018
Page 8

applicable to the representation. Your acceptance of our engagement letter means you agree with that policy, unless the engagement letter specifically states that some other rules of professional responsibility will govern our attorney-client relationship.

**How We Set Our Fees**

The basis for determining our fee for legal services is set forth in the engagement letter itself. If you are unclear about the basis for determining your fee, please contact the attorney responsible for your representation.

Clients frequently ask us to estimate the fees and other charges they are likely to incur in connection with a particular matter. We are pleased to respond to such requests whenever possible with an estimate based on our professional judgment. This estimate always carries the understanding that, unless we agree otherwise in writing, it does not represent a maximum, minimum, or fixed-fee quotation. The ultimate cost frequently is more or less than the amount estimated.

**Charges For Other Expenses And Services**

As an adjunct to providing legal services, we may incur and pay a variety of charges on your behalf or charge for certain ancillary support services. Whenever we incur such charges on your behalf or charge for such ancillary support services, we will bill them to you as part of your monthly invoice. Accordingly, our invoices usually will include amounts, not only for legal services rendered, but also for other expenses and services. Examples include charges for photocopying, postage, facsimiles, long-distance telephone calls, travel and conference expenses, delivery charges, computerized research, and facsimile and other electronic transmissions. Outside expenses will generally be billed at cost, while some in-house expenses (*e.g.*, copying, telecopying, computer services and in-house research) will include a reasonable allocation of overhead. In appropriate cases, reimbursable expenses will also include overtime charges for secretaries and other staff.

You authorize us to retain third-parties, such as consultants, experts and investigators, as may be necessary to the representation. Although we advance third-party disbursements in reasonable amounts, we will ask you to pay directly larger third-party invoices (usually those over $500). Because we often have ongoing professional relationships with the persons who render such services, we ask that you pay such bills promptly and send us notice of your payment.

We generally make and retain copies of all documents generated or received by us in the course of your representation. Should you request documents from us at the conclusion of our representation of you (other than your original documents), you agree that we may generate copies for our files at your expense, including both the reproduction charges and professional fees for time expended in reviewing files to be returned to you.

August 22, 2018
Page 9

**Billing Arrangements and Terms of Payment**

We will bill you on a regular basis, normally each month, for both fees and other charges, if not more often.  Such invoices are payable upon within 30 days of receipt of the invoice.

Should your account become delinquent and satisfactory payment terms are not arranged, as permitted under the rules regulating our profession, we will be required to withdraw from the representation.

If the representation will require a concentrated period of activity, such as a trial, arbitration, or hearing, we reserve the right to require the payment of all amounts then owing to us and the payment to us of a deposit for the fees and expenses we estimate will be incurred in preparing for and completing the trial, arbitration, or hearing, as well as arbitration fees likely to be assessed. If you fail to timely pay any additional deposit requested, we will have the right to cease performing further work and withdraw from the representation.

We look to you, the client, for payment regardless of whether you are insured to cover the particular risk.  From time-to-time, we assist clients in pursuing third-parties for recovery of attorneys' fees and other charges resulting from our services.  These situations include payments under contracts, statutes or insurance policies.  However, it remains your obligation to pay all amounts due to us.

**Termination**

Because our firm has been engaged to provide legal services in connection with the representation in the matter, as specifically defined in our engagement letter, the attorney-client relationship terminates upon our completion of our services related to the representation in the matter. After completion of the representation, however, changes may occur in the applicable laws or regulations that could affect your future rights and liabilities in regard to the matter. Unless we are actually engaged after the completion of the representation to provide additional advice on such issues, the firm has no continuing obligation to give advice with respect to any future legal developments that may relate to the matter.

If you later retain us to perform further or additional services, our attorney-client relationship will be subject to the terms of engagement agreed to at that time.  Any future engagements would not be performed on the basis of a flat fee unless both parties agree otherwise in writing. Normally, we charge by the hour for our services.

