UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 18-34658 |
| | § | |
| **HOU-TEX BUILDERS, LLC,** *et al.*, [1] | § | Chapter 11 |
| | § | |
| DEBTORS. | § | Jointly Administered |
| | § | |

**NOTICE OF RULE 2004**
**EXAMINATION OF CD HOMES, LLC**

TO:   CD Homes, LLC
Richard L. Fuqua
5005 Riverway
Suite 250
Houston, TX 77056

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004, HOUTEX Builders, LLC; 2203 Looscan, LLC; and 415 Shadywood, LLC (collectively, the "Debtors") file this Notice of Rule 2004 Examination to command the corporate representative of CD Homes, LLC to produce the original or a copy of all Documents listed and defined on **Exhibit 1** to this notice **on or before November 23, 2018** to the offices of **Diamond McCarthy LLP, c/o Charles M. Rubio, 909 Fannin St., Suite 3700, Houston, Texas 77001**.

[Remainder of Page Intentionally Left Blank]

---

[1] The names of the debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Houtex Builders, LLC (2111), 2203 Looscan, LLC (1418) and 415 Shadywood, LLC (7627).

Dated: November 8, 2018                                  Respectfully submitted,

                                                                                  DIAMOND McCARTHY LLP

                                                                                  */s/ Charles M. Rubio*
                                                                                   Charles M. Rubio
                                                                                   TBA No. 24083768
                                                                                   crubio@diamondmccarthy.com
                                                                                   J. Maxwell Beatty
                                                                                   TBA No. 24051740
                                                                                   mbeatty@diamondmccarthy.com
                                                                                  Two Houston Center
                                                                                   909 Fannin, 37th Floor
                                                                                   Houston, TX 77010
                                                                                   Telephone: (713) 333-5100
                                                                                   Facsimile: (713) 333-5199

                                                            *Counsel for the Debtors*

## CERTIFICATE OF CONFERENCE

     This is to certify that, on November 6, 2018, I spoke with Richard L. Fuqua, counsel to CD Homes, LLC, regarding this Rule 2004 Examination Notice. Following the call, I sent Mr. Fuqua a draft of this Rule 2004 Examination Notice and asked if he had any comments. As of the filing, I have not received any response from Mr. Fuqua.

                                                                                  */s/ Charles M. Rubio*
                                                                                  Charles M. Rubio

**EXHIBIT 1**
**SUBPOENA DUCES TECUM**
**INSTRUCTIONS**

1. All Documents described that are in Your possession, custody, or control, including Documents, wherever located, within the possession, custody, or control of Your advisors, Affiliates, agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, subsidiaries, and other persons acting or who have acted on behalf of the foregoing shall be produced as directed herein.

2. Any Document requested herein that is not in Your immediate physical possession, but which You have a right to obtain from a third person or otherwise subject to Your control, shall be obtained and produced as directed.

3. The selection of Documents from files and other sources shall be performed in such a manner as to insure that the file or the source from which a Document is obtained may be identified.

4. Documents attached to other Documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

5. Electronically stored information ("ESI") should be produced in native format unless otherwise agreed between counsel or unless such information could not be retrieved or accessed with the use of commonly used commercial off-the-shelf software, in which event counsel is requested to contact the undersigned to discuss the form of production.

   a. ESI should be produced in single-page, text searchable TIFF. Single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi). Each TIFF image file should be one page and named according to the unique bates number, followed by the extension ". TIF".

   b. ESI should be produced with (a) an ASCII delimited data file (.txt, .dat, or .csv), and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Relativity, Concordance) and shall be in searchable format (i.e., OCR). Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of documents in a production should match the total number of records in the database load file. Each TIFF in a production must be referenced in the corresponding image load file. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production.

   c. A document-level text file should be provided along with the image files. The text of native files should be extracted directly from the native file. However, if

a document has been redacted or does not contain extractable text, OCR of the redacted document will suffice in lieu of extracted text.

    d. To the extent reasonably available, the document load files shall include fields of extracted or generated metadata identifying at least: (1) APPLICATION; (2) BCC; (3) BEGATT; (4) BEGDOC; (5) CC; (6) DATECREATED; (7) CUSTODIAN; (8) ENDATT; (9) ENDDOC; (10) DOCLINK; (11) FILENAME; (12) DOCEXT; (13) FILESIZE; (14) FROM; (15) DATEMOD; (16) MD5_HASH; (17) RECEIVEDATE; (18) RECEIVETIME; (19) RECIPIENTS; (20) SENTDATE; (21) SENTTIME; and (22) SUBJECT. If Respondent or its vendor does not understand these terms (though they are commonly used) they should contact the undersigned counsel immediately.

    e. When producing, the production volumes should contain three directories: IMG, TEXT and NATIVE, with numbered subdirectories (001, 002, etc.) containing no more than 10,000 files in any one directory.

    f. If a producing party chooses to produce hard copy documents as scanned TIFFs, documents should be provided with (a) an ASCII delimited data file (.txt, .dat, or .csv ), (b) an image load file that can be loaded into commercially acceptable production software (e.g., Relativity, Concordance), and (c) a document-level text file for each document image. Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production.

