UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| HOUTEX BUILDERS, LLC, *et al.*,[1] | § § | Case No. 18-34658 |
| | § § | Chapter 11 |
| DEBTORS. | § § | |

**ORDER APPROVING SALE OF REAL PROPERTY**

Upon consideration of the motion (the "Motion")[2] [ECF No. ___] filed by HOUTEX Builders, LLC (the "Debtor") seeking entry of an order authorizing and approving, among other things, the sale of real property (the "Sale") known as 3 Thornblade Circle, The Woodlands, Texas 77389 together with (i) improvements, fixtures and all other property owned by the Debtor and located on or in the property; and (ii) all rights, privileges and appurtenances thereto, including but not limited to: permits, easements, and cooperative and association memberships, (collectively, the "Property"), free and clear of liens and claims, pursuant to that certain New Home Contract dated November 2, 2018 (the "New Home Contract") attached hereto as **Exhibit A**, by and between the Debtor and Boris Alain Otto (the "Buyer"), and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and after due deliberation thereon, and good and sufficient cause appearing therefor, including for the reasons stated on the record at the hearing seeking approval of the Sale (the "Sale Hearing"):

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HOUTEX Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the form of special warranty deed attached hereto as **Exhibit B**.

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

    A.    The Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 1334.  Venue of this chapter 11 bankruptcy case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    B.    The statutory and legal predicates for the relief requested in the Motion are §§ 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "<u>Bankruptcy Code</u>") and Rules 2002, 6004, 9006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

    C.    Good and sufficient notice of the relief granted by this Order has been given and no further notice is required.  A reasonable opportunity to object or be heard regarding the relief granted by this Order has been afforded to those parties entitled to notice pursuant to Bankruptcy Rule 6004(a).

    D.    The Debtor and the Buyer negotiated the New Home Contract without collusion, in good faith, and from arm's-length bargaining positions.

    E.    The Buyer is not an "insider" or "affiliate" of the Debtor as those terms are defined in §§ 101(31) and 101(2) of the Bankruptcy Code.  Neither the Debtor nor the Buyer have engaged in any conduct that would cause or permit the New Home Contract to be avoided under § 363(n) of the Bankruptcy Code.

    F.    The Buyer is purchasing the Property in good faith and is a good-faith Buyer within the meaning of § 363(m) of the Bankruptcy Code.  The Buyer proceeded in good faith in connection

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law.  *See* Fed. R. Bankr. P. 7052.

2

with all aspects of the Sale.  Accordingly, the Buyer is entitled to all of the protections afforded under § 363(m) of the Bankruptcy Code.

G. Other parties have had a reasonable opportunity to make a higher or otherwise better offer to purchase the Property.  The Debtor's determination that the New Home Contract constitutes the highest and best offer for the Property constitutes a valid and sound exercise of the Debtor's business judgment.

H. The consideration provided by the Buyer pursuant to the New Home Contract (i) is fair and adequate, (ii) is the highest or otherwise best offer for the Property, (iii) will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative, and (iv) constitutes reasonably equivalent value and fair consideration (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act, and § 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under applicable law.

I. The Buyer is not a mere continuation of the Debtor or its estate, and there is no continuity of enterprise between the Buyer and the Debtor.  The Buyer is not holding himself out to the public as a continuation of the Debtor.  The Buyer is not a successor to the Debtor or its estate and the Sale does not amount to a consolidation, merger, or de facto merger of the Buyer and the Debtor.  The Buyer will not have any successor or transferee liability for liabilities of the Debtor or any affiliate of the Debtor (whether under federal or state law or otherwise) as a result of the sale of the Property.

