UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § § § § § | Case No. 18-34658 |
| **HOUTEX BUILDERS, LLC *et al.*,**[1] | | |
| DEBTOR. | | (Chapter 11) |

**APPLICATION TO EMPLOY SCHMUCK, SMITH, TEES & COMPANY, P.C. AS ACCOUNTANT TO THE DEBTORS NUNC PRO TUNC TO PETITION DATE**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

HouTex Builders, LLC; 2203 Looscan Lane, LLC; and 415 Shadywood, LLC (collectively, the "Debtors") file this application ("Application") to employ Schmuck, Smith, Tees & Company, P.C. ("SST") as accountant for the Debtors and respectfully state the following:

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HOUTEX Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

## JURISDICTION

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of the Debtor's chapter 7 case (the "Chapter 7 Case") in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought are §§ 327(a), 330, and 704 and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

## BACKGROUND

4. On August 23, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing the Debtors' chapter 11 cases.

5. Before the Petition Date, the Debtors operated as special-purpose entities established for the purpose of constructing new houses.

6. Charles C. Foster is the ultimate owner of 100% of the member interests in each of the Debtors. Both before and after the Petition Date, Foster has used SST for accounting and other similar services as described in more detail below.

7. As these Chapter 7 Cases have progressed, it has become apparent that certain of the services that SST has provided to Foster have actually been fore the direct benefit of the Debtors. For instance, SST has assisted the Debtors in preparing their monthly operating reports.

8. After conferring with undersigned counsel, the Debtors have determined that they should formally retain SST and not rely on the indirect benefits the services may create for Foster as the owner of the Debtors. Accordingly, the Debtors seek to employ SST as their accountant to perform the following services:

    a. Prepare the Debtors' monthly operating reports;

    b. Bookkeeping services;

      c.   Prepare proposed debtor-in-possession financing budgets;

      d.   Facilitate obtaining post-petition insurance;

      e.   Facilitate with opening post-petition bank accounts;

      f.   Forensic accounting and analysis, including tracing and analysis of transfers to and from the Debtors;

      g.   Advise on tax issues and prepare any necessary tax documents; and

      h.   Confirm closing statements for the real estate closings.

9.     The Debtors' engagement letter with SST is attached hereto as **Exhibit** C.

## BASIS FOR RELIEF

10.    Section 327(a) of the Bankruptcy Code authorizes a debtor-in-possession to employ accountants that do not hold or represent an interest adverse to the debtor's estate and that are disinterested persons to assist it with its duties under the Bankruptcy Code.

11.    Retaining SST is within the Debtor's business judgment to enable the Debtors to fulfill their duties under the Bankruptcy Code.

12.    The Debtors are special-purpose entities that do not have full-time employees. As a result, they rely on third-party contractors to perform most business activities, including accounting.

13.    The Debtors require an accountant in order to perform the services described above. SST's services are therefore necessary for the administration of the bankruptcy estate.

14.    Founded in 2006, SST provides professional accounting services including tax preparation, litigation support, preparation of reviews and compilations in accordance with GAAP and pre-audit services as required by small public and non-public companies.

15.    Linda A. Schmuck is the principal of SST and has many years of accounting experience. In 1994, she formed her own sole-proprietor accounting firm, which was the

predecessor to SST.  Biographies of the SST professionals responsible for this engagement can be found in **Exhibit A**.

16. SST has informed the Debtors that, as disclosed in the declaration attached as **Exhibit B** (the "Declaration"), it:

   a. has no connection with the Debtor, its creditors, its equity holders, or other parties-in-interest, or their respective attorneys or accountants, the United States Trustee for the Southern District of Texas ("U.S. Trustee"), or any person employed in the office of the U.S. Trustee in any matter related to the Debtor and its estate, except for its connection to Foster described above;

   b. does not hold any interest adverse to the Debtor's estate; and

   c. believes that it is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, and as required by § 327(a) of the Bankruptcy Code.

17. If any new material facts or relationships are discovered or arise, SST will promptly inform the Court as required by Bankruptcy Rule 2014(a).  The Debtors' knowledge, information, and belief regarding the matters set forth herein are based, and made in reliance upon, the Declaration.

18. Accordingly, to the best of the Debtors' knowledge, information, and belief, based upon the representations made to the Debtors in the Declaration, none of SST's past or current engagements appear to create an interest materially adverse to the interests of the Debtors' estates, their creditors, or their equity holders.  As such, the Debtors believe that SST is disinterested and holds no interest materially adverse to the Debtors' estates.

19. Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of Texas Local Rules (the "Local Rules"), the guidelines (the "Guidelines") established by the U.S. Trustee, and any orders of the Court, the

Debtors propose to pay SST based on its professionals' customary hourly rates. SST's standard hourly rates are $250 to $200 per hour for partners; $175 to $125 for CPA's; and $100 to $75 for administrative staff and bookkeepers.

20. The Debtors submit that SST's customary terms of reimbursement, compensation, and hourly rate are reasonable. SST will notify the Debtors and the U.S. Trustee of any change in the hourly rates charged by it for services rendered while these chapter 11 cases are pending.

21. SST intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to §§ 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines established by the U.S. Trustee, and any orders of this Court in these chapter 11 cases, for all services performed and expenses incurred during its representation of the Debtors.

22. SST will separately bill the Debtors for services it provides and ensure that it does not bill the Debtors for any services provided to Foster individually.

23. SST does not have any agreement or understanding between it and any other entity for the sharing of compensation received or to be received for services rendered in connection with its representation of the Debtors in this case.

## NO PRIOR REQUEST

24. No prior motion or application for the relief requested herein has been made to this Court or any other court.

## NUNC PRO TUNC RELIEF

25. The Debtors ask that the Court authorize the employment of SST nunc pro tunc to the Petition Date.

26. Until very recently, neither counsel for the Debtors nor Foster was aware that SST was being compensated for providing services that directly benefitted the Debtors. Since identifying this issue, the Debtors' representatives have moved quickly to disclose it to the Court.

27. In light of this disclosure, and the fact that SST's services have benefitted the Debtors' estate, the Debtors submit that nunc pro tunc authorization is appropriate.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, approving the Debtors' retention of SST and granting such other and further relief as the Court may deem just and proper.

Dated: November 26, 2018

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
J. Maxwell Beatty
TBA No. 24051740
Michael D. Fritz
TBA No. 24083029
909 Fannin, Suite 3700
Houston, TX 77010
(713) 333-5100
crubio@diamondmccarthy.com
mbeatty@diamondmccarthy.com
mfritz@diamondmccarthy.com

*Counsel for Debtors and Debtors-In-Possession*

**CERTIFICATE OF SERVICE**

     I certify that on November 26, 2018, I caused a true and correct copy of the foregoing Application to be served on the U.S. Trustee as required under Federal Rule of Bankruptcy Procedure 2014, Local Rule 2014, and Local Rule 9013-1(e).

                                                                 */s/ Charles M. Rubio*
                                                                 Charles M. Rubio