IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HOUTEX BUILDERS, LLC, et al, | § | CASE NO. 18-34658 |
| | § | (Chapter 11) |
| DEBTOR | § | |

RESPONSE AND OBJECTION OF CD HOMES, LLC
TO DEBTORS' APPLICATION TO EMPLOY SCHMUCK, SMITH, TEES
& COMPANY, P.C. AS ACCOUNTANT TO THE DEBTORS
*NUNC PRO TUNC* TO PETITION DATE

TO THE HONORABLE JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE:

Comes now, CD Homes, LLC (the "Respondent") and files this Response to the Debtors' Application to Employ Schmuck, Smith, Tees and Company, P.C. as Accountant to the Debtors *Nunc Pro Tunc* to Petition Date (the "Application") filed by Houtex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC (the "Debtors"), and in support thereof, would respectfully show this Court as follows:

1.  Respondent admits the allegations contained in Paragraph 1 of Debtors' Application.

2.  Respondent admits the allegations contained Paragraph 2 of Debtors' Application.

3.  Respondent admits the allegations contained in Paragraph 3 of Debtors' Application.

4.  Respondent admits the allegations contained in Paragraph 4 of Debtors' Application.

5.  Respondent admits that 2203 Looscan Lane, LLC and 415 Shadywood, LLC operated as special-purpose entities to construct one house per entity. Further, Respondent is without sufficient information to either admit or deny the remaining allegations contained in Paragraph 5 of Debtors' Application. Therefore, for pleading purposes, those allegations are denied.

6. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of Debtors' Application. Therefore, for pleading purposes, those allegations are denied. For further answer, Charles Foster (by reason of his pre- and post-filing transactions with the Debtors) is adverse to the Debtors, therefore, SST's representation and relationship with Mr. Foster
may have a disqualifying effect for SST.

7. Respondent denies the allegations contained in Paragraph 7 of Debtors' Application.

8. Respondent denies the allegations contained in Paragraph 8 of Debtors' Application.

9. Respondent admits the allegations contained in Paragraph 9 of Debtors' Application.

10. Respondent admits the allegations contained in Paragraph 10 of Debtors' Application.

11. Respondent admits the allegations contained in Paragraph 11 of Debtors' Application.

12. Respondent admits the allegations contained in Paragraph 12 of Debtors' Application.

13. Respondent denies the allegations contained in Paragraph 13 of Debtors' Application.

14. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 14 of Debtors' Application. Therefore, for pleading purposes, those allegations are denied.

15. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 15 of Debtors' Application. Therefore, for pleading purposes, those

allegations are denied.

16. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 16 of Debtors' Application. Therefore, for pleading purposes, those allegations are denied.

17. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 17 of Debtors' Application. Therefore, for pleading purposes, those allegations are denied.

18. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 18 of Debtors' Application. Therefore, for pleading purposes, those allegations are denied.

19. Respondent is without sufficient information to either admit or deny the allegations contained in Paragraph 19 of Debtors' Application. Therefore, for pleading purposes, those allegations are denied.

20. Respondent admits the allegations contained in Paragraph 20 of Debtors' Application.

21. Respondent admits the allegations contained in Paragraph 21 of Debtors' Application.

22. Respondent admits the allegations contained in Paragraph 22 of Debtors' Application.

23. Respondent admits the allegations contained in Paragraph 23 of Debtors' Application.

24. Respondent admits the allegations contained in Paragraph 24 of Debtors'

Application.

25. Respondent denies the allegations contained in Paragraph 25 of Debtors' Application.

26. Regarding the allegations contained in Paragraph 26 of Debtors' Application, Respondent would show that any payment without Order of this Court is improper.

27. Respondent denies the allegations contained in Paragraph 27 of Debtors' Application.

WHEREFORE, PREMISES CONSIDERED, Respondent prays that this Court deny employment unless inappropriate payments are disgorged; and for such other and further relief to which Respondent may be justly entitled.

Dated: October 10, 2018

                        Respectfully submitted,

                        FUQUA & ASSOCIATES, PC

BY:    */s/ Richard L. Fuqua*
         Richard L. Fuqua
         State Bar No. 07552300
         5005 Riverway, Suite 250
         Houston, TX 77056
         (713) 960-0277
         (713) 960-1064 facsimile
         rlfuqua@fuqualegal.com
         COUNSEL FOR CD HOMES, LLC

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 3, 2018 I attempted several times during the afternoon to contact by telephone Charles M. Rubio, Debtors' counsel, in a good faith attempt to resolve the

dispute which is the subject of Debtors' Motion. All circuits were busy to Mr. Rubio's office, therefore, he could not be reached. The undersigned will attempt to reach Mr. Rubio again on December 4, 2018. At this time, settlement is not possible, therefore, a hearing will be required.

/s/ Richard L. Fuqua
Richard L. Fuqua

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was forwarded by ECF and/or regular United States mail, postage prepaid, on December 3, 2018 to the parties listed below.

Charles M. Rubio
J. Maxwell Beatty
Diamond McCarthy LLP
Two Houston Center
909Fannin, 37th Floor
Houston, TX 77010

Office of the U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002

/s/ Richard L. Fuqua
Richard L. Fuqua