UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No .18-34658 |
| | § | |
| HOU-TEX BUILDERS, LLC, et al | § | Chapter 11 |
| | § | |
| DEBTORS | § | Jointly Administered |

## CD HOMES, LLC'S MOTION TO QUASH SUBPOENA FOR RULE 2004 EXAMINATION OF CD HOMES, LLC SERVED BY HOUTEX BUILDERS, LLC

TO THE HONORABLE BANKRUPTCY COURT:

CD Homes, LLC respectfully moves to quash the Subpoena for Rule 2004 Examination served by HOUTEX Builders, LLC and as grounds would show the following.

1. On Monday, December 3, 2018, counsel for CD Homes, LLC was served with a Subpoena for Rule 2004 Examination (the "Subpoena") a copy of which is attached hereto as ***Exhibit "1."***

2. The Subpoena designated December 5, 2018 as the date and the law office of Diamond McCarthy, LLP, c/o Charles M. Rubio, 909 Fannin Street, 37th floor, Houston, Texas 77010 as the place for Respondent to appear. The Subpoena failed to allow a reasonable time to comply and further failed to specify a time for CD Homes, LLC to appear to testify.

3. By failing to allow a reasonable time to comply and failing to include the time for Respondent to appear, the Subpoena failed to meet the requirements of Rule 2004, Federal Rules of Bankruptcy Procedure and Rule 45, Federal Rules of Civil Procedure, and should be quashed.

4. Respondent further objects to the scope of the documents to be produced by CD Homes under the subpoena as follows:

# EXHIBIT 1

## DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED

1. Your general ledger or similar accounting records, from the time period commencing September 25, 2012 through the Petition Date.

Response: Objection to this request as overly broad, unduly burdensome and beyond the scope of permissible discovery. Subject to the foregoing objections and without waiving same, Respondent responds that it has previously provided a copy of all invoices and checks from the 4 properties owned by the Debtors (over 1,500 pages)

2. Bank account statements that include any transactions related to the Debtors commencing September 2012 through the Petition Date.

Response: Objection to this request as overly broad, unduly burdensome and beyond the scope of permissible discovery. Subject to the foregoing objections and without waiving same, Respondent responds that it has previously provided a copy of all invoices and checks from the 4 properties owned by the Debtors (over 1,500 pages)

3. Any documents related to Your receipt or use of the $540,000 transferred to you by Houtex Builders, LLC on or about June 3, 2014 via check no. 101.

Response: Responsive documents will be provided.

4. Any documents related to Your receipt or use of the $200,000 transferred to you by Houtex Builders, LLC on or about June 11, 2014 via check no. 102.

Response: Responsive documents will be provided.

5. Any documents related to Your receipt or use of the $300,000 transferred to you by Houtex Builders, LLC on or about June 30, 2014 via check no. 103.

Response: Responsive documents will be provided.

6. Any documents related to Your receipt or use of the $310,000 transferred to you by Houtex Builders, LLC's bank account with Spirit of Texas bank on or about October 24, 2014.

Response: Responsive documents will be provided.

7.  Any documents related to Your receipt or use of the $90,000 transferred to you by Houtex Builders, LLC on or about October 29, 2014 via check no. 1007.

Response:  Responsive documents will be provided.

8.  Any documents related to the Promissory Note dated May 30, 2014 in the principal amount of $1,600,000 executed by Jim D. Nored in favor of Houtex Builder, LLC.

Response:  Responsive documents will be provided.

9.  All agreements, contracts, payments, invoices, purchase orders, accounting records, and similar document with Hampton Lane Builders, LLC that relate to the Debtors.

Response:  There are no agreements between Hampton Lane Builders, LLC and Debtors.

10. Any agreements, contracts or other similar documents related to services that Robert Parker provides to You.

Response:  None

11. Accounting records, check copies, and bank statements evidencing any payments You have made to Robert Parker since September 2012 through the Petition Date.

Response:  Objection to this request as overly broad, unduly burdensome and beyond the scope of permissible discovery.

12. Your operating agreement, governance documents, and all other documents which establish your current ownership structure.

Response:  Objection to this request as overly broad, unduly burdensome and beyond the scope of permissible discovery.

13. All budgets or similar documents related to any projects for the Debtors.

Response:  None

14. Any of Your accounting records, general ledgers, sub-ledgers or similar documents that indicate payments and receipts relating to the Debtors.

Response:  Objection on the grounds that Respondent has previously produced responsive documents including all invoices and checks for the properties currently owned by the Debtors.

