

ENTERED
12/05/2018

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **HOU-TEX BUILDERS, LLC,** *et al.,* [1] | § | Case No. 18-34658 |
| | § | Chapter 11 |
| DEBTORS. | § | |
| | § | |
| | § | |
| | § | |

### FINAL ORDER AUTHORIZING DEBTORS TO OBTAIN CREDIT PURSUANT TO SECOND FUNDING COMMITMENT LETTER

The Court, having considered the *Motion for Authority To Obtain Credit Pursuant to Second Funding Commitment Letter* [Dkt. No. 134] (the "Motion") and the *Notice of Proposed Final Order Authorizing Debtors To Obtain Credit Pursuant to Second Funding Commitment Letter* [Dkt. No. ____] (the "Notice") filed by Houtex Builders, LLC; 415 Shadywood, LLC and 2203 Looscan Lane, LLC (collectively, the "Debtors")[2] any responses to the Motion and Notice, the statements of counsel, and the record in this case, and having held a hearing on the Motion, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion and hearing thereon has been given and no other or further notice is necessary; and (e) good and sufficient cause exists for the granting of the relief requested. Therefore, it is ORDERED that:

---

[1] The names of the debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Houtex Builders, LLC (2111), 2203 Looscan, LLC (1418) and 415 Shadywood, LLC (7627).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1. The Debtors are authorized to borrow funds from Charles C. Foster (the "Lender") pursuant to the terms of the commitment letter attached hereto as Exhibit A (the "Commitment Letter") as follows:

    A. The Debtor Houtex Builders, LLC ("Houtex") is authorized to incur debt in the principal sum not to exceed $106,521.00 (the actual amount borrowed together with interest, the "Houtex Loan") and shall be entitled to use the proceeds to pay all ordinary and necessary expenses in the ordinary course of its business for the purposes contained in the budget (the "Houtex Budget") attached as Exhibit B-1 to the Commitment Letter.

    B. The Debtor 215 Shadywood, LLC ("Shadywood") is authorized to incur debt in the principal sum not to exceed $55,887.00 (the actual amount borrowed together with interest, the "Shadywood Loan") and shall be entitled to use the proceeds to pay all ordinary and necessary expenses in the ordinary course of its business for the purposes contained in the budget (the "Shadywood Budget") attached as Exhibit B-2 to the Commitment Letter.

    C. The Debtor 2203 Looscan, LLC ("Looscan") is authorized to incur debt in the principal sum not to exceed $55,666.00 (the actual amount borrowed together with interest, the "Looscan Loan") and shall be entitled to use the proceeds to pay all ordinary and necessary expenses in the ordinary course of its business for the purposes contained in the budget (the "Looscan Budget" and together with the Houtex Budget and Shadywood Budget, the "Budgets") attached as Exhibit B-3 to the Commitment Letter.

2. If there is a delay in payment of certain amounts provided for under the Budgets because such amounts require Bankruptcy Court approval or there is another reason for delay in the payment, then such amounts are still authorized under the Budgets even if not paid for in the week allocated on the Budget so long as the total amount for such item does not exceed the budgeted amount for such item for all the periods on and prior to the actual week such item is paid.

3. The Lender's claim, including reasonable attorneys' fees in the event of a default, against each Debtor will be an allowed administrative expense claim which shall have priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title with respect to such Debtor, provided that the administrative expense claim will be subject to and subordinate to the administrative expense claims for the items incurred and paid for pursuant to the Budgets.

4. The Lender is hereby granted a lien on property of the Debtors' estates that is not otherwise subject to a lien.

5. The Lender is granted a junior lien on property of the estate that is subject to a lien; provided that the Debtors reserve their rights to challenge the validity of any pre-petition liens and associated claims and/or avoid the liens by an avoidance action.

6. The liens granted to the Lender for the Houtex Loan are on the property of Houtex, the liens granted to the Lender for the Shadywood Loan are on the property of Shadywood, and the liens granted to the Lender for the Looscan Loan are on the property of Looscan; the liens are not cross-collateralized between the Debtors.

