UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 18-34658 |
| | § | |
| **HOU-TEX BUILDERS, LLC, *et al.*,** [1] | § | Chapter 11 |
| | § | |
| DEBTORS. | § | Jointly Administered |
| | § | |

**AMENDED NOTICE OF RULE 2004
EXAMINATION OF JIM D. NORED**

TO:  Jim D. Nored
     Crosby Dental Center
     50 Briar Hollow Lane, Suite 125W
     Houston, Texas 77027

Pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004, HOUTEX Builders, LLC; 2203 Looscan, LLC; and 415 Shadywood, LLC (collectively, the "Debtors") intend to examine Jim D. Nored ("Nored") on **February 1, 2019 starting at 12:30 p.m. (CT)** (or such other time that may be agreed). The examination will take place at the offices of **Diamond McCarthy LLP, 909 Fannin St., Suite 3700, Houston, Texas 77010**, unless otherwise agreed, and will continue from day to day until completed. The examination will be taken before a court reporter authorized by law to administer oaths and may be videotaped.

In addition, Nored is required to produce the original or a copy of all Documents listed and defined on the subpoena duces tecum attached as **Exhibit 1** to this notice **on or before January 24, 2019** to the offices of **Diamond McCarthy LLP, c/o Charles M. Rubio, 909 Fannin St., Suite 3700, Houston, Texas 77010**.

---

[1]  The names of the debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Houtex Builders, LLC (2111), 2203 Looscan, LLC (1418) and 415 Shadywood, LLC (7627).

Dated: January 21, 2019                              Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel to Debtors and Debtors-In-Possession*

## CERTIFICATE OF CONFERENCE

This is to certify that on January 21, 2019, I called Jim D. Nored and discussed the timing of the examination. The parties agreed to re-schedule the examination for Friday, February 1, 2019, at 12:30 p.m. (CT).

*/s/ Charles M. Rubio*
Charles M. Rubio

# EXHIBIT 1
## SUBPOENA DUCES TECUM
## INSTRUCTIONS

1. All Documents described that are in Your possession, custody, or control, including Documents, wherever located, within the possession, custody, or control of Your advisors, Affiliates, agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, subsidiaries, and other persons acting or who have acted on behalf of the foregoing shall be produced as directed herein.

2. Any Document requested herein that is not in Your immediate physical possession, but which You have a right to obtain from a third person or otherwise subject to Your control, shall be obtained and produced as directed.

3. The selection of Documents from files and other sources shall be performed in such a manner as to insure that the file or the source from which a Document is obtained may be identified.

4. Documents attached to other Documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

5. Electronically stored information ("ESI") should be produced in native format unless otherwise agreed between counsel or unless such information could not be retrieved or accessed with the use of commonly used commercial off-the-shelf software, in which event counsel is requested to contact the undersigned to discuss the form of production.

6. All Documents produced in response to this request shall be produced en toto notwithstanding the fact that portions thereof may contain information not requested, and shall include interim and drafts as well as final editions of the Document, and shall include all additions or copies of a Document which are not identical to (whether due to handwritten notation, or revisions, or otherwise) the original or other produced copy of the Document.

7. If any Documents requested herein are withheld from production on the alleged grounds of privilege or immunity (whether under common law, statute, or otherwise), each such Document is to be identified by stating: (a) the identity of each person who prepared and/or signed the Document; (b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the Document; (d) the date of the Document; (e) the subject matter of the Document; (f) the type of Document; and (g) the basis for withholding the Document.

8. If any Document requested herein contains both privileged and non-privileged material, the non- privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Documents.

9.  In the event that any Document requested herein has been destroyed or discarded, that Document is to be identified by stating: (a) any address or any addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the Document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the persons who authorized and carried out such destruction or discard; and (g) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

10. Any copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document, whether by reason of handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such a Document is within Your possession, custody, or control. A request for any Document shall be deemed to include a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or Document comparisons, in addition to the Document itself. Each Document is to be produced in its entirety, without abbreviation or expurgation.

## DEFINITIONS

1.  "The term "Affiliate" has the meaning ascribed to such term in section 101(2) of the Bankruptcy Code.

2.  The terms "all," "each" and "any" shall be construed to mean all, each, every, and any.

3.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.  The term "Bankruptcy Case" means the voluntary chapter 11 cases of the Debtors, In re HouTex Builders, LLC, *et al.*, Case No. 18-34658 (jointly administered), pending before the Court.

5.  The term "Court" means the United States Bankruptcy Court for the Southern District of Texas.

6.  The term "Debtors" means In re HouTex Builders, LLC, 415 Shadywood LLC, 2203 Looscan Lane, LLC, and any advisors, Affiliates, agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, and other Persons acting, or who have acted, on behalf of the foregoing.

7.  The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), made applicable to this proceeding by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate Document within the meaning of this term.

2

8. The term "including" means including but not limited to.

9. The term "PENSCO Trust" means PENSCO Trust Company LLC Custodian FBO Herbert Andrew Chiles (Dec'd) IRA any advisors, Affiliates, agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, and other Persons acting, or who have acted, on behalf of PENSCO Trust.

10. The term "Person" means a natural person or any corporation, partnership, association, joint venture, firm, or other business enterprise or legal entity, and includes both the singular and the plural.

11. The term "Property" means that certain 136.322 acre tract described as: the Southerly 136.322 acres out of and a part of the East one-half of that certain 550 acres as described in the Deed to Selected Lands, LTD 312, recorded in Volume 822, Page 932 of the Montgomery County, Texas, Deed Records.

12. The terms "regarding", "related to", "relate to", "relating to", "referred to", "refer to", and "referring to" mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, constituting, showing, memorializing, describing, analyzing, reflecting, pertaining to, compromising, identifying, discussing, evidencing, or otherwise establishing a reasonable, logical, or causal connection.

13. The term "You" or "Your" means Jim D. Nored and any of his Affiliates agents, attorneys, accountants, consultants, employees, experts, investment bankers, representatives, and other Persons acting, or who have acted, on behalf of the foregoing.

**DOCUMENTS AND TANGIBLE THINGS TO BE PRODUCED**

1. Any and all Documents related to the Promissory Note dated May 30, 2014 in the principal amount of $1,600,000 executed by Jim D. Nored in favor of Houtex Builder LLC, including any records of any transfers received or made by You related to such Promissory Note.

2. Any and all Documents related to any financial transaction You entered into with any of the Debtors.

3. All closing statements from any title companies related to the Property.

4. All written or electronic communications between You and Robert Parker from September 2012 to the present.

5. All written or electronic communications between You and CD Homes, LLC from September 2012 to the present.

6. All written or electronic communications between You and Hampton Lanes from September 2012 to the present.

7. All written or electronic communications between You and PENSCO Trust from September 2012 to the present.

8. Any and all Documents relating to any liens that You have asserted against any property owned by any of the Debtors at any time between September 2012 and the present.

9. Any and all deeds of trust relating to any properties owned by the Debtors.

4