UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 18-34658 |
| | § | |
| HOU-TEX BUILDERS, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| DEBTORS. | § | Jointly Administered |
| | § | |

**MOTION TO COMPEL CD HOMES LLC'S
AND ROBERT PARKER'S RESPONSES TO DISCOVERY**
[Relates to ECF Nos. 179, 207]

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

HOUTEX Builders, LLC; 2003 Looscan Lane, LLC; and 415 Shadywood, LLC (collectively, the "Debtors") file this motion (the "Motion") to compel CD Homes, LLC's and Robert Parker's responses to discovery and would respectfully state as follows:

---

[1] The names of the debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Houtex Builders, LLC (2111), 2203 Looscan, LLC (1418) and 415 Shadywood, LLC (7627).

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Rule 2004, 7037, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## FACTUAL AND PROCEDURAL BACKGROUND

4. On August 23, 2018 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing the Chapter 11 Cases.

5. Prior to the Petition Date, the Debtors operated as special-purpose entities established for the purpose of constructing new houses.

### A. Debtors' Attempts to Obtain Documents from CD Homes, LLC.

6. The Debtors noticed a Rule 2004 examination of CD Homes, LLC on November 8, 2018. ECF No. 131 (the "Original Notice"). The Original Notice included a subpoena duces tecum with fifteen document requests seeking information about, among other things, potential transfers from the Debtors to CD Homes.

7. CD Homes filed a Motion to Quash the Original Notice on November 19, 2018. ECF No. 145.

8. The Debtors filed an Amended Notice of Rule 2004 Examination of CD Homes, LLC on November 21, 2018. ECF No. 146 (the "Amended Notice").

9. CD Homes then filed a second Motion to Quash, interposing various objections to both the original and supplemental document requests. ECF No. 172.

**B.     Court Orders CD Homes to Produce Documents.**

10.     On December 11, 2018, the Court denied in part both of CD Homes's motions to quash and overruled all of CD Homes's objections except with respect to a request for a document requests concerning CD Homes's governance documents. ECF No. 179 (the "Order").

**C.     CD Homes's February Production.**

11.     On February 11, 2019, CD Homes produced documents in response to the Amended Notice (the "February Production").

12.     Although the February Production included additional documents, a review of those documents reveals several deficiencies.

*i.     Improper Redactions.*

13.     First, CD Homes manually redacted much of the information on CD Homes's bank records. CD Homes gave no explanation for these redactions, and the Order does not contemplate any redactions.

*ii.     Incomplete Records.*

14.     Second, CD Homes has failed to produce certain records in full. Most bank statements include only the first page. CD Homes also produced print-outs of e-mails that indicated the e-mail had attachments. In certain cases, however, no attachments are included. In other cases, the e-mails are part of chains but the earlier e-mails are not produced. The Order leaves CD Homes no room to produce incomplete records.

*iii.    No Electronic Data.*

15.     Third, CD Homes continues to refuse to produce its data, including its accounting information and its e-mails, in electronic format. CD Homes has maintained that it does not have a digitized accounting system. Yet the February Production includes summary sheets that appear to be

computer generated. Further, CD Homes produced print-outs of relevant e-mails instead of providing them in native format so that the metadata can be accessed.

### D. Debtors Conferred with CD Homes.

16. The Debtors sent a letter to Dick Fuqua, counsel for CD Homes, identifying deficiencies with the February production and demanding that these deficiencies be corrected. A copy of the letter is attached hereto as **Exhibit A**. As of the filing of this Motion, CD Homes has not corrected the deficiencies.

### E. Debtors' Attempts to Obtain Information from Robert Parker.

17. On January 15, 2019, the Debtors filed their *Notice of Rule 2004 Examination of Bob Parker* (the "Parker 2004 Exam") [ECF No. 207].

18. The deposition of Robert Parker under the Parker 2004 Exam commenced on March 20, 2019 and is scheduled to continue on March 26, 2019.

19. At the deposition that occurred on March 20, 2019, Robert Parker refused to answer any questions related to CD Homes, LLC projects that are not the Debtors' specific projects. CD Homes, LLC is involved in at least four other projects at this time including 1718 Cherryhurst, 2501 Yupon Street, 1536 Indiana and 1647 Vassar. Mr. Parker refuses to answer any questions related to these projects or other project that CD Homes was involved in in the past on the basis that CD Homes has determined that such project do not involve the Debtors. Mr. Parker refuses to answer questions including identifying the investors in these projects, the terms of the investments in these projects, and where the funds for the projects came from. The Debtors' believe that CD Homes has taken funds that belong to the Debtors and have used them in connection with these projects. Mr. Parker's refusal to answer these questions related to these other projects is impairing the Debtors' ability to investigate potential causes of action and assets of the Debtors' estates.

**RELIEF REQUESTED**

20.     The Debtors seek entry of an order, substantially in the form of the attached hereto, that orders CD Homes to (i) immediately produce in full all documents responsive to the document requests in the Amended Notice without redactions[2]; (ii) require Mr. Parker to file a motion for a protective order if there is any information he intends not to disclose so the Court can evaluate and rule on these requests and (iii) pay sanctions to reimburse the Debtors for costs incurring in bringing this Motion.

