

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
06/14/2019

| | | |
|---|---|---|
| IN RE: | § | |
| HOUTEX BUILDERS, LLC, *et al* | § | CASE NO: 18-34658 |
| | § | |
| 415 SHADYWOOD, LLC | § | CASE NO: 18-34659 |
| | § | |
| 2203 LOOSCAN LANE, LLC | § | CASE NO: 18-34660 |
| | § | Jointly Administered Order |
| Debtor(s) | § | |
| | § | CHAPTER 11 |

## ORDER GRANTING SANCTION AGAINST ROBERT PARKER

This matter is before the Court on the Amended Order Granting Motions to Compel (ECF No. 296). The Court set an evidentiary hearing to determine an award of fees and costs pursuant to Federal Rules of Civil Procedure 37, and that hearing was held on June 12, 2019. HouTex Builders, LLC, 2003 Looscan Lane, LLC, and 415 Shadywood, LLC (collectively, the "Debtors") seek $16,533.50 in reasonable expenses based on two orders compelling discovery. The Court heard testimony from Charles Rubio, attorney for the Debtors, and Robert Parker ("Parker"), the apparent principal of creditor CD Homes, LLC ("CD Homes"). For the following reasons, the Court sanctions Robert Parker, in his individual capacity, in the amount of $14,639, which is payable to the Debtors.

## FACTUAL BACKGROUND

On August 23, 2018, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On September 9, 2018, the Court entered an Order for Joint Administration (ECF No. 32). The Debtors are special purpose entities established to construct new houses. At the petition date, debtor HouTex Builders, LLC owned the properties located at 3 Thornblade Circle, The Woodlands, TX 77389 ("Thornblade") and 5325 Lynbrook Dr,

Houston, TX 77056 ("Lynbrook").  Debtor 415 Shadywood, LLC owned the property located at 415 Shadywood Rd., Houston, TX 77057 ("Shadywood").  Debtor 2203 Looscan Lane, LLC owned the property located at 2203 Looscan Lane.  Several of these properties have now been sold pursuant to this Court's orders.

The Debtors are each owned 100% by Charles C. Foster and Lily Foster (together, the "Fosters").  Each Debtor is a party to a certain Contractor Agreement with CD Homes ("CD Homes").  CD Homes is the general contractor for building the houses on the properties.  The Fosters and Parker have had a business relationship spanning about ten years.  They are now involved in a contentious dissolution of that business relationship through this bankruptcy proceeding.  The Debtors believe that CD Homes and/or Parker have taken funds that belonged to the Debtors and used them in connection with their current projects or otherwise expended the for some other improper and unauthorized purpose.

The parties have been involved in numerous discovery disputes during this case (See ECF Nos. 4, 28, 145, 227, 241, 242, 291, and 296).  The Court's first order compelling discovery was entered on March 28, 2019 (ECF No. 246).  That order related in part to the Rule 2004 exam of Parker (ECF No. 207).  On January 15, 2019, the Debtors filed a Notice of Rule 2004 Examination of Parker.  Mr. Parker's 2004 Examination commenced on March 20, 2019, and was scheduled to continue March 26, 2019.  At that examination, Parker refused to answer any questions related to CD Homes' investors, who began their relationship with CD Homes after the Debtors filed for bankruptcy. Specifically, Parker refused to answer any questions that required him to identify the investors in CD Homes' current projects, the terms of the investments, and the origin of the funds for its current projects.  CD Homes was involved in at least four other projects post-petition, which included 1718 Cherryhurst, 2501 Yupon Street, 1536 Indiana, and

1647 Vassar. Parker's counsel instructed him to not answer questions relating to any of these current projects. Many of Parker's other responses included some form of "I don't know" or "I cannot recall." The Debtors argued that Parker had no basis to refuse to answer questions about CD Homes' other projects. They also argued that Parker's refusal to answer these questions was impairing their ability to investigate potential causes of action or other potential estate assets. They argued that Parker had been intentionally avoiding discovery. The Court found these arguments compelling and granted the first Motion to Compel.

That order (ECF No. 246) specifically found that Parker was an unreliable witness. Additionally, the Court found Parker's responses to be "dishonest and disingenuous." In that order, the Court stated the following:

> Robert Parker is an unreliable witness, who offered evasive and nonresponsive answers to Debtors' valid questions during his Rule 2004 examination. Mr. Fuqua's stated objections and instructions to his client not to respond were baseless and without merit.

The order also set a final hearing on the Motion to Compel on April 4, 2019. Thereafter, on April 3, 2019, a day prior to the scheduled final hearing, Parker and CD Homes delivered documents. This late production resulted in the final hearing being continued to a later date. The parties then agreed to continue the hearing (ECF No. 260) and the next day the Debtors filed a second Motion to Compel (ECF No. 261). After a status conference, both the final hearing and the second Motion to Compel were set for hearing on May 14, 2019. The Court held a hearing and subsequently granted the motion (ECF No. 295). The Court then set a hearing to determine an appropriate sanction, which is presently before the Court.

