Exhibit A

Plan Support Agreement with Great Southwest Financial Corp.

## PLAN SUPPORT AGREEMENT

This Plan Support Agreement (the "Agreement") is made and entered into as of May 20, 2019, by and among (i) Houtex Builders, LLC (the "Debtor"), (ii) Great Southwestern Financial Corp. ("GSFC"), and (ii) Charles C. Foster ("Foster"). Each the Debtor, GSFC and Foster are referred to as a "Party" and collectively as the "Parties".

## RECITALS

WHEREAS, the Debtor is a debtor and debtor-in-possession in a jointly administered chapter 11 bankruptcy case pending as case number 18-34658 (the "Bankruptcy Case") in the U.S. Bankruptcy Court for the Southern District of Texas (the "Court");

WHEREAS 2203 Looscan Lane, LLC and 415 Shadywood, LLC ("Companion Debtors") are debtors in companion cases to the Bankruptcy Case;

WHEREAS, the Debtor has filed a chapter 11 plan (the "Chapter 11 Plan") in the Bankruptcy Case and in the bankruptcy cases of the Companion Debtors, which Chapter 11 Plan treats Spirit of Texas Bank as a secured creditor ("SOTB Claim") and GSFC as a general unsecured creditor (the "GSFC Claim") of the Debtor and GSFC disputes these treatments;

WHEREAS, Foster is the post-petition lender for the Debtor, he is the holder of a proof of claim against the Debtor [Claim No. 17] (the "Foster Claim") and he is the guarantor on the SOTB Claim;

WHEREAS, the Debtor has informed GSFC that it intends to dispute proofs of claim filed by CD Homes, LLC [Claim Nos. 12, 13 and 16], Anna Williams [Claim No. 9], and 1040 Hyde Park LLC [Claim Nos. 10 and 11] (collectively, the "Parker Claims"); and

WHEREAS, the parties hereto are entering into this Agreement to resolve, among other things, disputes related to the Chapter 11 plan and the treatment of the GSFC Claim.

NOW THEREFORE, in consideration of the promises and mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      Obligations of the Debtor.  For so long as this Agreement remains in effect, the Debtor and the Companion Debtors agree, subject to the terms and conditions of this Agreement:

        (a)      To use commercially reasonable efforts to obtain confirmation of the Chapter 11 Plan;

        (b)      To use commercially reasonable efforts to object to the Parker Claims;

        (c)      To stipulate to the full amount and allowability of the GSFC Claim;

        (d)      To use commercially reasonable efforts to support the GSFC Claim pursuant to the treatment under the Chapter 11 Plan;  and

(e)     To use commercially reasonable efforts to support the Foster Claim and the GSFC Claim.

2.      <u>Obligations of Foster</u>.  For so long as this Agreement remains in effect, Foster agrees, subject to the terms and conditions of this Agreement:

(a)     To vote the entirety of the Foster Claim in favor of acceptance of the Chapter 11 Plan by delivering his duly executed and completed ballot accepting the Chapter 11 Plan on a timely basis;

(b)     Not to change, withdraw or revoke any vote to accept the Chapter 11 Plan;

(c)     Not to object to, delay, impede or take any other action to interfere with acceptance of the Chapter 11 Plan;

(d)     Not to take any action that would delay or postpone the confirmation or consummation of the Chapter 11 Plan;

(e)     To assign and turnover to GSFC twenty-three present (23%) of all proceeds Foster receives on account of the Foster Claim until GSFC has received distributions under the Plan and under this Agreement totaling $387,254.71.

(f)     To use commercially reasonable efforts to support the GSFC Claim in its full amount, including joining any defense of the GSFC Claim;  and

(g)     Not to take any action directly or indirectly inconsistent with the terms and conditions of this Agreement.

3.      <u>Obligations of Great Southwestern Financial Corp</u>.  For so long as this Agreement remains in effect, GSFC agrees, subject to the terms and conditions of this Agreement:

(a)     To vote the entirety of the GSFC Claim in favor of acceptance of the Chapter 11 Plan by delivering its duly executed and completed ballot accepting the Chapter 11 Plan on a timely basis;

(b)     Not to change, withdraw or revoke any vote to accept the Chapter 11 Plan;

(c)     Not to object to, delay, impede or take any other action to interfere with acceptance of the Chapter 11 Plan;

(d)     Not to take any action that would delay or postpone the confirmation or consummation of the Chapter 11 Plan;

(e)     To use commercially reasonable efforts to support the Foster Claim;  and

(f)     Not to take any action directly or indirectly inconsistent with the terms and conditions of this Agreement.

4.    Termination.

(a)    Each Party may terminate this Agreement by giving written notice to each of the other Parties within seven days upon the occurrence of any of the following events (each a "Termination Events") or, in the event of a failure to provide such notice, be deemed to have waived such right to terminate:

(i)    The Bankruptcy Case shall have been dismissed or converted to cases under chapter 7 of the Bankruptcy Code; or

(ii)    a modification to the economic treatment of such terminating Party's claims under the Chapter 11 Plan that is materially adverse to such terminating Party.

In the event that any Party terminates its respective obligations under this Agreement, such Party shall not have any continuing liability or obligation under this Agreement and shall be entitled to take all actions that it would have been entitled to take had it not entered into this Agreement; *provided*, *however*, that no such termination shall relieve any Party from liability for its breach or non-performance of its obligations hereunder prior to the date of termination.

