UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 18-34658 |
| | § | |
| HOU-TEX BUILDERS, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| DEBTORS. | § | Jointly Administered |
| | § | |

DEBTORS' OMNIBUS OBJECTION TO
PROOFS OF CLAIM FILED BY ANNA WILLIAMS
[Relates to Claim Nos. 9 in Case No. 18-34658;
Claim Nos. 3 in Case No. 18-34659, and
Claim No. 5 in Case No. 18-34660]

THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.

A HEARING HAS BEEN SET ON THIS MATTER ON SEPTEMBER 24, 2019 AT 11:00 A.M. IN COURTROOM 403, U.S. COURTHOUSE, 515 RUSK AVENUE, HOUSTON, TEXAS 77002.

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Houtex Builders, LLC, 415 Shadywood, LLC, and 2203 Looscan Lane, LLC (collectively, the "Debtors") file this omnibus objection (the "Omnibus Claim Objection") to the proofs of claims filed by Anna Williams in the Debtors' bankruptcy cases. Specifically, the Debtors object to claim 9 filed in the Houtex Builders, LLC bankruptcy case (Case No. 18-34658), claim 3 filed in the Shadywood, LLC bankruptcy case (Case No. 18-34659) and claim no. 5 filed in the 2203 Looscan Lane, LLC

---

[1] The names of the debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Houtex Builders, LLC (2111), 415 Shadywood, LLC (7627) and 2203 Looscan Lane, LLC (1418).

bankruptcy case (Case No. 18-34660) (collectively, the "Anna Williams Claims"). In support, of this Omnibus Claim Objection, the Debtors respectfully submit the declaration of Charles C. Foster (the "Foster Declaration") attached hereto as Exhibit A and state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Omnibus Claim Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of chapter 11 of the United States Code, (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Bankruptcy Local Rules for the southern District of Texas.

## RELIEF REQUESTED

4. The Debtor seeks entry of an order, substantially in the form of the attached hereto, disallowing the Anna Williams Claims in their entirety.

## BACKGROUND

5. The Debtors were in the business of building high-end, single-family homes in the Houston area. 415 Shadywood, LLC and 2203 and Looscan Lane, LLC were formed to finance the construction of homes at their respective addresses. Houtex Builders, LLC was formed to finance the construction of several homes, including ones located at 3 Thornblade, 15 Thornblade, 5325 Lynbrook, 3019 Ella Lee, 3054 Locke Lane, and 6111 Crab Orchard. The Debtors' properties at 415 Shadywood, 2003 Looscan Lane, 3 Thornblade and 5325 Lynbrook are each referred to as a "Property" and collectively as the "Properties".

**Contracts with CD Homes**

6.      The Debtors entered into a set of three contracts with CD Homes, LLC[2] ("CD Homes") related to each Property: (i) a Contractor Agreement; (ii) an Investor Agreement; and (iii) an Option Agreement (collectively the "Contracts").  The Contractor Agreement establishes CD Homes as the general contractor for the construction of single-family house on each Property.   The Investor Agreement and Option Agreement govern the financing and funding of the construction projects (each a "Project").

7.      With respect to funding the Projects, the Debtor entered into a construction loan (each a "Construction Loan") and an equity loan (each an "Equity Loan").   The principal amount of the Equity Loan for the Properties is as follows:

| Property | Equity Loan Principal Amount |
| --- | --- |
| 415 Shadywood | $405,000 |
| 2203 Looscan Lane | $638,625 |
| 3 Thornblade | $459,750 |
| 5325 Lynbrook | $339,000 |

8.      The Investor Agreements establish the following distribution waterfall upon the sale of a Property:

> The title company is to distribute Net Proceeds as follows: First, Net Proceeds will be used to repay the outstanding balance of the [Construction] Loan. Second, Net Proceeds will be used to repay the equity loan of [amount specified above for each Property] (hereafter the "Equity Loan"). Third, Net Proceeds will be used to pay Investor $50,000. Fourth, Net Proceeds will be used to pay 15% per annum interest on the Equity Loan. Fifth, Net Proceeds will be used to pay CD any amount it was required to provide under paragraph 6 of the Agreement. Sixth, Net Proceeds will be used to pay CD $50,000. All remaining Net Proceeds will be split equally between Investor and CD.

---

[2]     CD Homes recently changed its name to HL Builders, LLC during these bankruptcy cases.

