IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HOUTEX BUILDERS, LLC, et al, | § | CASE NO. 18-34658 |
| | § | (Chapter 11) |
| DEBTOR | § | |

## HL BUILDERS, LLC'S MOTION TO DISMISS DEBTORS' OMNIBUS OBJECTION TO PROOFS OF CLAIM FILED BY CD HOMES, LLC AND SUBJECT THERETO, RESPONSE

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**There will be a hearing on this matter on <u>October 22, 2019 at 11:00 am</u>, in Courtroom No. 401, 515 Rusk, Houston, TX 77002**

TO THE HONORABLE JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE:

Comes now, HL Builders, LLC f/k/a CD Homes, LLC (the "Claimant") and files this Motion to Dismiss the Debtors' Omnibus Objection to Proofs of Claim (the "Omnibus Claim Objection") filed by CD Homes, LLC and Subject thereto, Response and in support thereof, would respectfully show this Court as follows:

### MOTION TO DISMISS

1. The Omnibus Claim Objection filed by the Debtors Houtex Builders, LLC and 415 Shadywood, LLC (collectively, the "Debtors") does not comply with BR 3007(d) and

violates BR 3007(e). Therefore, the Omnibus Claim Objection should be dismissed.

## RESPONSE
## SUBJECT TO MOTION TO DISMISS

2. Subject to Claimant's Motion to Dismiss, Claimant admits the allegations contained in Paragraph 1 of Debtors' Omnibus Claim Objection.

3. Claimant admits the allegations contained in Paragraph 2 of Debtors' Omnibus Claim Objection.

4. Claimant admits the allegations contained in Paragraph 3 of Debtors' Omnibus Claim Objection.

5. Claimant denies the relief requested and the allegations contained in Paragraph 4 of Debtors' Omnibus Claim Objection.

6. Claimant denies the allegations contained in the first sentence of Paragraph 5 of Debtors' Omnibus Claim Objection. For further answer, each individual debtor was in the business of investing, contracting for services and ultimately dividing profits with the Debtors. Further, Claimant denies the allegations contained in the second and third sentences of Paragraph 5 of Debtors' Omnibus Claim Objection. Further, Claimant is without sufficient information to either admit or deny remaining allegations contained in Paragraph 5 of Debtors' Omnibus Claim Objection. Therefore, for pleading purposes, those allegations are denied.

7. Claimant admits the allegations contained in the first three sentences of Paragraph 6 of Debtors' Omnibus Claim Objection. Claimant admits it was the initial intention of the parties for the Investor Agreement and the Option Agreement to govern the financing and funding of the respective construction projects. However, by the action and agreement of the parties, the precepts

of these two agreements were modified. Therefore, Claimant denies the remaining allegations in Paragraph 6.

8. Claimant denies the allegations contained in Paragraph 7 of Debtors' Omnibus Claim Objection. For further answer, Claimant admits the original agreement between the parties contemplated financing by and for Charles Foster. The contemplated format did not occur and the agreements between the parties were modified by conduct, instructions from Charles Foster, and agreement of the parties. Therefore, Claimant denies the allegations contained in Paragraph 7 of Debtors' Omnibus Claim Objection.

9. Claimant denies the allegations contained in Paragraph 8 of Debtors' Omnibus Claim Objection. For further answer, the parties modified the effectuation of the Investor Agreements pursuant to Charles Foster's instructions and CD Homes' Agreement. For further answer, as plead, the initial agreement between the parties anticipated the treatment of profits described. However, the actions and agreements of the parties modified the original understanding of the parties.

10. Claimant admits that CD Homes did arrange all funds required by each Debtor and Charles Foster. For further answer, the parties modified the effectuation of the Investor Agreements pursuant to Charles Foster's instructions and CD Homes' Agreement. For further answer, as plead, the initial agreement between the parties anticipated the treatment of profits described. However, the actions and agreements of the parties modified the original understanding of the parties. Therefore, Claimant denies the allegations of Paragraph 9.

11. Claimant admits the allegations contained in the first sentence of Paragraph 10 of Debtors' Omnibus Claim Objection. Claimant denies the remaining allegations of Paragraph 10.

For further answer, the parties' contemplated format did not occur and the agreements between the parties were modified by the conduct of the parties, the instructions from Charles Foster, and the agreement of the parties.

12. To the extent any factual allegations are contained in Paragraph 11 of Debtors' Omnibus Claim Objection, they are denied.

13. To the extent any factual allegations are contained in Paragraph 12 of Debtors' Omnibus Claim Objection, they are denied.

14. To the extent any factual allegations are contained in Paragraph 13 of Debtors' Omnibus Claim Objection, they are denied.

15. To the extent any factual allegations are contained in Paragraph 14 of Debtors' Omnibus Claim Objection, they are denied.

WHEREFORE, PREMISES CONSIDERED, Claimant prays that Claimant's Motion to Dismiss Debtors' Omnibus Claims Objection be granted; alternatively, that Debtors' Omnibus Objection to Claims be denied; that all claims be allowed; and for such other and further relief to which Claimant may be justly entitled.

Dated: September 13, 2019

Respectfully submitted,

FUQUA & ASSOCIATES, PC

BY: /s/ Richard L. Fuqua
Richard L. Fuqua
State Bar No. 07552300
5005 Riverway, Suite 250
Houston, TX 77056
(713) 960-0277
(713) 960-1064 facsimile

rlfuqua@fuqualegal.com
COUNSEL FOR 1040 HYDE PARK, LLC

## CERTIFICATE OF CONFERENCE

I hereby certify that I have contacted Charles M. Rubio, Debtors' counsel, in a good faith attempt to resolve the dispute which is the subject of Debtors' Omnibus Claim Objection. At this time, settlement is not possible, therefore, a hearing will be required.

/s/ Richard L. Fuqua
Richard L. Fuqua

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss and Subject Thereto, Response was forwarded by ECF and/or regular United States mail, postage prepaid, on September 13 , 2019 to the parties listed below.

Charles M. Rubio
Michael D. Fritz
Diamond McCarthy LLP
Two Houston Center
909 Fannin, 37th Floor
Houston, TX 77010

/s/ Richard L. Fuqua
Richard L. Fuqua