## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:                                    §
                                          §
HOUTEX BUILDERS, LLC, et al.,             §     CASE NO.  18-34658
                                          §     (Chapter 11)
DEBTOR                                    §

## HL BUILDERS, LLC'S MOTION FOR LEAVE
## TO FILE AMENDED PROOF OF CLAIM

**THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**There will be a hearing on this matter on <u>November 13, 2019 at 11:00 a.m.</u>, in Courtroom No. 403, 515 Rusk, Houston, TX 77002**

TO THE HONORABLE JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE:

Comes now, HL Builders, LLC f/k/a CD Homes, LLC (***"HL Builders" or "Claimant"***) and

files this Motion for Leave to File Amended Proof of Claim (the ***"Motion"***) and in support thereof,

would respectfully show this Court as follows:

## I.  JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant

to 28 U.S.C. §§ 1408 and 1409.

## II.  BACKGROUND

2.     On August 23, 2018, HouTex Builders, LLC (***"Debtor"***) filed its Chapter 11 voluntary petition.

3.     The bar date to file claims was December 31, 2018.

4.     On December 31, 2018, Claimant timely filed its claim number 16 in the amount of $500,000 (the ***"Claim"***).

5.     Debtor filed its objection to the Claim on August 14, 2019 *[Dkt. No. 334]*.

6.     Claimant filed its response and motion to dismiss Debtor's objection to Claim on September 13, 2019 *[Dkt. Nos. 348, 352]*.

7.     Debtor filed its reply to Claimant's response and motion to dismiss Debtor's objection to Claim on October 4, 2019 *[Dkt. No. 364]*.

8.     A hearing on Debtor's objection to the Claim has been continued until Judge Rodriguez enters an order in the HL Builders' involuntary bankruptcy proceeding.

## III.  THE CLAIM

9.     Debtor was in the business of investing, contracting for services and ultimately dividing profits with Claimant.

10.     The initial intention of Debtor and Claimant was for the agreements between the parties, including the investor, contractor and option agreements, to govern the financing and funding of the respective construction projects.  However, by the actions and agreement of the parties, the precepts of the agreements were modified.

11.     Pursuant to the agreement of the parties, Claimant loaned money and provided ongoing and substantial goods and services with respect to the respective construction projects and the Claim is based upon the indebtedness arising with respect to same.

12.     Because the supporting documentation for the Claim consisted of thousands of pages, Claimant was unable to review, analyze and calculate the exact claim amount prior to the bar date; therefore, Claimant made a good faith estimate of $500,000 as the cumulative amount of monies, goods and  services provided to Debtor in order to timely file the Claim.

13.     On May 20, 2019, the Debtor herein initiated an involuntary chapter 11 petition against HL Builders in the United States Bankruptcy Court for the Southern District under Case Number 19-32825.  During the following months, the parties engaged in extensive discovery, conducted depositions, and attended trial in Judge Rodriguez's court as to whether the involuntary petition against HL Builders met the requirements of Section 303 of the Bankruptcy Code.

14.     During its preparation for trial in the involuntary bankruptcy proceeding, Claimant conducted an exhaustive internal audit of its financial and accounting records with respect to its Claim against Debtor.

15.     Upon conclusion of the audit, Claimant determined that the definitive amount of its Claim for monies, goods and services provided to Debtor with respect to the respective construction projects was $1,723,653.  Claimant proved up its full claim amount of $1,723,653 at trial before Judge Rodriguez in the involuntary bankruptcy proceeding.

16.     Claimant requests leave to amend the Claim against Debtor in this proceeding to reflect the full amount of its damages that have been quantified and proven up in the involuntary bankruptcy proceeding.

## IV.  THE AMENDED CLAIM

17.     Amendments to proofs of claim are freely allowed where the purpose is "to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *In re Kolstad,* 928 F.2d 171, 175 (5th Cir. 1991) (citation omitted).

18.     "As a general rule, amendments intended merely to increase the amount of a claim grounded in the same right to payment are not considered 'new' claims under the Code." *Woburn Associates v. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 10 (1st Cir. 1992).

19.     In this case, the proposed amendment to the Claim merely describes the Claim with greater particularity by increasing the Claim amount to accurately reflect Claimant's damages.  The amended Claim is based upon the same circumstances set forth in the original Claim; Claimant is not advancing any new theory of recovery in the proposed amendment.

20.     As under Fed. R. Civ. P. 15(c)(2), an amendment relates back to the facts of the original claim or pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *In re Edison Bros.,* 2002 WL 999260 at 3 (citations omitted).   The amended claim made the basis of this motion relates back to the same factual circumstances supporting the original Claim.

21.     The Claim amendment reflecting the increased amount of damages will not cause unfair disadvantage to or otherwise prejudice non-moving parties in this proceeding.  Debtor has objected to the Claim; therefore, the merits of the Claim will be resolved by the parties at the claim objection hearing at which each party will have the opportunity to present evidence.

22.     "To establish prejudice, the non-moving party [opposing amendment] must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely."  *Bechtel v. Robinson,* 886 F.2d 644, 652 (3rd Cir. 1989) (citations and quotations omitted) (holding the type of "prejudice" to other parties that would weigh against allowing the filing of a late proof of claim is detrimental reliance on the initial proof of claim).

23.     In *Bechtel*, the court rejected an argument that general unsecured creditors would be prejudiced because their recovery under a plan of reorganization would be reduced by allowing a late claim observing that if reduction of the distribution to other creditors constituted prejudice, without more, then all late claims would cause prejudice unless all claims in the case are to be paid in full, which rarely occurs.  *Id.*

WHEREFORE, PREMISES CONSIDERED, Claimant  prays that Claimant's Motion for Leave to File Amended Claim be granted and for such other and further relief to which Claimant may be justly entitled.

Dated:      October 31, 2019

                                         Respectfully submitted,

                                         FUQUA & ASSOCIATES, PC

                              BY:      */s/ Richard L. Fuqua*
                                         Richard L. Fuqua
                                         State Bar No. 07552300
                                         8558 Katy Freeway, Suite 119
                                         Houston, TX 77024
                                         (713) 960-0277 Telephone
                                         (713) 960-1064 Facsimile
                                         rlfuqua@fuqualegal.com
                                         COUNSEL FOR HL BUILDERS, LLC

## <u>CERTIFICATE OF CONFERENCE</u>

     I hereby certify that I have contacted Charles M. Rubio, Debtor's counsel, in a good faith attempt to resolve the dispute which is the subject of this Motion. At this time, settlement is not possible, therefore, a hearing will be required.

                       */s/ Richard L. Fuqua*
                         Richard L. Fuqua

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Motion for Leave to File Amended Claim was forwarded by ECF and/or regular United States mail, postage prepaid, on October 31, 2019 to the parties listed below.

Charles M. Rubio
Diamond McCarthy LLP
Two Houston Center
909 Fannin, 37th Floor
Houston, TX 77010

*/s/ Richard L. Fuqua*
Richard L. Fuqua