UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| HOUTEX BUILDERS, LLC, *et al.*,[1] | § § § | Case No. 18-34658<br>Chapter 11<br>Jointly Administered |
| DEBTORS. | § § | |

**ORDER GRANTING MOTION TO ESTABLISH DIP CLAIM AMOUNTS, ESTABLISH FORM AND MANNER OF NOTICE OF REMNANT ASSET AUCTION AND FOR RELATED RELIEF**

Upon consideration of the *Motion To Establish Dip Claim Amounts, Establish Form and Manner of Notice of Remnant Asset Auction and For Related Relief* (the "Motion")[2] filed by Houtex Builders, LLC "Houtex"), 2203 Looscan Lane, LLC ("Looscan"); and 415 Shadywood, LLC ("Shadywood" and collectively with Houtex and Looscan, the "Debtors") pursuant to section 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") and rule 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to (i) establishing the DIP Claim amount against each Debtor based on the Disbursement Details including the calculation of interest, (ii) establishing a procedure to increase the DIP Claim amount based on disbursements made following the filing of this Motion, (iii) establishing the allocation of the Professional fees and expenses among the Debtors, and (iv) establishing the form and manner of the Notice of Auction for the sale of the Looscan Remnant Assets and the Shadywood Remnant Assets, and this Court having determined that it has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. § 1334, that venue of these chapter 11 bankruptcy cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409, that this

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HOUTEX Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Motion.

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that good and sufficient notice of the relief granted by this Order has been given and no further notice is required; and the Court having determined after due deliberation thereon, and good and sufficient cause appearing therefor, including for the reasons stated on the record at the hearing seeking approval of the Motion:

IT IS ORDERED, ADJUDGED AND DECREED THAT:[3]

1. The Motion is Granted as set forth herein.

2. All objections to the Motion, as they pertain to the entry of this Order, are overruled to the extent they have not been withdrawn, waived or otherwise resolved.

3. Charles C. Foster (in his capacity as debtor-in-possession financing lender, the "DIP Lender") has been authorized by this Court to provide debtor-in-possession financing to each of the Debtors pursuant to the DIP Orders.

4. As of February 15, 2020, the DIP Lender has an allowed DIP Claim (including interest at three percent per annum) against reach of the Debtors as follows:

   i. $275,880.40 to Houtex Builders, LLC ("Houtex") with such amount accruing interest of $22.68 per day following February 15, 2020 until paid in full (the "Houtex DIP Claim");

   ii. $79,672.75 to 415 Shadywood, LLC ("Shadywood") with such amount accruing interest of $6.55 per day following February 15, 2020 until paid in full (the "Shadywood DIP Claim"); and

   iii. $68,673.21 to 2003 Looscan Lane, LLC ("Looscan") with such amount accruing interest of $5.64 per day following February 15, 2020 until paid in full (the "Looscan DIP Claim").

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact to the fullest extent of the law. *See* Fed. R. Bankr. P. 7052.

5. The DIP Lender is authorized to continue advancing funds to the Debtors for the payment of regular quarterly fees to the U.S. Trustee and for any other expense that is necessary and appropriate for the administration of the Debtors' Chapter 11 Cases until the Chapter 11 Cases are closed; provided that, the Debtors shall file a notice of revised DIP Claim on the docket in these jointly administered bankruptcy cases providing any party 14 days to object to the additional disbursements.  If no party objects or the Bankruptcy Court overrules the objection, the additional amount advanced by the DIP Lender plus three percent interest per annum shall be added to the respective DIP Claim amount.

6. The fees and expenses of the Professionals shall be allocated among the Debtors as follows:  (i) for the period prior to February 1, 2019, the fees and expense shall be allocated one-third to each Debtor, and (ii) for the period on and after February 1, 2019, the fees and expense shall be allocated to Houtex; provided that with respect to Diamond McCarthy's fees, the fees incurred prior to February 1, 2019 in Debtor-specific project billing categories shall be allocated to the specific Debtor.