We look forward to the opportunity to complete our representation of you in the specified matter. You may, however, terminate our representation at any time, with our without cause, by notifying us in writing.  We will return your papers and other property to you promptly upon receipt of your request for those materials unless they are appropriately subject to a lien.  You agree that we will own and retain our own files pertaining to the matter or case, including, for example, firm administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, and internal lawyer's work product such as drafts, notes, internal

August 22, 2018
Page 10

memoranda, and legal and factual research including investigative reports, prepared by or for the internal use of lawyers.

Your termination of our services will not affect your responsibility for payment of legal services rendered and other charges incurred before termination and in connection with an orderly transition of the matter.

**Document Retention**

At the conclusion of Diamond McCarthy's representation of you in this matter, it is our Firm's policy to return to you any original documents you sent to us. We also will provide you with copies of any other documents you specifically request (such as copies of depositions, court documents, etc.), and you agree to pay for the associated copying costs and any professional time incurred in identifying any such documents you request. You agree that Diamond McCarthy may elect to keep, at its own expense, copies of any documents related to this matter or otherwise returned to you.

At the conclusion of our representation of you in this matter, pursuant to our Firm's policy, we will send parts of our files that we deem appropriate to a storage facility at our expense. Such files will be maintained for seven (7) years, after which time they will be destroyed. If you would prefer that we send such files to you rather than store or destroy them, please notify us in writing within 90 days after the conclusion of our representation of you in this matter. Documents we choose not to store, and documents you have not requested as provided above, will be destroyed.

Digital files maintained electronically are subject to these same retention policies.

**Disclaimer**

By signing the engagement letter or otherwise indicating your acceptance of the engagement letter, you acknowledge that Diamond McCarthy LLP has made no promises or guarantees to you about the outcome of the representation, and nothing in these terms of engagement shall be construed as such a promise or guarantee of any specific result. Either at the commencement or during the course of the representation, we may express opinions or beliefs about the matter or various courses of action and the results that might be anticipated. Any expressions on our part concerning the outcome of the representation, or any other legal matters, are based on our professional judgment and are not guarantees.

**Our Professional Responsibility**

The code of professional responsibility to which we are subject lists several types of conduct or circumstances that require or allow us to withdraw from representing a client. These include, for example, nonpayment of fees or charges, misrepresentation or failure to disclose material facts, action contrary to our advice, and conflict of interest with another client.

August 22, 2018
Page 11

We try to identify in advance and discuss with our client any situation that may lead to our withdrawal.  If withdrawal ever becomes necessary, we give our client written notice as soon as practicable.

Under rules of the Texas Supreme Court and the State Bar of Texas, we advise our client of the contents of the Texas Lawyer's Creed, a copy of which is enclosed.  In addition, we advise clients that the State Bar of Texas investigates and prosecutes complaints of professional misconduct against attorneys licensed in Texas.   A brochure entitled *Attorney Complaint Information* is available at all of our offices and is likewise available upon request.  A client that has any questions about State Bar's disciplinary process should call the Office of the General Counsel of the State Bar of Texas at 1-800-932-1900 toll free.

**Modification Of Our Agreement**

The engagement letter and these *Additional Terms of Engagement* reflect our entire agreement on the terms of this engagement.  These written terms of engagement are not subject to any oral agreements or understandings, and any change in those terms can only be made in writing signed by both Diamond McCarthy LLP and you.

**In Conclusion**

We look forward to a long and mutually satisfying relationship with you.  Again, if at any time you have a question or concern, please feel free to bring it to the attention of your principal contact at our firm.

**THE TEXAS LAWYER'S CREED — A Mandate for Professionalism**

*The Texas Supreme Court and the Texas Court of Criminal Appeals adopted this Creed, with the requirement that lawyers advise their clients of its contents when undertaking representation.*

I am a lawyer; I am entrusted by the People of Texas to preserve and improve our legal system. I am licensed by the Supreme Court of Texas. I must therefore abide by the Texas Disciplinary Rules of Professional Conduct, but I know that Professionalism requires more than merely avoiding the violation of laws and rules. I am committed to this Creed for no other reason that it is right.

**I.      OUR LEGAL SYSTEM.** A lawyer owes to the administration of justice personal dignity, integrity, and independence. A lawyer should always adhere to the highest principles of professionalism. I am passionately proud of my profession. Therefore, "My word is my bond." I am responsible to assure that all persons have access to competent representation regardless of wealth or position in life. I commit myself to an adequate and effective pro bono program. I am obligated to educate my clients, the public, and other lawyers regarding the spirit and letter of this Creed. I will always be conscious of my duty to the judicial system.