6. All Documents produced in response to this request shall be produced en toto notwithstanding the fact that portions thereof may contain information not requested, and shall include interim and drafts as well as final editions of the Document, and shall include all additions or copies of a Document which are not identical to (whether due to handwritten notation, or revisions, or otherwise) the original or other produced copy of the Document.

7. If any Documents requested herein are withheld from production on the alleged grounds of privilege or immunity (whether under common law, statute, or otherwise), each such Document is to be identified by stating: (a) the identity of each person who prepared and/or signed the Document; (b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the Document; (d) the date of the Document; (e) the subject matter of the Document; (f) the type of Document; and (g) the basis for withholding the Document.

8. If any Document requested herein contains both privileged and non-privileged material, the non- privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Documents.

9. In the event that any Document requested herein has been destroyed or discarded, that Document is to be identified by stating: (a) any address or any addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the Document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and carried out such destruction or discard; and (g) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

10. Any copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document, whether by reason of handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such a Document is within Your possession, custody, or control. A request for any Document shall be deemed to include a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or Document comparisons, in addition to the Document itself. Each Document is to be produced in its entirety, without abbreviation or expurgation.

## DEFINITIONS

1. "The term "Affiliate" has the meaning ascribed to such term in section 101(2) of the Bankruptcy Code.

2. The terms "all," "each" and "any" shall be construed to mean all, each, every, and any.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The term "Bankruptcy Case" means the voluntary chapter 11 cases of the Debtors, In re HouTex Builders, LLC, *et al.*, Case No. 18-34658 (jointly administered), pending before the Court.

5. The term "Court" means the United States Bankruptcy Court for the Southern District of Texas.

6. The term "Debtors" means In re HouTex Builders, LLC, 415 Shadywood LLC, 2203 Looscan Lane, LLC, and any advisors, Affiliates, agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, and other Persons acting, or who have acted, on behalf of the foregoing.

7. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

8. The term "including" means including but not limited to.

9. The term "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

10. The terms "regarding", "related to", "relate to", "relating to", "referred to", "refer to", and "referring to" mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

11. The term "You" or "Your" means CD Homes, LLC and any of their Affiliates agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, and other Persons acting, or who have acted, on behalf of the foregoing.

## DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED

1. Your general ledger, or similar accounting records, from the time period commencing September 25, 2012 through the Petition Date; and

2. Bank account statements that include any transactions related to the Debtors commencing September 2012 through the Petition Date.

3. Any documents related to Your receipt or use of the $540,000.00 transferred to you by Houtex Builders LLC on or about June 3, 2014 via check no. 101.

4. Any documents related to Your receipt or use of the $200,000 transferred to You by Houtex Builders LLC on or about June 11, 2014 via check no. 102.

5. Any documents related to Your receipt or use of the $300,000 transferred to You by Houtex Builders LLC on or about June 30, 2014 via check no. 103.

6. Any documents related to the transfer or use of the $310,000.00 transferred from Houtex Builders LLC's bank account with Spirit of Texas bank on or about October 24, 2014.

7. Any documents related to Your receipt or use of the $90,000 transferred to You by Houtex Builders LLC on or about October 29, 2014 via check no. 1007.

8. Any documents related to the Promissory Note dated May 30, 2014 in the principal amount of $1,600,000 executed by Jim D. Nored in favor of Houtex Builder LLC.

9. All agreements, contracts, payments, invoices, purchase orders, accounting records, and similar documents with Hampton Lane Builders, LLC that relate to the Debtors.

10. Any agreements, contracts, or other similar documents related to services that Robert Parker provides to You.

11. Accounting records, check copies, and bank statements evidencing any payments You have made to Robert Parker since September 2012 through the Petition Date.

12. Your operating agreement, governance documents, and all other documents which establish Your current ownership structure.

13. All budgets or similar documents related to any projects for the Debtors.

14. Any of Your accounting records, general ledgers, sub-ledgers, or similar documents that indicate payments and receipts relating to the Debtors.

15. Any accounting records reflecting distributions made to Your members from September 2012 to the present.