J. All parties-in-interest have the ability and the opportunity to assert claims against the Debtor.

K. The consummation of the sale of the Property to the Buyer is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, §§ 105(a), 363(b), 363(f), and 363(m) of the Bankruptcy Code, and all of the applicable

requirements of such sections have been complied with in respect of the Sale. In particular, the Debtor may sell the Property free and clear of all liens and claims of any kind or nature whatsoever because, in each case, one or more of the standards set forth in §§ 363(f)(l)-(5) of the Bankruptcy Code have been satisfied. Any party with an interest in the Property who did not object, or who withdrew its objection, to the Sale or the Motion is deemed to have consented pursuant to § 363(f)(2) of the Bankruptcy Code. Any party with a lien, claim, or other interest in the Property who did object falls within one or more of the other subsections of § 363(f) of the Bankruptcy Code and is adequately protected by having its lien, claim, or other interest, if any, attach to the net cash proceeds of the Sale ultimately attributable to the Property against or in which such liens or other interests are asserted with the same validity, enforceability, priority, and force and effect as they had against the Property or their proceeds as of the Petition Date.

  L. Spirit of Texas Bank (the "SOTB") has a valid, perfected, enforceable and non-avoidable first lien and security interest in the Property for the amounts owed under that certain Real Estate Secured Balloon Promissory Note, dated January 3, 2016 in the original principal amount of $2,605,250.00 (the "First Lien Note").

  M. SOTB and Great Southwestern Financial Group each claim to have a valid, perfected, enforceable and non-avoidable second lien and security interest in the Property.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

  1. The Motion is GRANTED as set forth herein.

  2. All objections to the Motion, as they pertain to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

  3. Pursuant to §§ 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is authorized to sell and transfer all of the Debtor's right, title and interest in and to the Property to the Buyer in accordance with the New Home Contract (including any ancillary documents) on the

Closing Date and such sale and transfer shall (a) constitute a legal, valid, binding, and effective transfer of the Property, (b) upon the title company's receipt of the Sales Price at Closing and distribution of such funds at Closing pursuant to the Sale Order, vest the Buyer with all right, title and interest of the Debtor to the Property, free and clear of all liens, claims, and other interests in and on the Property pursuant to § 363(f) of the Bankruptcy Code (other than the liens created by the Buyer), and (c) constitute transfers for reasonably equivalent value and fair consideration under the Bankruptcy Code and the laws of the state in which the Debtor is incorporated and any other applicable non-bankruptcy laws.

      4.      Except as otherwise provided in the New Home Contract, all persons (including, without limitation, customers, vendors, lessors, warehousemen, mechanics, repairmen, repair facility operators, storage facility operators, bailees, consignees, and other parties in possession of any of the Property at any time) holding liens or claims of any kind or nature whatsoever against the Debtor or the Property shall be and hereby are forever barred, estopped, and permanently enjoined from asserting, prosecuting, commencing, continuing, or otherwise pursuing in any manner any action, claim, or other proceeding of any kind, directly or indirectly, against the Buyer (as they existed immediately prior to the Closing), or the Property, including any action, claim, or other proceeding seeking to prevent or interfere with the consummation of the Sale, with the retrieval by the Buyer or the delivery to the Buyer of possession of the Property, or with any access to or any use, benefit, or enjoyment of the Property by the Buyer.  All Persons that are in possession of any of the Property on the Closing Date are directed to surrender possession of such Property to the Buyer or his assignee on the Closing Date (or as soon as possible after demand is made by the Buyer following the Closing Date).  Following the Closing Date, no holder of a lien, claim or other interest in or against the Debtor or the Property shall interfere with the Buyer's title to or use and enjoyment of the Property based on or related to such lien, claim, or other interest.

5. The provisions of this Order are non-severable and mutually dependent.

6. The Buyer will not have any successor or transferee liability for liabilities of the Debtor or any Affiliate of the Debtor (whether under law or otherwise) as a result of the sale of the Property.

7. All other liens or other interests in or on the Property attach to the net cash proceeds of the Sale ultimately attributable to the Property against or in which such liens or other interests are asserted, subject to the terms of such liens or other interests, with the same validity, enforceability, priority, and force and effect as they had against the Property or its proceeds as of the Petition Date, subject to any rights, claims and defenses the Debtor or any other parties-in-interest may possess with respect thereto.

8. Except for RE/MAX Carlton Woods, no broker or party has a claim to any commission, broker's fee, finder's fee, or similar fee as a result of having negotiated the New Home Contract for, or on behalf of, the Debtor or the Buyer.

9. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority to act to cancel any of the liens and claims of record except the Permitted Exceptions.

10. The Debtor is hereby authorized to pay from the Sale proceeds the broker's commission owed to RE/MAX Carlton Woods, any prorations required under the New Home Contract, any specific repairs required under the New Home Contract, any closing costs required to be paid by the Debtor under the New Home Contract, and any other reasonable and necessary closing cost (the remaining Sale proceeds after all such payments are referred to herein as the "Net Sale Proceeds").

11. At the Closing, the title company shall indefeasibly pay the total amount due to SOTB on account of its First Lien Note. Such proceeds shall be applied to SOTB's claim against

the Debtor in an amount equal to the outstanding balance of the principal, interest, and other amounts owed by Debtor to SOBT on account of the First Lien Note.

12. Any remaining Net Sale Proceeds after satisfaction of the First Lien Note shall remain in the Debtor's post-petition bank account until a determination is made as to the priority and validity of the remaining liens asserted against the Property. Such liens, claims, or other interests, if any, attach to such net cash proceeds attributable to the Property against or in which such liens or other interests are asserted with the same validity, enforceability, priority, and force and effect as they had against the Property or their proceeds as of the Petition Date.

13. The Debtor is hereby authorized to take any and all actions necessary to consummate the transactions contemplated by the New Home Contract (including any ancillary documents) and this Order.

14. The terms of this Order shall be binding on and inure to the benefit of the Debtor, the Buyer, all creditors and all other parties-in-interest, and any successors of such parties including, but not limited to, any trustee or examiner with expanded powers appointed in this Chapter 11 Case or upon the conversion of this Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code.

15. Notwithstanding any provision in the Bankruptcy Rules to the contrary, the terms of this order shall be immediately effective and enforceable upon its entry and not subject to any stay, notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or otherwise.

16. To the extent that this order is inconsistent with the New Home Contract or any prior order or pleading with respect to the Motion in this Chapter 11 Case, the terms of this order shall govern.

17. All amounts to be paid to Buyer pursuant to the New Home Contract constitute administrative expenses under §§ 503(b) and 507(a)(2) of the Bankruptcy Code, and are immediately

payable, if and when the obligations of the Debtor arise under the New Home Contract, without any further order of the Bankruptcy Court.

18. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this order, the New Home Contract, all amendments thereto, and any waivers and consents thereunder, and each ancillary document executed in connection therewith to which the Debtor is a party or which has been assigned by the Debtor to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Property to the Buyer, (b) interpret, implement, and enforce the provisions of this order, and (c) protect the Buyer against any liens or claim in or against the Debtor or the Property of any kind or nature whatsoever; <u>provided</u>, <u>however</u>, that in the event the Court abstains from exercising or declines to exercise jurisdiction or is without jurisdiction, such abstention, refusal or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

SIGNED this ___ day of _____, 2018.

                                                         UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A**

New Home Contract

[INSERT]

## **EXHIBIT B**

Form of Special Warranty Deed

**NOTICE OF CONFIDENTIALITY RIGHTS:  IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## SPECIAL WARRANTY DEED

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF HARRIS | § | |

  HOUTEX Builders, LLC ("**Grantor**"), a debtor in the bankruptcy cases jointly administered as *In re HOUTEX Builders, LLC et al.*, pending before the United States Bankruptcy Court for the Southern District of Texas, Case No. 18-34658 (the "**Bankruptcy Case**"), for and in consideration of the sum of $10 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, has GRANTED, BARGAINED, SOLD, and CONVEYED and by these presents does GRANT, BARGAIN, SELL, AND CONVEY unto [●] ("**Grantee**"), that certain property in Harris County, Texas, fully described in Exhibit A hereto, together with all improvements, if any, thereon and all rights appurtenances appertaining thereto (collectively, the "**Property**") pursuant to that certain *Order Approving Sale of Real Property* [ECF No. ●] (the "**Bankruptcy Order**") entered in the cases styled as *In re HOUTEX Builders, L.P. et al.* as Case No. 18-34658 in the U.S. Bankruptcy Court for the Southern District of Texas.