15. Any accounting records reflecting distributions made to Your members from September 2012 to the present.

Response: Objection to this request as overly broad, unduly burdensome and beyond the scope of permissible discovery. Subject to the foregoing objections and without waiving same, Respondent has previously provided responsive documents including all invoices and checks for the 4 properties owned by the Debtors (over 1,500 pages).

## EXHIBIT 2
## DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED

16. All closing statements from any title companies used by the Debtors in the acquisition or sale of any real property purchased or sold by the Debtors or You since 2010.

Response: Objection to this request as overly broad, unduly burdensome and beyond the scope of permissible discovery. Subject to the foregoing objection and without waiving same, Respondent responds that HOUTEX was not created until September 25, 2012. For further response, Respondent previously provided responsive documents for all 4 of Debtor's properties.

17. All records from title companies for transactions involving the Debtors showing incoming wires and deposits for the purchase of real property and showing outgoing wires and checks for distributions of funds from the sale of real properties owned by the Debtors or You.

Response: Objection to this request as overly broad, unduly burdensome and beyond the scope of permissible discovery. Subject to the foregoing objection and without waiving same, Respondent responds that HOUTEX was not created until September 25, 2012. For further response, Respondent previously provided responsive documents for all 4 of Debtor's properties.

18. All records related to the loan payoffs and release of liens by PENSCO Trust Company LLC Custodian FBO Herbert Andrew Chiles (Dec'd) IRA for any properties owned by Debtors. Include bank records evidencing payoff of any loans and liens secured by real properties of Debtors and owed to PENSCO Trust Company LLC Custodian FBO Herbert Andrew Chiles (Dec'd) IRA.

Response: There were no payoffs. The PENSCO Debts were transferred by the Debtors and Charles Foster to newly acquired properties and thus were never repaid.

19. All agreements between You and descendants of Herbert Andrew Chiles.

Response:   None

20. All records related to the loan payoffs and release of liens by Hmaidan & Hmaidan, LLC for any properties owned by Debtors. Include bank records evidencing payoff of any loans and liens secured by real properties of Debtors and owed to Hmaidan & Hmaidan, LLC.

Response:   Objection on the grounds that Respondent has previously produced responsive documents.

21. All agreements between you and Hmaidan & Hmaidan, LLC and/or their affiliates.

Response:   None

22. All records related to the loan payoffs and release of liens by Jim Nored for any properties owned by Debtors. Include bank records evidencing payoff of any loans and liens secured by real properties of Debtors and owed to Jim D. Nored or affiliates of Jim D. Nored.

Response:   There were no payoffs. The Nored Debts were transferred by the Debtors and Charles Foster to newly acquired properties and thus were never repaid.

23. All agreements between You and Jim D. Nored and/or his affiliates.

Response:   None

24. All records related to the assignment by Jim D. Nored of loans and/or deeds of trust secured by properties of the Debtors to 1040 Hyde Park, LLC. Include information regarding any payments between You and Jim D. Nored (including affiliates of You and affiliates of Jim D. Nored).

Response:   Responsive documents will be provided.

25. All records related to the ownership of 1040 Hyde Park, LLC.

Response: Objection to this request as overly broad, unduly burdensome and beyond the scope of permissible discovery. Subject to the foregoing objection and without waiving same, Respondent responds that the operating agreement will be provided.

26. All written or electronic communications between You and PENSCO Trust Company.

Response: Objection as overly broad and beyond the scope of permissible discovery.

27. All written or electronic communications between You and Hmaidan & Hmaidan, LLC.

Response: None

28. All written or electronic communications between You and Jim D. Nored.

Response: Objection to this request as overly broad, unduly burdensome and beyond the scope of permissible discovery. Subject to the foregoing objection and without waiving same, Respondent responds that no responsive documents relating to Debtors exist.

29. All bank, title company or other records showing the receipt of loan proceeds for any loans made to the Debtors.

Response: Objection on the grounds that Respondent has previously produced responsive documents

          Respectfully submitted

          FUQUA & ASSOCIATES, P.C.

By: */s/ Richard L. Fuqua*
     Richard L. Fuqua
     TBA No. 07552300
     Rlfuqua@fuqualegal.com
     5005 Riverway Dr., Suite 250
     Houston, Texas 77056
     Telephone: 713.960-0277
     Facsimile: 713.960-1064
     Counsel for CD Homes, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion to Quash Subpoena for Rule 2004 Examination of CD Homes, LLC served by HOUTEX Builders, LLC was served on the 4th day of December, 2018 on Charles Rubio, Diamond McCarthy, LLC, 909 Fannin, 37th floor, Houston, Texas 77010 via email to crubio@diamondmccarthy.com

                                                                      */s/ Richard L. Fuqua*
                                                                      Richard L. Fuqua