7. As adequate protection for Spirit of Texas Bank and Community Bank of Texas, Debtor Houtex Builders, LLC is authorized to make adequate protection payments as follows: (a) principal and interest payments to Spirit of Texas Bank and Community Bank on account of their first-lien construction loans on the property known as 3 Thornblade and the property known as 2325 Lynbrook, respectively, (b) principal and interest payment to Spirit of Texas Bank on account of the secured promissory note in the original principal amount of $1.6 million dated May 30, 2014 and (c) interest-only payment to Spirit of Texas Bank on account of the secured line of credit; the foregoing in the amounts set forth below and shown in the line item "Adequate Protection Payments on Pre-Petition Secured Debt" in the Houtex Budget:

| | | |
|---|---|---:|
| Week of 12/5/2018 | | |
| | Community Bank (Lynbrook note) | 26,385.00 |
| | Spirit of Texas ($1.6MM note) | 33,323.00 |
| | Spirit of Texas (LOC) | 6,342.26 |
| | Spirit of Texas (Thornblade) | 16,153.00 |
| | | 82,203.26 |
| Weeks of 1/5/2019 and 2/5/2019 | | |
| | Community Bank (Lynbrook note) | 8,777.00 |
| | Spirit of Texas (Nored note) | 22,052.00 |
| | Spirit of Texas (LOC) | 3,861.00 |
| | | 34,690.00 |

8. The Debtor Houtex Builders, LLC is authorized to (a) enter into a modification of the Spirit of Texas Bank note dated May 30, 2014 in the original principal amount of $1.6 million to extend the maturity date of such note to March 30, 2019 and (b) enter into a modification of the Spirit of Texas Bank line of credit to extend the maturity date to March 30, 2019; provided that, such modifications shall not increase the interest rate on such loans and provided further that the Debtor shall not be responsible for any fees related to such modifications.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted by this order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Signed: December 05, 2018

Jeffrey P. Norman
United States Bankruptcy Judge

## Exhibit A

**Second Commitment Letter**

Charles C. Foster
17 Courtlandt Place
Houston, Texas 77006
713.335.3904
cfoster@FosterGlobal.com

November 30, 2018

HOUTEX Builders, LLC
17 Courtlandt Place
Houston, Texas 77006

415 Shadywood, LLC
17 Courtlandt Place
Houston, Texas 77006

2203 Looscan Lane, LLC
17 Courtlandt Place
Houston, Texas 77006

Re: Revised Second Funding Commitment

Ladies and Gentlemen:

HOUTEX Builders, LLC, 415 Shadywood, LLC and 2203 Looscan Lane, LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (as amended, the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court") commencing chapter 11 cases (the "Chapter 11 Cases") on August 23, 2018.

Pursuant to that certain funding Commitment Letter, dated August 23, 2018 (the "First Funding Commitment"), Charles Foster (the "Lender") committed to loan up to $186,000.00 (the "First Funding Commitment Amount") to the Debtors as follows:

1. Up to $60,000.00 to HOUTEX Builders, LLC;

2. Up to $65,000.00 to 415 Shadywood, LLC;

3. Up to $61,000.00 to 2203 Looscan Lane, LLC.

As of the date hereof, the Debtors have borrowed and the Lender has advanced the following amounts to each of the Debtors as follows:

1. $7,593.26 on account of the Houtex Loan, as more particularly described on Exhibit A-1;

2. $10,102.00 on account of the Shadywood Loan, as more particularly described on Exhibit A-2;

3. $8,037.00 on account of the Looscan Loan; as more particularly described on Exhibit A-3;

Accordingly, of the $186,000 of availability under the First Funding Commitment Amount, the Debtors have borrowed $25,732.26.

Pursuant to this Second Funding Commitment Letter ("Second Funding Commitment") Lender will commit to loan up to $428,154.00 (the "Commitment"):

1. Up to $209,645.00 to HOUTEX Builders, LLC in accordance with the budget attached hereto as Exhibit B-1 (the "Second Houtex Budget"), plus $35,653 for unused Chapter 11 Related Expenses from the First Commitment Letter (the actual amount loaned together with any applicable interest and fees, the "Houtex Loan");

2. Up to $55,887.00 to 415 Shadywood, LLC in accordance with the budget attached hereto as Exhibit B-2 (the "Second Shadywood Budget") plus $35,653 for unused Chapter 11 Related Expenses from the First Commitment Letter (the actual amount loaned together with any applicable interest and fees, the "Shadywood Loan");

3. Up to $55,666.00 to 2203 Looscan Lane, LLC in accordance with the budget attached hereto as Exhibit B-3 (the "Second Looscan Budget") plus $35,653 for unused Chapter 11 Related Expenses from the First Commitment Letter (the actual amount loaned together with any applicable interest and fees, the "Looscan Loan").