**BASIS FOR RELIEF**

**A.    Bankruptcy Rule 7037.**

21.     Bankruptcy Rule 9014 states that contested matters, like this one, are governed by Bankruptcy Rule 7037.  Rule 7037 incorporates Federal Rule of Civil Procedure 37, which states that:

> [o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

FED. R. CIV. P. 37(a)(1).  Rule 37 also specifies that a party seeking discovery may move for an order compelling production (subsection (a)(3)(B)) and that "an evasive or incomplete . . . response must be treated as a failure to . . . respond" (subsection (a)(4)).

22.     With respect to sanctions, Rule 37(a)(5)(A) states that:

> If [a] motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

---

[2] For the avoidance of doubt, the Debtors are not seeking production based on the requests for which the Court upheld objections in its Order.

The only exceptions to this rule are if (i) the movant fails to confer; (ii) the opposing party's response (or lack thereof) was substantially justified; or (iii) other circumstances make awarding expenses "unjust." *See* FED. R. CIV. P. 37(a)(5)(A)(i)–(iii).

### B.     Debtors Conferred Regarding this Dispute.

23.     Counsel for the Debtors has complied with Rule 37 in trying to resolve these discovery issues with CD Homes in good faith without having to involve the court.  However, CD Homes has failed to correct the deficiencies with its production even though it has had over two weeks' notice of such deficiencies (which is in addition to the period of two months CD Homes took to produce documents after entry of the Order).

24.     At the deposition of Robert Parker, counsel for the Debtors informed Mr. Parker that the Debtors would seek a ruling from the Court if Mr. Parker refused to answer questions regarding its projects that CD Homes' alleges do not involve the Debtors.

### C.     CD Homes Has No Justification for its Discovery Deficiencies.

25.     CD Homes has no excuse for producing incomplete documents or redacted documents, or failing to produce documents in electronic format.  The Court adjudicated CD Homes's two motions to quash over two months ago.  CD Homes has had plenty of time to identify and produce responsive documents.

26.     Mr. Parker has no basis to refuse to answer questions about CD Homes's other projects.  Mr. Parker's responses to these questions could have a bearing on how this Court may decide issues in this case.  The information that the Debtors' seek is relevant to its investigation of potential causes of action.

### D.     Court Should Award Sanctions.

27.     Assuming that the Court grants this Motion, it should further award the Debtors their reasonable expenses in bringing this Motion.  None of the exceptions in Rule 37(a)(5)(A)(i)–(iii)

applies. The Debtors conferred with CD Homes about this dispute. As discussed above, CD Homes has no justification for its continued failure to produce documents completely and in the proper format, especially since its objections to production were adjudicated over two months ago. Further, no circumstances exists that would make awarding expenses unjust. The Debtors are simply asking the Court to compel CD Homes to comply with the Court's earlier Order, which should have settled any lingering doubts CD Homes had about its discovery obligations.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request entry of an order granting the relief requested and for such other and further relief as is just and proper.

Dated: March 21, 2019

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel to Debtors and Debtors-In-Possession*

## CERTIFICATE OF CONFERENCE

I certify that on March 4, 2019, I sent a letter to counsel for CD Homes and stated that the Debtors would file a motion to compel if CD Homes did correct the deficiencies with the February Production.  As of the filing of this Motion, CD Homes has not corrected such deficiencies.

I certify that on March 20, 2019, I conferred with counsel for CD Homes regarding Mr. Parker's refusal to answer questions related to projects that Mr. Parker has determined are unrelated to the Debtors.

*/s/ Charles M. Rubio*
Charles M. Rubio

## CERTIFICATE OF SERVICE

I certify that on March 21, 2019, I caused a true and correct copy of the foregoing Motion to be served on counsel for CD Homes, LLC by email.

*/s/ Charles M. Rubio*
Charles M. Rubio

# DIAMOND McCARTHY LLP
## Attorneys & Counselors

Two Houston Center | 909 Fannin, 37th Floor | Houston, TX 77010 | Phone: 713.333.5100 | Fax: 713.333.5199

CHARLES M. RUBIO | PARTNER
crubio@diamondmccarthy.com
P. 713.333.5127
F. 713.333.5195

March 4, 2018

Dick Fuqua                                              **_VIA CERTIFIED MAIL_**
Fuqua & Associates, PC
5005 Riverway Dr., Suite 250
Houston, TX 77056-2131

      **Re: CD Homes Document Production –** *In re HOUTEX Builders, LLC*, **Case No. 18-34658 (Bankr. S.D. Tex.)**

Dear Mr. Fuqua,

      I write to highlight certain deficiencies in CD Homes, LLC's responses to the document requests contained in the Amended Notice of Rule 2004 Examination of CD Homes, LLC filed by HOUTEX Builders, LLC; 2203 Looscan, LLC; and 415 Shadywood, LLC (collectively, the "Debtors"). I hope that we can reach an informal resolution of these issues and avoid the need to file a motion to compel.