## THE LEGAL STANDARD

Fed. R. Bankr. P. 7037 applies when a party fails to produce discovery or cooperate in the discovery process. That rule provides that Fed. R. Civ. P. 37 applies to adversary proceedings

and contested matters. Rule 37 authorizes the court to sanction certain actions that interfere with the discovery process. Specifically, Rule 37(a) permits a party to file a motion to compel discovery, including:

> • the answer to questions posed to a deponent pursuant to Civil Rule 30 or 31 (Fed. R. Civ. P. 37(a)(3)(B)(i));
> • the designation by a corporation or other entity of a representative pursuant to Civil Rule 30(b)(6) or 31(a) (Fed. R. Civ. P. 37(a)(3)(B)(ii));
> • the answer by a party to an interrogatory propounded pursuant to Civil Rule 33 (Fed. R. Civ. P. 37(a)(3)(B)(iii));
> • the production and inspection by a party of documents or things as allowed by Civil Rule 34 (Fed. R. Civ. P. 37(a)(3)(B)(iv)); and
> • the making of disclosures required by Civil Rule 26(a) (Fed. R. Civ. P. 37(a)(3)(A)).

Such a motion must be accompanied by a certification that the movant has, in good faith, conferred or attempted to confer with the opposing party to obtain the disclosure or discovery without court action. Fed. R. Civ. P. 37(a)(1). If the court grants the motion, or if the disclosure or production is made after the motion is filed, the court **must award the movant the reasonable expenses incurred in bringing the motion**, unless the motion was filed without first making a good faith effort to obtain the disclosure or discovery, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). The court should note that, if the failure to disclose or produce information involves electronically stored information, the court may not, absent exceptional circumstances, impose sanctions if the information was lost as the result of the "routine, good faith operation of an electronic information system." Fed. R. Civ. P. 37(e). This is not applicable in this case.

## FACTUAL FINDINGS

Having granted both Motions to Compel (ECF 227 and 261), the Court must award the movant reasonable expenses incurred in bringing the motion. The only exceptions would be if

the motion was filed without first making a good faith effort to obtain the disclosure or discovery, the opposing party's nondisclosure, response, or objection was substantially justified, or other circumstances make an award of expenses unjust.  The Court finds that the Debtors made a good faith effort to obtain the discovery by deposition and a request for production to Parker.  Further, the Court has previously found that the Parker was an unreliable witness and that his discovery responses were "dishonest and disingenuous."  Still further, the Court found that the objections and instructions to Parker from his attorney not to respond were baseless and without merit.  Therefore, the Court finds that Parker was not substantially justified in failing to appropriately disclose or respond to the discovery requests. The Court finds no other circumstances making an award of expense unjust.

## **ROBERT PARKER'S DEFENSES**

Parker asserted several defenses.  First, he noted an involuntary bankruptcy filing under Chapter 11 of HL Builders, LLC f/k/a CD Homes filed on May 20, 2019, in the Southern District of Texas (Case No. 19-32825).  Pursuant to 11 U.S.C. §§ 541(a) and 362(a), the mere filing of an involuntary petition creates an estate and triggers the applicable automatic stay provisions.  That debtor has timely objected to the involuntary petition and matters related to that case are currently pending.

The Court finds that Parker is not protected by the automatic say in that involuntary case. Parker has consistently represented that he is a consultant to HL Builders, LLC f/k/a CD Homes; therefore, the automatic stay does not provide any impediment to this court awarding reasonable expenses for the Debtors and against Parker individually.  However, the same is not true of HL Builders, LLC f/k/a CD Homes and any award of reasonable expenses as to the alleged involuntary debtor are abated until further order.

Parker's second defense is that this Court's prior findings relate to electronically stored information ("ESI") possessed only by CD Homes and not Parker individually. As succinctly stated by Parker's counsel, "Mr. Parker had no documents that only CD Homes had documents" to produce.

On May 14, 2019, the Court held the following in its order on the motions to compel:

> The Court finds CD Homes has not produced electronically stored information in its native format as required and has instead limited its production without cause. Specifically, by not producing the required ESI of any Quickbooks records.
>
> Accordingly, the Court compels CD Homes LLCs and Robert Parker to produce to the Debtors, not later than May 24, 2019, all electronically stored information ("ESI") in its native format that are accounting records and/or include any transactions related to the Debtors from the time period commencing September 25, 2012 through the Petition Date including but not limited to Quicken or QuickBooks files.

Parker has repeatedly claimed ignorance regarding his ability to produce a QuickBooks file in its native (ESI) format.[1] Therefore, he argues that his lack of production CD Homes' fault and not his. This argument fails for several reasons. First, this Court has already held that Parker is an unreliable witness and that his prior responses were "dishonest and disingenuous." The Court does not believe Parker when he makes such claims. Further, while Parker represents himself to be only a consultant to CD Homes, this claim is dubious. Parker appears to control CD Homes and he has repeatedly testified that he has intimate and detailed knowledge of CD Homes' business dealings. The Court notes that no other witness has appeared or testified on behalf of CD Homes in any of the numerous hearings held before this Court. Parker appears to be the only person who has personal knowledge of the formation, operations, and financial affairs of CD Homes. The record in this case is replete with evidence that Parker is the primary decision

---

[1] Producing a QuickBooks file in its native ESI format is simple. Also, QuickBooks can be set to automatically back up its data every time the program is closed or on a regular schedule. A backup file is the native ESI file requested by the debtors, which was not produced.

maker for CD Homes and controls its finances. Still further, the record is clear that no other person or entity exercises any control over CD Homes' formation, operations, or financial affairs. Parker has testified in many hearings before this Court. The Court finds he is directly responsible for not producing ESI to the Debtors.