5.    Acknowledgment.    While the Parties agree herein to support approval of the Chapter 11 Plan, this Agreement is not and shall not be deemed to be a solicitation for votes in favor of any chapter 11 plan or for consent to the Chapter 11 Plan in contravention of applicable non-bankruptcy law or section 1125(b) of the Bankruptcy Code.

6.    Entire Agreement.    This Agreement constitutes the entire agreement among the Parties as to the subject matter hereof and supersedes all prior and contemporaneous agreements, representations, warranties, and understandings of the Parties, whether oral, written, or implied, as to the subject matter hereof.

7.    Severability.    Any provision of this Agreement that is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof or affecting the validity or enforceability of such provision in any other jurisdiction.

8.    Modification; Waiver.    No modification or amendment of this Agreement shall be binding unless executed in writing by each of the Parties.  No waiver of any of the provisions of this Agreement shall be deemed or constitute a waiver of any other provision of this Agreement, whether or not similar, nor shall any waiver constitute a continuing waiver.

9.    Third-Party Beneficiaries.    Nothing contained in this Agreement shall confer any rights or remedies under or by reason of this Agreement on any person or entity other than the Parties hereto, nor shall anything in this Agreement relieve or discharge the obligation or liability of any third party to any Party to this Agreement.

10.    Settlement Discussions.    This Agreement is part of a proposed settlement among the Debtor, GSFC and Foster.  Nothing herein shall be deemed an admission of any kind.  Pursuant to Federal Rule of Evidence 408 and any applicable state rules of evidence, this Agreement and

3

all negotiations relating thereto shall not be admissible into evidence in any proceeding other than a proceeding to enforce the terms of this Agreement.

       11.    Receipt of Adequate Information; Representation by Counsel.  Each Party acknowledges that it has received adequate information to enter into this Agreement and that it has been represented by counsel in connection with this Agreement and the transactions contemplated by this Agreement.  Accordingly, any rule of law or any legal decision that would provide any party with a defense to the enforcement of the terms of this Agreement against such party shall have no application and is expressly waived.  The provisions of the Agreement shall be interpreted in a reasonable manner to effect the intent of the Parties.

       12.    Further Assurances.  Subject to the terms of this Agreement, the Debtor, GSFC and Foster agree to execute and deliver such other instruments and perform such acts, in addition to the matters herein specified, as may be reasonably appropriate or necessary, from time to time, to facilitate the confirmation and consummation of the Chapter 11 Plan.

       13.    Automatic Stay.  The Parties acknowledge that the giving of notice or termination by any Party pursuant to this Agreement shall not be violation of the automatic stay of section 362 of the Bankruptcy Code; *provided*, *however*, nothing herein shall prejudice any of the Parties' rights to argue that the giving of notice of termination was not proper under the terms of this Agreement.

       14.    Several and Not Joint.  The agreements, representations, and obligations of the Parties under this Agreement are, in all respects, several and not joint.  Any breach of this Agreement by any Party shall not result in any liability in any manner whatsoever for any other non-breaching Party.

       15.    Successors and Assigns.  This Agreement shall be binding upon, and shall inure to the benefit of, each Party hereto and its respective successors and assigns, including (in the case of any estate representative), any successor representative, whether in chapter 11 or chapter 7 of the Bankruptcy Code.

       16.    Headings.  The descriptive headings of the paragraphs of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

       17.    Interpretation.  This Agreement is the product of negotiations among the Parties, and in the enforcement or interpretation hereof, is to be interpreted in a neutral manner, and any presumption with regard to interpretation for or against any Party by reason of that Party having drafted or caused to be drafted this Agreement, or any portion hereof, shall not be effective in regard to the interpretation hereof.

       18.    Counterparts; Fax Signatures.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.  Delivery of an executed counterpart of a signature page by facsimile transmission or e-mail shall be effective as delivery of a manually executed counterpart.

19.    Governing Law.  Except to the extent that the Bankruptcy Code or Federal Rules of Bankruptcy Procedure are applicable, this Agreement shall be governed by, and construed in accordance with, the laws of the state of Texas, without giving effect to the conflicts of laws principles thereof.

20.    Jurisdiction.  Each Party hereby exclusively submits itself for the purpose of this Agreement and any controversy arising hereunder to (a) the jurisdiction of the Court during such time as the Debtor shall be subject to the jurisdiction of the Court or (b) otherwise, to the exclusive jurisdiction of the federal or state courts located in the State of Texas, and any courts of appeal therefrom, and waives any objection (on the grounds of lack of jurisdiction, forum non conveniens or otherwise) to the exercise of such jurisdiction over it by any such courts.

[Signature Page Follows]

IN WITNESS WHEREOF, each of the Parties has caused this Agreement to be executed and delivered as of the date first above written.

**HOUTEX BUILDERS, LLC, 2203 LOOSCAN LANE, LLC AND 415 SHADYWOOD, LLC**

By:   /s/ Charles C. Foster
       Charles C. Foster
       Manager

**GREAT SOUTHWESTERN FINANCIAL CORP.**

By:
       Name: Jonathan S. Finger
       Title: President of the Managing Member of
       Great Southwestern Financial Corp.
       Address: 2001 Kirby Drive, Suite 1300
       Houston, TX  77019

**CHARLES C. FOSTER**, individually

By:   /s/ Charles C. Foster

6