Investors Agreements at ¶ 8. Section 8 of the Investor Agreement goes on to provide: "**If Net Proceeds are less than the amount required to make the first through the sixth payments listed above, then CD is to provide at closing the funds necessary to make up for the shortfall.**" *Id.* (emphasis added). This means that CD Homes guarantees the Debtors a minimum return of $50,000 on each Project.

9. Section 6 of the Investor Agreement provides: "**[Debtor] and [CD Homes] agree that if funds are required to make any payments that exceed the sum of the Investor's equity, as defined below, and the [Construction] Loan, all such funds are to be provided by [CD Homes]**." Investor Agreements ¶ 6 (emphasis added). Accordingly, CD Homes is obligated to provide any funds over the Construction Loan and the Equity Loan needed for the Projects.

### Anna Williams Claims

10. Anna Williams is the purported owner of CD Homes, though her husband Robert Parker exercises complete control over the entity.

11. Mrs. Williams filed Proof of Claim No. 9 against Houtex Builders, LLC. Attached to and supporting the Proof of Claim is invoice from Ferguson Enterprises, Inc. to CD Homes LLC relating to the 5325 Lynbrook Property. Mrs. Williams provides no explanation how this liability of CD Homes is a liability of Houtex Builders, LLC. Moreover, under the terms of the Contracts, CD Homes is responsible for all Project costs in excess of the Construction Loan and Equity Loan.

12. Mrs. Williams also filed Proof of Claim No. 3 against 415 Shadywood, LLC. In support of her claim, she attached invoices from BMC West LLC to CD Homes for various construction materials as well as credit card statements purportedly showing that she paid for the materials using her personal credit card. Mrs. Williams does not explain why 415 Shadywood is responsible for these invoices. Moreover, under the terms of the Contracts, CD Homes is responsible for all Project costs in excess of the Construction Loan and Equity Loan.

13. Finally, Mrs. Williams filed Proof of Claim No. 2 against 2202 Looscan Lane, LLC. To support of her claim, she attached invoices from BMC West LLC to CD Homes for various construction materials as well as credit card statements purportedly showing that she paid for the materials with her personal credit card. Mrs. Williams provides no explanation how this liability of CD Homes is a liability of Looscan Lane. Moreover, under the terms of the Contracts, CD Homes is responsible for all costs of the Looscan Project in excess of the Construction Loan and Equity Loan.

14. The Anna Williams Claims do not include sufficient information or supporting documentation. There is no information showing that the Debtors are liable for the amounts asserted in the Anna Williams Claims.

15. The Anna Williams Claims should be disallowed in their entirety because the Debtors are not obligated to pay these amounts.

**BASIS FOR RELIEF**

16. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection" which includes when "all the claims were filed by the same entity." Fed. R. Bankr. P. 3007(d).

17. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim must "set forth the facts necessary to support the claim." *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (citing 9, Resnick & Sommer eds., Collier on Bankruptcy ¶ 3001.09[1] at 3001-27 (15th ed. Rev. 2005)). If the proof of claim fails to set forth the necessary supporting facts, it is

"not entitled to the presumption of *prima facie* validity, and the burdens of going forward and of proving its claims by a preponderance of the evidence are on the [claimant]." *In the Matter of Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see also In re Svendson*, 34 B.R. 341, 342 (Bankr. D.R.I. 1983) (stating proofs of claim failed to "set forth all the necessary facts to establish the claim[s]."). Where a proof of claim is based on a writing, a claimant must attach all necessary supporting documents in order to comply with rule 3001(c) of the Bankruptcy Code. *In re All-Am. Auxiliary Ass'n*, 95 B.R. 540, 545 (Bankr. S.D. Ohio 1989).

18. A proof of claim also loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id.* Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

19. Here, the Investor Agreements clearly establish that CD Homes, not the Debtors, is responsible for any funds above the Construction Loan and the Equity Loan for each Project. Anna Williams therefore has no legal basis to assert the Anna Williams Claims against the Debtors. The Claims should therefore be disallowed in their entirety.

[Remainder of Page Intentionally Left Blank]

## CONCLUSION

For the reasons stated above and in the Foster Declaration, the Debtor respectfully requests entry of an order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated: August 14, 2019

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel to Debtors and Debtors-In-Possession*

## CERTIFICATE OF SERVICE

I certify that on August 14, 2019, I caused a true and correct copy of the foregoing Objection to be served on all parties registered to receive electronic notice through the Court's CM/ECF system and by email to counsel for Anna Williams at the following email address: RLFuqua@fuqualegal.com.

*/s/ Charles M. Rubio*
Charles M. Rubio