7. Within 7 days after entry of this Order, the Debtors shall file a Notice of Auction of Remnant Assets in the form attached hereto as Exhibit 1 (the "Notice of Auction") in order to notify potential bidders and parties-in-interest of the Auction for the Shadywood Remnant Assets and the Looscan Remnant Assets. The Notice of Auction includes the bidding procedures (the "Bidding Procedures") that will govern the sale of the Shadywood Remnant Assets and the Looscan Remnant Assets.  The Debtors shall follow the Bidding Procedures and file a notice on the docket with the results of the Bidding Procedure.

8. Except for any terms in this Order that that are inconsistent with the DIP Orders, the terms of the DIP Orders are hereby incorporated herein by reference.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted by this order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

Dated: _____ __, 2020

                                                                     UNITED STATES BANKRUPTCY JUDGE

Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 18-34658 |
| HOUTEX BUILDERS, LLC, *et al.*,[4] § | |
| § | CHAPTER 11 |
| DEBTORS. § | |
| § | |

**NOTICE OF AUCTION OF REMNANT ASSETS**

    **PLEASE TAKE NOTICE** that in connection with the of Houtex Builders, LLC, 2203 Looscan Lane, LLC ("Looscan") and 415 Shadywood, LLC ("Shadywood") under Chapter 11 of the Bankruptcy Code [ECF _____] (the "Plan") the following bidding procedures (the "Bidding Procedures") will govern the auction of the Shadywood Remnant Assets and the Looscan Remnant Assets (collectively, the "Assets"). Capitalized terms used but not defined herein have the meanings assigned to such terms in the Plan.

**BIDDING PROCEDURES**

    A.    <u>Assets to be Sold</u>. The Debtor is selling the Assets as they are defined in the Plan. The Assets will be sold free and clear of all liens, claims and encumbrances to the fullest extent allowed under § 363(f) of the Bankruptcy Code.

    The Shadywood Remnant Assets and the Looscan Remnant Assets will be sold in separate auctions. Each auction will be governed by the procedures described in this document. References to "Assets" in these procedures refer to the Shadywood Remnant Assets in connection with the auction of the Shadywood Remnant Assets and the Looscan Remnant Assets in connection with the auction of the Looscan Remnant Assets. Similarly, references to "Debtor" refer to Shadywood or Looscan in connection with the Shadywood auction and Looscan auction, respectively.

    B.    <u>Bidding Qualifications</u>. Any party may bid, though the Debtor will only consider bids that meet the requirements of "Qualified Bids" as described in Paragraph D below.

    C.    <u>Due Diligence</u>. The Debtor will provide bidders access to the Debtor's books and records and other materials in order conduct reasonable due diligence investigation about the Assets. All bidders must complete their due diligence prior to the Auction.

    D.    <u>Qualified Bids</u>. In order to constitute a "Qualified Bid," a bidder must submit to the

---

[4]     The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HOUTEX Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

following items (the "Bid Package") to the Debtor on or before the Bid Deadline (defined below):

(1) A purchase offer executed by a person with authority to irrevocable bind the bidder that (i) does not provide for a break-up fee, topping fee, expense reimbursement or other similar arrangement; and (ii) is not subject to any contingencies including any financing contingencies, due-diligence contingencies, approval or consent contingencies, or any other material conditions precedent to the bidder's obligation to close;

(2) A signed statement (i) disclosing any formal or informal agreements or understandings reached by the bidder with parties-in-interest in the Bankruptcy Case in connection with the bid (or that no such agreements or understandings exist); and (ii) acknowledging that if chosen as the Successful Bidder (defined below), such bidder will consummate the purchase of the Assets promptly upon approval of the Bankruptcy Court;

(3) a deposit (the "Deposit") in the form of a certified check in the amount of the Shadywood Initial Bid (defined below) plus $1,000 and/or the Looscan Initial Bid (defined below) plus $1,000. The Deposit is subject to the terms in Paragraph F below.