**II.     LAWYER TO CLIENT.** A lawyer owes to a client allegiance, learning, skill, and industry. A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims, and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, nor be influenced by mere self-interest. I will advise my client of the contents of this Creed when undertaking representation. I will endeavor to achieve my client's lawful objectives in legal transactions and in litigation as quickly and economically as possible. I will be loyal and committed to my client's lawful objectives, but I will not permit that loyalty and commitment to interfere with my duty to provide objective and independent advice. I will advise my client that civility and courtesy are expected and are not a sign of weakness. I will advise my client of proper and expected behavior. I will treat adverse parties and witnesses with fairness and due consideration. A client has no right to demand that I abuse anyone or indulge in any offensive conduct. I will advise my client that we will not pursue conduct which is intended primarily to harass or drain the financial resources of the opposing party. I will advise my client that we will not pursue tactics which are intended primarily for delay. I will advise my client that we will not pursue any course of action which is without merit. I will advise my client that I reserve the right to determine whether to grant accommodations to opposing counsel in all matters that do not adversely affect my client's lawful objectives. A client has no right to instruct me to refuse reasonable requests made by other counsel. I will advise my client regarding the availability of mediation, arbitration, and other alternative methods of resolving and settling disputes.

**III.    LAWYER TO LAWYER.** A lawyer owes to opposing counsel, in the conduct of legal transactions and the pursuit of litigation, courtesy, candor, cooperation, and scrupulous observance of all agreements and mutual understandings. Ill feelings between clients shall not influence a lawyer's conduct, attitude, or demeanor toward opposing counsel. A lawyer shall not engage in unprofessional conduct in retaliation against other unprofessional conduct. I will be

August 22, 2018
Page 2

courteous, civil, and prompt in oral and written communications. I will not quarrel over matters of form or style, but I will concentrate on matters of substance. I will identify for other counsel or parties all changes I have made in documents submitted for review. I will attempt to prepare documents which correctly reflect the agreement of the parties. I will not include provisions which have not been agreed upon or omit provisions which are necessary to reflect the agreement of the parties. I will notify opposing counsel, and, if appropriate, the Court or other persons, as soon as practicable, when hearings, depositions, meetings, conferences or closings are canceled. I will agree to reasonable requests for extensions of time and for waiver of procedural formalities, provided legitimate objectives of my client will not be adversely affected. I will not serve motions or pleadings in any manner that unfairly limits another party's opportunity to respond. I will attempt to resolve by agreement my objections to matters contained in pleadings and discovery requests and responses. I can disagree without being disagreeable. I recognize that effective representation does not require antagonistic or obnoxious behavior. I will neither encourage nor knowingly permit my client or anyone under my control to do anything which would be unethical or improper if done by me. I will not, without good cause, attribute bad motives or unethical conduct to opposing counsel nor bring the profession into disrepute by unfounded accusations of impropriety. I will avoid disparaging personal remarks or acrimony towards opposing counsel, parties and witnesses. I will not be influenced by any ill feeling between clients. I will abstain from any allusion to personal peculiarities or idiosyncrasies of opposing counsel. I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed. I will promptly submit orders to the Court. I will deliver copies to opposing counsel before or contemporaneously with submission to the court. I will promptly approve the form of orders which accurately reflect the substance of the rulings of the Court. I will not attempt to gain an unfair advantage by sending the Court or its staff correspondence or copies of correspondence. I will not arbitrarily schedule a deposition, Court appearance, or hearing until a good faith effort has been made to schedule it by agreement. I will readily stipulate to undisputed facts in order to avoid needless costs or inconvenience for any party. I will refrain from excessive and abusive discovery. I will comply with all reasonable discovery requests. I will not resist discovery requests which are not objectionable. I will not make objections nor give instructions to a witness for the purpose of delaying or obstructing the discovery process. I will encourage witnesses to respond to all deposition questions which are reasonably understandable. I will neither encourage nor permit my witness to quibble about words where their meaning is reasonably clear. I will not seek Court intervention to obtain discovery which is clearly improper and not discoverable. I will not seek sanctions or disqualification unless it is necessary for protection of my client's lawful objectives or is fully justified by the circumstances.