  This Special Warranty Deed and the conveyance hereinabove set forth is made and accepted subject to all items on Exhibit B attached hereto, to the extent same are valid and affect the Property (the "**Permitted Exceptions**").

  TO HAVE AND TO HOLD the Property, subject to the Permitted Exceptions as aforesaid, unto Grantee, and Grantee's successors and assigns, forever; and Grantor does hereby bind Grantor, and Grantor's successors and assigns, to WARRANT and FOREVER DEFEND, all and singular, the Property, subject to the Permitted Exceptions unto Grantee, and Grantee's successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under Grantor, but not otherwise.

  Except as specifically stated herein, Grantor hereby specifically disclaims any warranty, guaranty, or representation, oral or written, past, present or future, of, as, to, or concerning (i) the nature and condition of the Property, including but not by way of limitation, the water, soil, geology and the suitability thereof, and of the Property, for any and all activities and uses which Grantee may elect to conduct thereon or any improvements Grantee may elect to construct thereon, income to be derived therefrom or expenses to be incurred with respect thereto, or any obligations or any other matter or thing relating to or affecting the same; (ii) the manner of construction and condition and state of repair or lack of repair of any improvements located thereon; (iii) except for any warranties contained herein, the nature and extent of any easement, right-of-way, lease, possession, lien, encumbrance, license, reservation, condition or otherwise; and (iv) the compliance of the Property or the operation of the Property with any laws, rules, ordinances, or regulations of any government

or other body.  THE CONVEYANCE OF THE PROPERTY AS PROVIDED FOR HEREIN IS MADE ON AN "AS IS" BASIS, AND GRANTEE ACKNOWLEDGES THAT, IN CONSIDERATION OF THE AGREEMENTS OF GRANTOR HEREIN, EXCEPT AS OTHERWISE SPECIFIED HEREIN, GRANTOR MAKES NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, OR ARISING BY OPERATION OF LAW, INCLUDING, BUT IN NO WAY LIMITED TO, ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE OF THE PROPERTY.

Grantee, by its acceptance hereof, does hereby assume and agree to pay any and all outstanding ad valorem taxes pertaining to the Property.

[*signature page follows*]

EXECUTED as of _____ \_\_, 2018.

                          HOUTEX BUILDERS, LLC

                          By: _____
                          Name: Charles C. Foster
                          Title:  Manager

STATE OF TEXAS　　　　　　　§
　　　　　　　　　　　　　　§
COUNTY OF HARRIS　　　　　§

      This instrument was acknowledged before me on this \_\_\_ day of _____, 2018, by Charles C. Foster, in his capacity as Manager of HOUTEX Builders, LLC.

                          _____
                          Notary Public, State of Texas

**Exhibit A**
**Property Description**

Lot one (1), in block two (2), of the Woodlands Carlton Woods Creekside Section 3 in the Village of Creekside Park, a subdivision in Harris County, Texas according to the map or plat thereof recorded under film code no. 560018 of the map records of Harris County, Texas.

# Exhibit B
**Permitted Exceptions**

1. Any titles or rights asserted by anyone, including, but not limited to, persons, the public, corporations, governments or other entities,

    a. to tidelands, or lands comprising the shores or beds of navigable or perennial rivers and streams, lakes, bays, gulfs or oceans, or

    b. to lands beyond the line of the harbor or bulkhead lines as established or changed by any government, or

    c. to filled-in lands, or artificial islands, or

    d. to statutory water rights, including riparian rights, or

    e. to the area extending from the line of mean low tide to the line of vegetation, or the rights of access to that area or easement along and across that area.

2. Standby fees, taxes and assessments by any taxing authority for the year 2018, and subsequent years; and subsequent taxes and assessments by any taxing authority for prior years due to change in land usage or ownership, but not those taxes or assessments for prior years because of an exemption granted to a previous owner of the property under Section 11.13, Texas Tax Code, or because of improvements not assessed for a previous tax year.