For avoidance of doubt, the Commitment of $428,154.00 under this Second Funding Commitment is in addition to the $25,732.26 the Lender has already advanced to the Debtors under the First Funding Commitment, for a total possible principal advances of $453,886.26 under both the First Funding Commitment and the Second Funding Commitment.

Use of Proceeds. The proceeds of the Commitment will used by the Debtors to pay for the following (the "Permitted Expenses"): (i) upon allowance by the Bankruptcy Court, the fees and expenses incurred by the Debtors' professionals in the Chapter 11 Cases, (ii) the fees charged by the Office of the United States Trustee in connection with the Bankruptcy Cases, (iii) the Bankruptcy Court approved adequate protection payments as follows: (a) principal and interest payments to Spirit of Texas Bank and Community Bank on account of their first-lien construction loans on the property known as 3 Thornblade and the property known as 2325 Lynbrook, respectively, (b) principal and interest payment to Spirit of Texas Bank on account of the secured promissory note in the original principal amount of $1.6 million dated May 30, 2014 and (c) interest-only payment to Spirit of Texas Bank on account of the secured line of credit, and (iv) the other items set forth in the budgets attached hereto, upon approval of the budget by the Bankruptcy Court.

2

Advances. Upon approval of this Commitment Letter with an order acceptable to the Lender, the Lender shall make advances (each, an "Advance") to each Debtor up to each Debtor's respective Commitment amount. The Lender shall make an advance to the Debtor within three business days from the date that the Debtor provides written notice to the Lender that a Permitted Expense has become due and payable. The Advances will incur interest at a rate of three percent (3%) per annum until paid in full.

Lender Protections. The Debtors shall stipulate to the amounts advanced to the Debtors under the First Commitment Letter as set forth herein. The Lender shall have an administrative expense claim against each Debtor for the amounts advanced to such Debtor under this commitment letter and the associated interest, and, in the event of a default under the order approving the loans set out herein (the "DIP Financing Order"), the Lender shall be entitled to seek and be reimbursed for reasonable legal fees associated with the default and exercise of remedies by the Lender. The Lender's claim, including reasonable attorneys' fees in the event of a default, against each Debtor will have priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title with respect to such Debtor. In addition, the Debtor grants the Lender a lien on property of the Debtors' estates that is not otherwise subject to a lien and grants the Lender a junior lien on property of the estate that is subject to a lien; provided that the Debtors and the Lender reserve their rights to challenge the validity of any pre-petition liens and associated claims and/or avoid the liens by an avoidance action.

Conditions. Until and unless the Bankruptcy Court shall have approved in an order acceptable to the Lender the loans set out herein, this commitment shall have no force and effect.

Enforceability. Upon approval by the Bankruptcy Court of this commitment letter, this commitment letter may be enforced by the Debtors against the Lender. Notwithstanding anything to the contrary in this commitment letter, none of the Debtors' creditors shall have the right to enforce this commitment letter.

Termination. The Lender's claims shall become immediately due and owing and the Lender's obligations to make further advance shall immediately terminate upon the first to occur of the following (each a "Termination Event"): (i) any of the Chapter 11 Cases convert to a case under chapter 7 of the Bankruptcy Code, (ii) a chapter 11 trustee is appointed in any of the Chapter 11 Cases, (iii) the confirmation of a plan in the Chapter 11 Cases, (iv) the principal asset of each Debtor is sold pursuant to a Bankruptcy Code § 363 sale, or (v) the date that is six months from the date of this letter; provided however, the Lender is still obligated to fund the fees and expenses of the Debtors' professionals and the fees charged by the Office of the United States Trustee in connection with the Bankruptcy Cases incurred, but not yet paid, through the date of the Termination Event.