      **Bank Statements Are Incomplete and Contain Improper Redactions.**

      In response to request no. 2, CD Homes produced copies of CD Homes' bank statements. However, CD Homes manually redacted much of the information on the statements. For example, CD Homes produced a redacted bank statement for February 2017. In it, CD Homes redacted information about check no. 7564 in the amount of $3,000.00. The check number and amount can be verified because CD Homes produced that check elsewhere in the February Production.

      CD Homes has not explained these redactions, much less why it decided to redact highly relevant information on one document (presumably on the grounds that it is confidential) but disclose it in another. Moreover, the Court's order denying CD Homes' motion to quash [ECF No. 179] (the "Order") does not contemplate any redactions.

      CD Homes' bank statements are also incomplete because only the first page of many statements is provided.

      The redactions and incomplete production are contrary to the terms of the Amended Notice, which state that "[a]ll Documents produced in response to this request shall be produced en toto notwithstanding the fact that portions thereof may contain information not requested . . . ." *See* Amended Notice, Instruction No. 6. CD Homes did not object to this instruction in its motion to quash. The Court's Order also does not give CD Homes the option to produce

**Diamond McCarthy LLP**
March 4, 2019
Page 2

incomplete or redacted material. Therefore, the Debtors require that CD Homes produce its complete bank records without redactions.

### No Electronically-Stored Information Was Produced.

In response to various requests, CD Homes failed to produce electronic data in native format. For example, CD Homes produced paper print-outs of e-mails between Robert Parker and Gary Hmaidan and PENSCO Trust. Similarly, the production contains list of checks or payments (e.g., the list of CD Homes payments to Robert Parker) that appear to have been computer-generated. This strongly suggests that the lists—and likely the information contained in them—exist in electronic format.

The Amended Notice states that "Electronically stored information ("ESI") should be produced in native format unless otherwise agreed between counsel or unless such information could not be retrieved or accessed with the use of commonly used commercial off-the-shelf software, in which event counsel is requested to contact the undersigned to discuss the form of production." *See* Instruction No. 5. CD Homes has not provided any explanation for its failure to produce its ESI or otherwise objected to Instruction no. 5. The Debtors therefore ask that CD Homes immediately produce any and all ESI responsive to the requests in the Amended Notice.

Further, in certain cases, e-mails that appear to contain attachments were not produced with their attachments. This includes e-mails between Robert Parker and Gary Hmaidan. CD Homes's failure to produce these documents violates instruction no. 4 of the Amended Notice, which states that "Documents attached to other Documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping."

### No Privilege Log Was Provided.

Instruction no. 7 requires CD Homes to provide a privilege log "if any Documents requested herein are withheld from production on the alleged grounds of privilege or immunity (whether under common law, statute, or otherwise)." CD Homes did not produce a privilege log. Please confirm whether CD Homes possesses privileged documents responsive to the requests in the Amended Notice.

### Clarification Regarding Accounting Records.

Finally, the Debtors have noted that CD Homes did not produce any balance sheets, asset lists, profit-and-loss statements, income statements, or similar records reflecting its overall financial condition. Please confirm that CD Homes does not have any such documentation.

We need CD Homes to correct the deficiencies in its document production by **Monday, March 11, 2019**. The Debtors reserve all of their rights to seek to compel production and for sanctions.

**Diamond McCarthy LLP**

March 4, 2019
Page 3

    If you have any questions or wish to discuss these issues further, please contact me at 713-333-5127 or by e-mail at crubio@diamondmccarthy.com.

    Very truly yours,

    Charles M. Rubio

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 18-34658 |
| | § | |
| HOU-TEX BUILDERS, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| DEBTORS. | § | Jointly Administered |
| | § | |

**ORDER GRANTING MOTION TO COMPEL CD HOMES LLC'S
AND ROBERT PARKER'S RESPONSES TO DISCOVERY**
[Relates to ECF No. 145]

This matter came before this Court on the *Motion To Compel CD Homes LLC's and Robert Parker's Responses To Discovery* [ECF No. ___] (the "Motion") filed by Houtex Builders, LLC, 2003 Looscan Lane, LLC and 415 Shadywood, LLC (the "Debtors"). After consideration of the Motion, any response thereto, and the record in this case, it is

ORDERED that the Motion is granted; it is further

ORDERED that CD Homes shall produce all documents in its possession that are responsive to the Amended Notice[2] (except as to those document requests for which objections were sustained by the Order) by April ___, 2019; it is further

ORDERED that CD Homes is not permitted to redact any portion of the production; it is further

ORDERED that Robert Parker is required to answer questions related to all of CD Homes's projects; and it is further

ORDERED that CD Homes shall pay the Debtors the amount of $_____, representing reasonable expenses incurred in making the motion, including attorney's fees.

---

[1] The names of the debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Houtex Builders, LLC (2111), 2203 Looscan, LLC (1418) and 415 Shadywood, LLC (7627).

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

ORDER GRANTING MOTION TO COMPEL

SIGNED this _____ day of _____, 2019.

                                                                             UNITED STATES BANKRUPTCY JUDGE