In addition, Parker's argument totally ignores the Court's March 27, 201,9 order on the prior Motion to Compel (ECF No. 227). That order stated that it is "ORDERED that Robert Parker is required to answer questions related to all of CD Homes' current projects." Even if the Court were to agree with Parker's analysis regarding the CD Homes' ESI of CD Homes, the award of reasonable expenses as a sanction would be justified pursuant to the Court's March 27 order.

Parker's last argument is to the reasonableness of the expenses sought by the Debtors. These arguments are more well founded. The Court treats a sanction award for reasonable expenses under Fed. R. Civ. P. 37 as an award for reasonable compensation for actual and necessary services; therefore, it uses a lodestar method of fee calculation. The lodestar analysis is the method by which federal courts should determine reasonable attorney fees under federal statutes which provide for such fees. *See, e.g.*, *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711 (1987) (lodestar method used to calculate fees under Clear Air Act); *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (lodestar method used to calculate fees under 42 U.S.C. § 1988); *Shipes v. Trinity Indus.*, 987 F.2d 311 (5th Cir. 1993). The lodestar is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. *Id*. Courts have modified the lodestar amount for a variety of reasons, including redundant work, excessive hours on unproductive assignments, and low-

skill tasks performed by high-priced personnel. Courts should not award compensation for unnecessary duplication of services or services that were not reasonably necessary.

Parker objects to three sets of time records. He first objects that the time records from 4/4/2019 and 5/14/2019 are duplicative. These time entries are for multiple lawyers representing the Debtors jointly at court hearings. The Debtors seek an award of reasonable expenses based on a partner's billing rate of $525 per hour, where he is likewise accompanied by an associate lawyer who is billing an additional $360 per hour.[2] The cumulative billing of $885 per hour for hearings is excessive and constitutes unnecessary duplication and an excessive fee. The Court sustains Parker's objection to these duplicative time entries and disallows the associate attorney's billing for hearings. The Debtors may have multiple counsel representing them at hearings, but this Court will only allow a cumulative billing rate not to exceed $525 per hour. The Court disallows 2.2 hours of the time requested for a total disallowance of $792.

Parker also objects to a time entry on 3/25/2019 of 1.6 hours to attend a telephonic hearing on a Motion to Compel and duplication of effort between the partner attorney and the associate attorney. The Court notes that this hearing did not last 1.6 hours—it was called at 4:01 p.m. and ended at 4:26 p.m.[3] Additionally, there appears to be duplication of effort between the partner and associate attorneys in preparation for this hearing. Therefore, the Court disallows all but .6 hours, which would allow the time for counsel to prepare for the hearing and to call into the hearing. Therefore, the Court disallows an additional 1 hour, or $525.

Finally, Parker objects to time entries on 5/8/2019, 5/9/2019, and 5/10/19 regarding the preparation of Linda Schmuch, an accountant whose testimony was limited. Parker's objection that the time expended on Schmuch's witness preparation was excessive is sustained. Ms.

---

[2] The Court notes that the lawyer's billing rates were not challenged, only the duplication of effort.
[3] The time posted is rounded up to the nearest minute.

Schmuch examined non-ESI printed QuickBook records for her testimony. However, her testimony was limited because so many of the expense transactions in the printed QuickBooks register were shown as "split" transactions,[4] where the printed QuickBooks record did not contain an actual expense allocation but printed as a "split" transaction with no expense detail. Therefore, she could not properly allocate expenses for the hearing because the expense allocation did not print. Her testimony was limited to this single fact (that she was not unable to properly evaluate the non-ESI printed Quickbook records). Her direct and cross examination lasted less than ten minutes; however, almost 10 times that amount of time was billed for her witness preparation. The time expended was excessive, of limited benefit, and the Court limits it to .5 hours, disallowing 1.1 hours from these time entries. This is a disallowance of $577.50.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that The Court grants a sanction for reasonable expenses of $14,639 to HouTex Builders, LLC, 2003 Looscan Lane, LLC, and 415 Shadywood, LLC (collectively, the "Debtors"), and against Robert Parker individually.

**IT IS FURTHER ORDERED** that any action for reasonable expenses against HL Builders, LLC f/k/a CD Homes is abated until further order.

SIGNED: 06/14/2019.

Jeffrey P. Norman
United States Bankruptcy Judge

---

[4] A split transaction in QuickBooks is one posted to more than one account or subaccount. It refers to when the transaction is debited or credited for accounting purposes. In this case, it would track expenses by job (i.e. a home being built) and class of expense (i.e. framing, electrical, plumbing, etc.).