E. DIP Lender Bid. Charles C. Foster (the "DIP Lender") is making initial Qualified Bids for the Shadywood Remnant Assets and the Looscan Remnant Assets by credit-bidding the amount of the Shadywood DIP Facility Claim and the Looscan DIP Facility Claim. The amount of the Shadywood DIP Facility Claim is $_____ and the amount of the Looscan DIP Facility Claim is $_____. Accordingly, the initial Bid for the Shadywood Remnant Assets is $_____ (the "Shadywood Initial Bid") and the initial bid for the Looscan Remnant Assets is $_____ (the "Looscan Initial Bid").

F. Deposit. Each Deposit shall be held in escrow by the Debtor until three (3) business days after the entry of an order of the Bankruptcy Court approving the Successful Bid (defined below) (the "Refund Date"); provided, however, the Deposit paid by the bidder submitting the Successful Bid shall continue to be held in escrow by the Debtor following entry of such order. There will be no interest paid on the Deposit as the Deposit will be held in an IOLTA account and the interest is given to Texas Access to Justice Foundation in accordance with rules established by the Texas Supreme Court.

If the Successful Bidder (defined below) subsequently defaults or breaches the Successful Bid, then the Deposit submitted by such Successful Bidder, shall be deemed forfeited and shall be retained by the Debtor for the benefit of the Debtor's estate. Any Deposit paid by a bidder who is not selected as the Successful Bidder shall be returned by the Debtor on or before the Refund Date, unless a bidder chooses to be a Back-Up Bidder (defined below).

G. Bid Deadline. All Bid Packages must be submitted to the Debtor at Diamond McCarthy LLP, Attn: Charles Rubio, 909 Fannin, 37th Floor, Houston, Texas 77010 so as to be received not later than [●] (the "Bid Deadline").

H. Auction. If there are any bidders for the Assets other than the DIP Lender, then on

[●] (the "Auction Date"), beginning at [●] at [●], the Debtor will conduct an auction (the "Auction") to determine the highest or best bid. The Debtor may conduct the Auction in the manner he determines will achieve the maximum recovery for the Debtor's estate.

  I. Auction Process. The Debtor shall commence the Auction with the highest bid received, and if there is a tie, then then the earliest highest bid received. Qualified Bidders will be permitted to increase their bids and to agree to modifications to their bids in order to make their bids more favorable to the Debtor's estate, provided that each bid subsequent to the Initial Bid shall be at least $1,000 greater than the preceding bid (the "Incremental Bid Amount"). Such bidding shall continue until the Debtor concludes the Auction of the Assets.

  At the conclusion of the Auction, the Debtor shall identify the highest and best bid (the "Successful Bid"), based upon the foregoing Auction process and the Debtor's determination of the highest or otherwise best bid from a qualified bidder (the "Successful Bidder").

  All bidding shall be conducted at the Auction and no bids shall be tendered or accepted after the Auction has concluded. Any bidder that submits a Qualified Bid that is not selected as the Successful Bid may choose to serve as a "back-up bidder" (each, a "Back-Up Bidder") and to keep its highest bid at the Auction open for acceptance pending the Successful Bidder's completion of the purchase of the Assets (each, a "Back-Up Bid") (it being understood that the Debtor shall continue to hold in escrow the Deposit of any party serving as a Back-Up Bidder); provided, however, the Debtor shall not be obligated to seek approval of any such Back-Up Bid.

  J. Hearing on Successful Bid. Any party that disputes the results of an Auction must file a Motion for Hearing on Successful Bid within seven days of the conclusion of the Auction.

Dated: [●], 2020         Respectfully submitted,

                DIAMOND McCARTHY LLP

                /s/
                Charles M. Rubio
                TBA No. 24083768
                909 Fannin, Suite 3700
                Houston, TX 77010
                (713) 333-5100
                crubio@diamondmccarthy.com

                *Counsel to Debtors and Debtors-In-Possession*