**IV.    LAWYER AND JUDGE.**  Lawyers and judges owe each other respect, diligence, candor, punctuality, and protection against unjust and improper criticism and attack. Lawyers and judges are equally responsible to protect the dignity and independence of the Court and the profession. I will always recognize that the position of judge is the symbol of both the judicial system and administration of justice. I will refrain from conduct that degrades this symbol. I will conduct myself in court in a professional manner and demonstrate my respect for the Court and the law. I will treat counsel, opposing parties, the Court, and members of the Court staff with courtesy and civility. I will be punctual. I will not engage in any conduct which offends

August 22, 2018
Page 3

the dignity and decorum of proceedings.  I will not knowingly misrepresent, mischaracterize, misquote or miscite facts or authorities to gain an advantage.  I will respect the rulings of the Court.  I will give the issues in controversy deliberate, impartial and studied analysis and consideration.  I will be considerate of the time constraints and pressures imposed upon the Court, Court staff and counsel in efforts to administer justice and resolve disputes.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **HOUTEX BUILDERS, LLC, _et al._,**[1] | § | **Case No. 18-34658** |
| | § | **Chapter 11** |
| | § | |
| **DEBTORS.** | § | |
| | § | |
| | § | |

## ORDER APPROVING EMPLOYMENT OF DIAMOND McCARTHY LLP
## AS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION

Upon the Application (the "Application")[2] filed by HOUTEX Builders, LLC, 2203 Looscan

Lane, LLC and 415 Shadywood, LLC (collectively, the "Debtors") for retention and employment of

Diamond McCarthy LLP ("Diamond McCarthy") as general bankruptcy counsel, pursuant to

§§ 327(a), 330, and 1107(b) of the Bankruptcy Code, as more fully set forth in the Application and

all attachments to the Application; and upon consideration of the Court's finding that (i) the Court

has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant

to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

(iv) the Application and Rubio Declaration are in full compliance with all applicable provisions of

the Bankruptcy Code, Bankruptcy Rules, Local Rules of the Southern District of Texas, and Orders

and procedures of this Court; (v) Diamond McCarthy does not represent an interest adverse to the

Debtors estates with respect to the matters upon which they are to be engaged and are "disinterested

persons" within the meaning of that term under §§ 101(14) and 1107(b) of the Bankruptcy Code;

(vi) Diamond McCarthy is qualified to represent the Debtors estates under § 327 of the Bankruptcy

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HOUTEX Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Application.

Code; (vii) the terms of Diamond McCarthy's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application and the deadline to file any objections to the Application was given, and no other or further notice is necessary; (ix) the legal and factual bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.    In accordance with §§ 327(a), 330 and 1107(b) of the Bankruptcy Code, the Debtors are authorized to employ and retain Diamond McCarthy as of the Petition Date as their general bankruptcy counsel, under the terms and conditions set forth in the engagement agreement attached hereto as Exhibit A.

2.    Diamond McCarthy is authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with this Chapter 11 Case.

3.    Diamond McCarthy shall be compensated for its services and reimbursed for related expenses in accordance with the terms and conditions of the Application and the procedures provided in §§ 330 and 331 of the Bankruptcy Code, and in accordance with applicable Bankruptcy Rules, Local Rules, and any other applicable Orders of this Court.

4.    All compensation for services rendered and reimbursement for expenses incurred during this Chapter 11 Case shall be paid after further application to and order of this Court, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and Orders of this Court in this Chapter 11 Case.

5.    This order shall be immediately effective from the Petition Date and enforceable upon entry.

6.    This order, and all acts taken in furtherance or reliance thereon, shall be effective notwithstanding any objection until further order of this Court.

2

7.      The Debtors and Diamond McCarthy are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

8.      The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated:  September _____, 2018

_____
UNITED STATES BANKRUPTCY JUDGE

Exhibit A

Engagement Agreement

[INSERT]