3. Any covenants, conditions or restrictions indicating a preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status, or national origin are hereby deleted to the extent such covenants, conditions or restrictions violate 42 USC 3604 {c}. Film Code No. 560018 of the Map Records of Harris County, Texas; and under County Clerk's File No. 9348561, of the Official Public Records of Montgomery County, Texas and under County Clerk's File No. V691732, X647128, X647130,X720141, Y569289, Y930223, 20080451072, 20090159877, 20090203838, 20090429702, 20090586422, 20100321658, 20100411385, 2010441570, 20110032485, 20110038109, 20110074242, 20110303502, 20110519289, 20120002501, 20120111826, 20120286735, 20120422512, 20120474207, 20120496671, 20130534655, 20130561719, 20130624333, 20140112884, 20140296904, 20140342113, 20150195065, 20150209434, 20150226444, 20150403838, 2016-99152, 2016-266834, 2016-272154, 2016-418297, 2018-228734, of the Official Public Records of Harris County, Texas.

4. A 20 foot building setback line along the front property line as set forth on the recorded plat and dedication.

5. Easement as shown on the recorded plat and dedication:

    Purpose: sanitary sewer
    Location: front

6. Easement as shown on the recorded plat and dedication:

    Purpose: Drainage
    Location: 15 feet on each side of the center line of all gullies, ravines and other natural drainage courses on the herein described property.

7. Easement:

    Recorded: in County Clerk's File No. 9348561, of the Official Public Records of Montgomery County, Texas, as Annexed by instrument filed for record on March 28, 2002, under County Clerk's File No. V691732, of the Official Public Records, Harris County, Texas.
    Purpose: utilities
    Location: 10 feet I rear and front; and 5 feet/ interior sides

8. Easement: Electric Distribution and Communication Facilities, Natural Gas Facilities, Telephone Communication Facilities and Cable Communication Facilities

    Recorded: in County Clerk's File No. Z294015, of the Official Public Records, Harris County, Texas.
    Purpose: utilities
    Location: 5 feet/ southwesterly side and northeasterly side; and 7 feet northwesterly (rear)

9. Terms, Conditions, and Stipulations in the Agreement by and between:

    Parties: CenterPoint Energy Houston Electric, LLC, a Texas Corporation and The Woodlands Land Development Company, LP.
    Recorded: July 10, 2006 in County Clerk's File No. Z437895, of the Official Public records, of Harris County, Texas.
    Type: Agreement for Underground Electric Service

10. Mineral and/or royalty interest:

    Recorded: July 23, 2007 in County Clerk's File No. 20070446842, of the Official Public records, of Harris County, Texas.

11. Mineral and/or royalty interest:

    Recorded: November 16, 2007 in County Clerk's File No. 20070684279, of the Official Public records, of Harris County, Texas.

12. Mineral and/or royalty interest:

    Recorded: February 20, 2008 in County Clerk's File No. 20080082530, of the Official Public records, of Harris County, Texas.

13. Reservation of all of the subterranean waters in or under the property, including, without limitation, all percolating waters and underground reservoirs, and all rights appurtenant to

    the full use and enjoyment thereof, and all rights appurtenant to all underground streams in or under the property that are characterized by definite channel, as set forth per instrument filed for record on February 09, 2006, under County Clerk's File No. Y650837, of the Official Public Records of Montgomery County, Texas.

14. All leases, grants, exceptions or reservations of coal, lignite, oil, gas and other minerals, together with all rights, privileges, and immunities relating thereto, appearing in the Public Records.

15. Subject to Initial Land Use Designation executed by The Woodlands Land Development Company, LP., a Texas limited partnership, as set forth per instrument dated June 24, 2004, filed for record on June 25, 2004, under Clerk's File No. X720141 and by instrument dated August 20, 2008, filed for record on August 28, 2008, under County Clerk's File No. 20080451072, of the Official Public Records of Montgomery County, Texas.

16. Subject to Zoning Ordinance, if any, by the City of Spring, Texas

17. Inclusion within Harris County Municipal Utility District No. 386.