No Modification; Entire Agreement. This agreement may not be amended, modified or supplemented except by an agreement in writing signed by the Debtors and the Lender and with the approval of the Bankruptcy Court.

Parties in Interest; Third Party Beneficiaries. This letter agreement is for the sole benefit of and shall be binding upon the Lender and the Debtors. Nothing in this commitment letter, express or implied, is intended to or shall confer upon any person other than the Debtors and the

Lender any legal or equitable right, benefit or remedy of any nature whatsoever, under or by reason of this letter agreement.

Governing Law; Submission to Jurisdiction; Venue. This commitment letter shall be governed by and construed in accordance with the internal laws of the State of Texas without giving effect to any choice or conflict of law provision or rule. The parties agree that the Bankruptcy Court has authority to interpret and enforce the terms of this commitment letter. The parties irrevocably and unconditionally waive any objection to the laying of venue of any suit, action or proceeding in the Bankruptcy Cout and irrevocably waive and agree not to plead or claim that any such suit, action or proceeding brought in the Bankruptcy Court has been brought in an inconvenient forum.

Waiver of Jury Trial. Each party irrevocably and unconditionally waives any right it may have to a trial by jury in respect of any legal action arising out of or relating to this commitment letter or the transactions contemplated hereby.

No Assignment. The Commitment evidenced by this commitment letter shall not be assignable by Lender without the Debtors' prior written consent.

Counterparts. This commitment letter may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this letter delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this commitment letter.

[*Remainder of Page Intentionally Left Blank*]

The Lender acknowledges that the Debtors are relying on this Commitment and the Lender agrees to be bound to the terms of the Commitment once approved by the Bankruptcy Court.

Very truly yours,

*[signature]*

Charles Foster

ACCEPTED:

HOUTEX Builders, LLC, Debtor and Debtor in Possession

By *[signature]*

Charles Foster
Manager

415 Shadywood, LLC, Debtor and Debtor in Possession

By *[signature]*

Charles Foster
Manager

2203 Looscan Lane, LLC, Debtor and Debtor in Possession

By *[signature]*

Charles Foster
Manager

<u>Exhibit A-1</u>
**Houtex Borrowings Under First Commitment**

| Item | Date | Amount |
|---|---|---|
| Utilities | 10/1/18 | $1,309.43 |
| Utilities | 10/5/18 | $63.88 |
| Utilities | 10/26/18 | $756.93 |
| Insurance Premium Payment | 9/27/18 | $786.63 |
| Insurance Premium Payment | 9/28/18 | $715.11 |
| Repairs | 10/1/18 | $75.00 |
| Repairs | 10/8/18 | $917.00 |
| Professional fees[1] | 10/10/18 | $2,266.00 |
| Security fence | 11/2/18 | $122.00 |
| Utilities | 11/2/18 | $10.65 |
| US Trustee fees | 11/5/18 | $325.00 |
| Utilities | 11/8/18 | $245.63 |
| **Total** | | **$7,593.26** |

---

[1] Accounting fees incurred by Schmuck, Smith Tees Co, PC for the benefit of the Debtor, subject to retention application and fee application for Schmuck, Smith Tees Co, PC.

<u>Exhibit A-2</u>
**Shadywood Borrowings Under First Commitment**

| Item | Date | Amount |
| --- | --- | --- |
| Utilities | 10/26/18 | $1,409.00 |
| Professional fees[1] | 10/10/18 | $2,266.00 |
| Insurance premium | 11/2/18 | $6,102.00 |
| US Trustee fees | 11/5/18 | $325.00 |
| **Total** | | **$10,102.00** |

---

[1] Accounting fees incurred by Schmuck, Smith Tees Co, PC for the benefit of the Debtor, subject to retention application and fee application for Schmuck, Smith Tees Co, PC.

<u>Exhibit A-3</u>
**Looscan Borrowings Under First Commitment**

| Item | Date | Amount |
|---|---|---|
| Repairs | 10/14/18 | $122.00 |
| Professional fees[1] | 10/10/18 | $2,266.00 |
| Insurance premium | 11/2/18 | $4,025.00 |
| US Trustee fees | 11/5/18 | $325.00 |
| Security | 11/1/18 | $1,299.00 |
| **Total** | | **$8,037.00** |

---

[1] Accounting fees incurred by Schmuck, Smith Tees Co, PC for the benefit of the Debtor, subject to retention application and fee application for Schmuck, Smith Tees Co, PC.

<u>Exhibit B-1</u>
**Houtex Second Budget**

**Houtex Builders LLC**
**Weekly Cash Forecast**
11/18/2018

| | Week # | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | # of Days |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Week Start | 11/19/2018 | 11/24/2018 | 12/1/2018 | 12/8/2018 | 12/15/2018 | 12/22/2018 | 12/29/2018 | 1/5/2019 | 1/12/2019 | 1/19/2019 | 1/26/2019 | 2/2/2019 | 2/9/2019 | 177 |
| | Week Ended | 11/24/2018 | 12/1/2018 | 12/8/2018 | 12/15/2018 | 12/22/2018 | 12/29/2018 | 1/5/2019 | 1/12/2019 | 1/19/2019 | 1/26/2019 | 2/2/2019 | 2/9/2019 | 2/16/2019 | Total |
| **CASH RECEIPTS** | | | | | | | | | | | | | | | |
| Sales Proceeds, net of closing costs | $ | | | | | | | | | | | | | | - |
| | $ | | | | | | | | | | | | | | - |
| **DIP CASH RECEIPTS** | | | | | | | | | | | | | | | |
| Total DIP Availability | $ | 265,500 | 205,165 | 121,012 | 107,967 | 105,902 | 104,629 | 67,339 | 54,294 | 52,229 | 50,956 | 15,031 | 12,756 | (2,207) | |
| DIP Balance | $ | - | 59,335 | 60,335 | 144,488 | 157,533 | 159,598 | 160,871 | 198,161 | 211,206 | 213,271 | 214,544 | 250,469 | 252,744 | 252,744 |
| Draw/(Repayment) of DIP | $ | 1,273 | 1,000 | 84,153 | 13,045 | 2,065 | 1,273 | 37,290 | 13,045 | 2,065 | 1,273 | 35,925 | 2,275 | 14,963 | 209,645 |
| Ending DIP Balance | $ | 59,335 | 60,335 | 144,488 | 157,533 | 159,598 | 160,871 | 198,161 | 211,206 | 213,271 | 214,544 | 250,469 | 252,744 | 267,707 | |
| TOTAL SOURCES OF CASH | $ | 1,273 $ | 1,000 $ | 84,153 $ | 13,045 $ | 2,065 $ | 1,273 $ | 37,290 $ | 13,045 $ | 2,065 $ | 1,273 $ | 35,925 $ | 2,275 $ | 14,963 | $ 209,645 |
| **CASH DISBURSEMENTS** | | | | | | | | | | | | | | | |
| G&A Expenses | $ | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 16,825 |
| Construction vendor/supplier payments | $ | | | | | | | | | | | | | | - |
| Utilities and insurance | $ | 273 | | 950 | | 1,065 | 273 | 950 | | 1,065 | 273 | 235 | | 500 | 5,584 |
| TOTAL OPERATING EXPENSES | $ | 1,273 | 1,000 | 1,950 | 2,275 | 2,065 | 1,273 | 1,950 | 2,275 | 2,065 | 1,273 | 1,235 | 2,275 | 1,500 | 22,409 |
| **CHAPTER 11 RELATED EXPENSES** | | | | | | | | | | | | | | | |
| U.S. Trustee | $ | - | - | - | - | - | - | 650 | - | - | - | - | - | - | 650 |
| Debtor Legal Fees | $ | - | - | - | 10,770 | - | - | - | 10,770 | - | - | - | - | 13,463 | 35,003 |
| Adequate Protection Payments on Pre-Petition Secured Debt | $ | - | - | 82,203 | - | - | - | 34,690 | - | - | - | 34,690 | - | - | 151,583 |
| TOTAL CHAPTER 11 RELATED EXPENSES | $ | - | - | 82,203 | 10,770 | - | - | 35,340 | 10,770 | - | - | 34,690 | - | 13,463 | 187,236 |
| TOTAL USES OF CASH | $ | 1,273 | 1,000 | 84,153 | 13,045 | 2,065 | 1,273 | 37,290 | 13,045 | 2,065 | 1,273 | 35,925 | 2,275 | 14,963 | |
| BEGINNING CASH | $ | - | - | - | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | |
| ENDING CASH | $ | - | - | (0) | (0) | (0) | (0) | (0) | (0) | (0) | (0) | (0) | (0) | 0 | |

<u>Exhibit B-2</u>
**Shadywood Second Budget**

**415 Shadywood LLC**
**Weekly Cash Forecast**
11/18/2018

| Week # | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | # of Days 89 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Week Start | | 11/19/2018 | 11/24/2018 | 12/1/2018 | 12/8/2018 | 12/15/2018 | 12/22/2018 | 12/29/2018 | 1/5/2019 | 1/12/2019 | 1/19/2019 | 1/26/2019 | 2/2/2019 | 2/9/2019 | Total |
| Week Ended | | 11/24/2018 | 12/1/2018 | 12/8/2018 | 12/15/2018 | 12/22/2018 | 12/29/2018 | 1/5/2019 | 1/12/2019 | 1/19/2019 | 1/26/2019 | 2/2/2019 | 2/9/2019 | 2/16/2019 | |
| **CASH RECEIPTS** | | | | | | | | | | | | | | | |
| Sales Proceeds, net of closing costs and first lien | $ | | | | | - | | | | | | | | | - |
| | $ | | | | | | | | | | | | | | - |
| **DIP CASH RECEIPTS** | | | | | | | | | | | | | | | |
| Total DIP Availability | $ | 121,000 | 52,533 | 51,130 | 36,645 | 35,645 | 34,645 | 32,995 | 19,950 | 18,950 | 17,950 | 16,950 | 14,675 | 212 | |
| DIP Balance | $ | - | 66,454 | 68,467 | 69,870 | 84,355 | 85,355 | 86,355 | 88,005 | 101,050 | 102,050 | 103,050 | 104,050 | 106,325 | 106,325 |
| Draw/(Repayment) of DIP | $ | 1,553 | 2,013 | 1,403 | 14,485 | 1,000 | 1,000 | 1,650 | 13,045 | 1,000 | 1,000 | 1,000 | 2,275 | 14,463 | 55,887 |
| Ending DIP Balance | $ | 66,454 | 68,467 | 69,870 | 84,355 | 85,355 | 86,355 | 88,005 | 101,050 | 102,050 | 103,050 | 104,050 | 106,325 | 120,788 | |
| **TOTAL SOURCES OF CASH** | $ | 1,553 $ | 2,013 $ | 1,403 $ | 14,485 $ | 1,000 $ | 1,000 $ | 1,650 $ | 13,045 $ | 1,000 $ | 1,000 $ | 1,000 $ | 2,275 $ | 14,463 | $ 55,887 |
| **CASH DISBURSEMENTS** | | | | | | | | | | | | | | | |
| G&A Expenses | $ | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 16,825 |
| Construction vendor/supplier payments | $ | 553 | 403 | 403 | 1,396 | | | | | | | | | | 2,755 |
| Utilities and insurance | $ | | 610 | | 44 | | | | | | | | | | 654 |
| **TOTAL OPERATING EXPENSES** | $ | 1,553 | 2,013 | 1,403 | 3,715 | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 20,234 |
| **CHAPTER 11 RELATED EXPENSES** | | | | | | | | | | | | | | | |
| U.S. Trustee | $ | - | - | - | - | - | - | 650 | - | - | - | - | - | - | 650 |
| Debtor Legal Fees | $ | - | - | - | 10,770 | - | - | - | 10,770 | - | - | - | - | 13,463 | 35,003 |
| First Lien Lender Interest Expense and Lender Fees | $ | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **TOTAL CHAPTER 11 RELATED EXPENSES** | $ | - | - | - | 10,770 | - | - | 650 | 10,770 | - | - | - | - | 13,463 | 35,653 |
| **TOTAL USES OF CASH** | $ | 1,553 | 2,013 | 1,403 | 14,485 | 1,000 | 1,000 | 1,650 | 13,045 | 1,000 | 1,000 | 1,000 | 2,275 | 14,463 | |
| **BEGINNING CASH** | $ | - | - | - | - | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | |
| **ENDING CASH** | $ | - | - | - | (0) | (0) | (0) | (0) | (0) | (0) | (0) | (0) | (0) | 0 | |

<u>Exhibit B-3</u>
**Looscan Second Budget**

2203 Looscan LLC
Weekly Cash Forecast
11/18/2018

| | Week # | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | # of Days |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Week Start | 11/19/2018 | 11/24/2018 | 12/1/2018 | 12/8/2018 | 12/15/2018 | 12/22/2018 | 12/29/2018 | 1/5/2019 | 1/12/2019 | 1/19/2019 | 1/26/2019 | 2/2/2019 | 2/9/2019 | 89 |
| | Week Ended | 11/24/2018 | 12/1/2018 | 12/8/2018 | 12/15/2018 | 12/22/2018 | 12/29/2018 | 1/5/2019 | 1/12/2019 | 1/19/2019 | 1/26/2019 | 2/2/2019 | 2/9/2019 | 2/16/2019 | Total |
| **CASH RECEIPTS** | | | | | | | | | | | | | | | |
| Sales Proceeds, net of closing costs | $ | | | | | - | | | | | | | | | - |
| | $ | | | | | | | | | | | | | | - |
| **DIP CASH RECEIPTS** | | | | | | | | | | | | | | | |
| Total DIP Availability | $ | 117,000 | 53,168 | 51,771 | 37,336 | 35,909 | 34,909 | 33,259 | 20,214 | 19,214 | 18,214 | 17,214 | 14,939 | 476 | |
| DIP Balance | $ | - | 62,435 | 63,832 | 65,229 | 79,664 | 81,091 | 82,091 | 83,741 | 96,786 | 97,786 | 98,786 | 99,786 | 102,061 | 102,061 |
| Draw/(Repayment) of DIP | $ | 1,577 | 1,397 | 1,397 | 14,435 | 1,427 | 1,000 | 1,650 | 13,045 | 1,000 | 1,000 | 1,000 | 2,275 | 14,463 | 55,666 |
| Ending DIP Balance | $ | 62,435 | 63,832 | 65,229 | 79,664 | 81,091 | 82,091 | 83,741 | 96,786 | 97,786 | 98,786 | 99,786 | 102,061 | 116,524 | |
| **TOTAL SOURCES OF CASH** | $ | 1,577 $ | 1,397 $ | 1,397 $ | 14,435 $ | 1,427 $ | 1,000 $ | 1,650 $ | 13,045 $ | 1,000 $ | 1,000 $ | 1,000 $ | 2,275 $ | 14,463 | $ 55,666 |
| **CASH DISBURSEMENTS** | | | | | | | | | | | | | | | |
| G&A Expenses | $ | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 16,825 |
| Construction vendor/supplier payments | $ | 547 | 397 | 397 | 1,390 | 397 | | | | | | | | | 3,128 |
| Utilities and insurance | $ | 30 | | | | 30 | | | | | | | | | 60 |
| **TOTAL OPERATING EXPENSES** | $ | 1,577 | 1,397 | 1,397 | 3,665 | 1,427 | 1,000 | 1,000 | 2,275 | 1,000 | 1,000 | 1,000 | 2,275 | 1,000 | 20,013 |
| **CHAPTER 11 RELATED EXPENSES** | | | | | | | | | | | | | | | |
| U.S. Trustee | $ | - | - | - | - | - | - | 650 | - | - | - | - | - | - | 650 |
| Debtor Legal Fees | $ | - | - | - | 10,770 | - | - | - | 10,770 | - | - | - | - | 13,463 | 35,003 |
| First Lien Lender Interest Expense and Lender Fees | $ | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **TOTAL CHAPTER 11 RELATED EXPENSES** | $ | - | - | - | 10,770 | - | - | 650 | 10,770 | - | - | - | - | 13,463 | 35,653 |
| **TOTAL USES OF CASH** | $ | 1,577 | 1,397 | 1,397 | 14,435 | 1,427 | 1,000 | 1,650 | 13,045 | 1,000 | 1,000 | 1,000 | 2,275 | 14,463 | |
| **BEGINNING CASH** | $ | - | - | - | - | - | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | |
| **ENDING CASH** | $ | - | - | - | - | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | ($0) | 0 | |

**Exhibit B**

**Redline**