# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| HOUTEX BUILDERS, LLC, *et al.*,[1] | § § | Case No. 18-34658 |
| DEBTORS. | § § § | Chapter 11 |

**THIRD INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF DIAMOND MCCARTHY LLP, AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTORS, FOR THE PERIOD AUGUST 1, 2019 THROUGH DECEMBER 31, 2019**

THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THERE WILL BE A HEARING ON THIS APPLICATION ON **MARCH 24, 2020 AT 11:00 A.M**. IN COURTROOM 403, 515 RUSK STREET, HOUSTON, TEXAS 77002.

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HOUTEX Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

## SUMMARY OF FEE APPLICATION

| | |
|---|---:|
| Date of Hearing: | March 24, 2020 at 11:00 a.m. |
| Name of Applicant: | Diamond McCarthy LLP |
| Authorized to Provide Professional Services to: | General Bankruptcy Counsel to HouTex Builders, LLC, 2203 Looscan Lane, LLC and 415 Shadywood, LLC |
| Date Order of Appointment signed: | October 12, 2018 |
| Date Rule 2016(b) statement filed: | September 24, 2018 |
| Period for which Compensation and Reimbursement is sought: | 8/01/2019 through 12/31/2019 |
| Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied): | $387,113.00 |
| Total Attorney Service Fees Sought: | $83,967.00 |
| Total Attorney Hours expended: | 176.90 |
| Attorney rates:        high: | $525.00 |
|                         low: | $325.00 |
| Average hourly rate for professionals requested in this application: | $474.65 |
| Total paralegal fees requested in this application: | $5,537.00 |
| Total paralegal hours covered by this application: | 28.10 |
| Average hourly rate for paralegals: | $197.04 |
| Total Reimbursable Expenses sought in this application: | $4,670.07 |
| Aggregate of fees and expenses: | $94,174.07 |
| Retainer amount: | $0 |
| Total compensation and expenses previously awarded: | $173,632.27 |
| This is an: interim/final application | Interim |

## INDEX OF EXHIBITS

Exhibit A    Summary of Time Expended by Timekeepers

Exhibit B    Summary of Fees by Categories

Exhibit C    Summary of Expenses

Exhibit D    Diamond McCarthy LLP Invoices

TO THE HONORABLE JEFFREY NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Diamond McCarthy LLP ("Diamond McCarthy"), general bankruptcy counsel to Houtex Builders, LLC, 2203 Looscan Lane, LLC and 415 Shadywood, LLC (each a "Debtor" and collectively, the "Debtors") in the above-referenced chapter 11 cases (each, a "Chapter 11 Case" and collectively, the "Chapter 11 Cases"), hereby submits this Third Interim Application for Allowance of Compensation and Reimbursement of Expenses (this "Application"), pursuant to §§ 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-1 of the Bankruptcy Local Rules for Southern District of Texas (the "Local Rules"), seeking entry of an order granting interim allowance of compensation in and reimbursement of expenses incurred during the period from August 1, 2019 through and including December 31, 2019 (the "Application Period") as further explained herein. In support of the Application, Diamond McCarthy respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of the Debtor's Chapter 11 Case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory base for the relief sought are §§ 327(a), 330, and 1107(b) of the Bankruptcy Code; Bankruptcy Rules 2014, 2016, and 6003; and Local Rule 2016-1.

## BACKGROUND

4. On August 23, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code thereby commencing the Chapter 11 Cases.

A.  **Retention of Diamond McCarthy.**

5. The Debtors filed the *Application to Employ Diamond McCarthy LLP as General Counsel pursuant to § 327(a) of the Bankruptcy Code* on September 24, 2018 ("Retention Application") [ECF No. 62].

6. On October 12, 2018 the Court entered its order granting the Application [ECF No. 105], effective as of August 23, 2018 ("Retention Order").

7. The Debtors entered into a post-petition financing arrangement to provide them with sufficient cash to pay ongoing administrative costs including allowed professional fees of Diamond McCarthy.

B.  **Prior Applications for Compensation and Payments Received by Diamond McCarthy**

8. On February 25, 2019, Diamond McCarthy filed its First Interim Application for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Debtors for the Period August 23, 2018 Through December 31, 2018 (the "First Interim Application") [ECF No. 218] requesting approval, allowance, and payment of fees on an interim basis in the amount of $152,445.50, and reimbursement of expenses in the amount of $10,407.30, for a total request in the amount of $162,852.80.

9. On April 10, 2019, after notice and hearing, the Court entered the Agreed Order Granting First Interim Application for Allowance of Compensation and Reimbursement of Expenses of Diamond McCarthy LLP for the Period August 23, 2018 through December 31, 2018 (the "First Fee Order") [ECF No. 259]. The First Fee Order approved and allowed interim fees in the amount of $76,426.40 (which is half of the fees requested in the First Interim Application) and 100% of out-of-pocket expenses in the amount of $10,407.30, for a total interim allowance of $86,833.70. Diamond McCarthy has received payment from the Debtors totaling $86,630.04 for allowed fees and expenses. There is an unpaid balance of approved fees and expenses in the amount of $203.66.

10. On September 13, 2019, Diamond McCarthy filed its Second Interim Application for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Debtors for the Period January 1, 2019 Through July 31, 2018 (the "Second Interim Application") [ECF No. 346] requesting approval, allowance, and payment of fees on an interim basis in the amount of $145,163.50, and reimbursement of expenses in the amount of $14,216.82, for a total request in the amount of $159,380.32.

11. On October 25, 2019, after notice of hearing, the Court entered the Agreed Order Granting Second Interim Application for Allowance of Compensation and Reimbursement of Expenses of Diamond McCarthy LLP for the Period January 1, 2019 through July 31, 2018 (the "Second Fee Order") [ECF No. 389]. The Second Fee Order approved and allowed interim fees in the amount of $72,581.75 (which is half of the fees requested in the Second Interim Application) and 100% of out-of-pocket expenses in the amount of $14,216.82, for a total interim allowance of $86,798.57. Diamond McCarthy has received payment from the Debtors totaling $86,630.04 for allowed fees and expenses.

12. This is Diamond McCarthy's third interim request for allowance and payment of fees and expenses.

## RELIEF REQUESTED

13. Pursuant to §§ 330 and 331 of the Bankruptcy Code, Diamond McCarthy respectfully requests interim allowance of professional fees in the amount of $89,504.00 and reimbursement of expenses in the amount of $4,670.07 for a total request in the amount of $94,174.07 for the Application Period.

14. Diamond McCarthy has made every effort to ensure that the Application complies with the Local Rules the *United States Trustee Appendix A—Guidelines for Reviewing Applications for*

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, dated January 30, 1996 (the "U.S. Trustee Guidelines").

15. Diamond McCarthy has made every effort to avoid unnecessary duplication of effort by and among its attorneys and paralegals.

16. No agreement exists between Diamond McCarthy and any other person, firm or entity for the division or sharing of compensation in this case.

## SERVICES PROVIDED BY DIAMOND MCCARTHY

17. Diamond McCarthy's attorneys are experienced in all aspects of bankruptcy matters, possess a high level of expertise, and have an excellent reputation in the business and legal communities. The professional biographies of Diamond McCarthy's current attorneys, including those providing services to the Debtor in connection with this Application, are available on Diamond McCarthy's website at www.diamondmccarthy.com.

18. Diamond McCarthy maintained detailed written records of the time expended by attorneys and paralegals in the rendition of their professional services to the Debtors. Such time records were generated contemporaneously with the performance of the professional services described therein and in the ordinary course of Diamond McCarthy's practice. Diamond McCarthy's hourly billing rates, as set out in **Exhibit A**, are the rates that Diamond McCarthy regularly charges its hourly clients.

19. Diamond McCarthy established separate billing categories for use in its representation of the Debtors as follows:

| Category Number | Category Description |
|---|---|
| 11 | Case Administration |
| 12 | Houtex Builders, LLC Asset Analysis & Recovery |
| 15 | Business Operations |
| 16 | Claim Administration & Objection |
| 17 | Employment & Fee Applications |
| 18 | Financing & Cash Collateral |

| 19 | Litigation |
| 20 | Meetings & Communications with Creditors |
| 21 | Plan & Disclosure Statement |

20. Diamond McCarthy accounted for the time expended within the various project billing categories. These distinct, numbered project billing categories enabled Diamond McCarthy to monitor its activities and appropriately account for the time expended by each attorney and paralegal in each category.

21. Diamond McCarthy further accounted for the time expended within the various categories by delineating the amount of time expended by task. This procedure enabled Diamond McCarthy to better inform the Debtors, the Court, and other parties-in-interest about the nature of the services provided and the time expended by its professionals.

22. To streamline and control legal fees and expenses, Diamond McCarthy has sought to minimize the expenditure of time by its senior attorneys by delegating responsibilities to junior attorneys and paralegals, as appropriate.

## DESCRIPTION OF SERVICES

23. During the Application Period, Diamond McCarthy has provided the Debtors services to advance the Chapter 11 Cases as summarized on **Exhibit B** and further described below.

24. The total hours and amounts charged by Diamond McCarthy attorneys and paralegals during the Application Period are 205 hours, representing $89,504.00. During the Application Period, the average hourly rate for Diamond McCarthy attorneys is $474.65 and the average hourly rate for Diamond McCarthy paralegals is $197.04.

25. The specific tasks undertaken by Diamond McCarthy, the number of hours devoted, and the amounts charged by each attorney and paralegal within each billing category are also set forth in the invoices attached hereto as **Exhibit D-1 through D-9**. The time records are set forth in chronological order in each invoice.

26. A description of the services by project billing category is below.

A. **Case Administration (Matter 11)**

27. The total hours and amounts charged by Diamond McCarthy attorneys and paralegals during the Application Period under the Case Administration billing category (matter 11) are set forth on **Exhibit D-1**. Diamond McCarthy's services during the Application Period in this billing category include the following:

- Preparing for and attending status conferences and hearings on various matters on behalf of the Debtors; and

- Addressing matters that do not otherwise fall into other billing categories.

B. **HouTex Builders, LLC Asset Analysis & Recovery (Matter 12)**

28. The total hours and amounts charged by Diamond McCarthy attorneys and paralegals during the Application Period under the HouTex Builders, LLC Asset Analysis & Recovery billing category (matter 12) is set forth on **Exhibit D-2**. Diamond McCarthy's services during the Application Period in this billing category include the following:

- Preparing and filing documents necessary to obtain approval for the sale of the Lynbrook property; and

- Working with the Debtor and the title company to close the sale of the Lynbrook property.

C. **Business Operations (Matter 15)**

29. The total hours and amounts charged by Diamond McCarthy attorneys and paralegals during the Application Period under the Business Operations billing category (matter 14) is set forth on **Exhibit D-3**. Diamond McCarthy's services during the Application Period in this billing category include the following:

- Following up regarding the status of insurance.

**D.     Claim Administration and Objection (Matter 16)**

30.     The total hours and amounts charged by Diamond McCarthy attorneys and paralegals during the Application Period under the Claims Administration and Objection billing category (matter 16) is set forth on **Exhibit D-4**. Diamond McCarthy's services during the Application Period in this billing category include the following:

- Analyzing claims and preparing objections to certain claims;
- Analyzing motion to dismiss and replies to objections to certain claims; and
- Preparing and filing responses to motion to dismiss certain claim objections.

**E.     Employment and Fee Applications (Matter 17)**

31.     The total hours and amounts charged by Diamond McCarthy attorneys and paralegals during the Application Period under the Employment and Fee Application billing category (matter 17) is set forth on **Exhibit D-5**. Diamond McCarthy's services during the Application Period in this billing category include the following:

- Preparing and filing Diamond McCarthy's Second Interim Application;
- Preparing and filing second interim fee application for Linda Schmuck and obtaining approval by the Court; and
- Attending hearings and negotiating with objecting counsel to obtain approval of Diamond McCarthy's Second Interim Application.

**F.     Financing and Cash Collateral (Matter 18)**

32.     The total hours and amounts charged by Diamond McCarthy attorneys and paralegals during the Application Period under the Financing and Cash Collateral billing category (matter 18) is set forth on **Exhibit D-6**. Diamond McCarthy's services during the Application Period in this billing category include the following:

- Analyzing DIP claim amounts and working on supplemental DIP pleading.

### G. Litigation (Matter 19)

33. The total hours and amounts charged by Diamond McCarthy attorneys and paralegals during the Application Period under the Litigation billing category (matter 19) is set forth on **Exhibit D-7**. Diamond McCarthy's services during the Application Period in this billing category include the following:

- Reviewing and preparing exhibits and rebuttal exhibits for hearing and trial on involuntary petition;

- Preparing for and attending hearings and trial on involuntary petition; and

- Preparing and filing post-trial brief in support of involuntary petition.

### H. Reporting/ Meetings and Communications with Creditors (Matter 20)

34. The total hours and amounts charged by Diamond McCarthy attorneys and paralegals during the Application Period under the Reporting/ Meetings and Communications with Creditors billing category (matter 20) is set forth on **Exhibit D-8**. Diamond McCarthy's services during the Application Period in this billing category include the following:

- Finalizing and filing monthly operating reports.

### I. Plan and Disclosure Statement (Matter 21)

35. The total hours and amounts charged by Diamond McCarthy attorneys and paralegals during the Application Period under the Plan and Disclosure Statement billing category (matter 21) is set forth on **Exhibit D-9**. Diamond McCarthy's services during the Application Period in this billing category include the following:

- Revising chapter 11 plan and disclosure statement;

- Preparing and filing amended proposed plan and disclosure statement;

- Analyzing and preparing liquidation statement;

- Preparing solicitation versions of the plan and disclosure statements;

- Preparing and finalizing ballots for solicitation; and

- Preparing for and attending disclosure statement hearing.

## DESCRIPTION OF EXPENSES

36. Diamond McCarthy requests reimbursement of actual and necessary expenses incurred in the rendition of professional services to the Debtors in the amount of $4,670.07. The summary of the expenses is set forth on **Exhibit C** attached hereto. The itemization of the expenses are set forth on the invoice attached as **Exhibit D-1**.

37. The legal research fees represent Diamond McCarthy's allocation of a percentage of its overall monthly Westlaw charges.

38. Diamond McCarthy submits that all expenses incurred were reasonable and necessary and should be allowed by the Court.

## STANDARDS FOR APPROVING COMPENSATION

39. Section 330 of the Bankruptcy Code authorizes the Court to award Diamond McCarthy reasonable compensation for its actual and necessary services rendered as well as reimbursement of its actual and necessary expenses incurred in the rendering of services as general counsel to the Debtors. Section 330 provides:

> (a)(1) After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103:
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

40. Section 331 of the Bankruptcy Code authorizes the Court to award compensation on a final basis as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement of expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

41. This Application substantiates the total amount that Diamond McCarthy seeks for fees and expenses in accordance with each element of the customary standards applied to fee applications. These standards are set forth in (i) Rule 2016 of the Federal Rules of Bankruptcy Procedure, and (ii) *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977).

42. In *First Colonial*, the Fifth Circuit adopted twelve factors to apply to the determination of awards of attorneys' fees in bankruptcy cases: (i) time and labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to perform the legal service properly; (iv) the preclusion of other employment by the professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *First Colonial*, 544 F.2d at 1298-99. These factors were taken from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), a non-bankruptcy case, and are commonly referred to as the "*Johnson* factors." The original *Johnson* factors, as embraced by *First Colonial*, remain applicable to the determination of reasonableness of fees awarded under the Bankruptcy Code. 15 King, *Collier on Bankruptcy*, ¶ 330.04[3]

at 330-35 to 330-41.  A majority of the *Johnson* factors are now codified under Bankruptcy Code Section 330(a).  *Id.*  The following analysis of the *First Colonial* factors support the reasonableness of Diamond McCarthy's requested fees and expenses:

    a.    <u>Time and labor required.</u>  The professional services rendered by Diamond McCarthy on behalf of the Debtors have required the continuous expenditure of time and effort, and in some cases under time pressures that sometimes required the performance of services late into the evening and over weekends and holidays.

    b.    <u>Novelty and Difficulty of Legal Problems Involved.</u>  This *Johnson* factor examines the degree of novelty and difficulty of the issues encountered by Diamond McCarthy in representing the Debtor.  Diamond McCarthy has faced a number of difficult and complex legal issues, <u>to wit</u>:

- During these Chapter 11 Cases, the Debtors decided to pursue a sale of substantially of all their assets in order to maximize the value of their estates.  Diamond McCarthy prepared bidding procedures designed to maximize the value of the assets.  Furthermore, Diamond McCarthy represented the Debtors in connection with the sale of their properties.  As of the date hereof, the Debtors have sold all four of the four properties the Debtors owned at the commencement of these Bankruptcy Cases.  The resulted in several millions of dollars in proceeds to the Debtors' estates.

- Diamond McCarthy analyzed the Debtors' interests and potential claims related to the numerous contractual and lending arrangements each of the Debtors entered into prior to filing for bankruptcy.  Diamond McCarthy had to seek turnover of information and formal discovery in order to obtain critical information to analyze these interests and potential claims.

- Diamond McCarthy helped the Debtors in commencing an involuntary bankruptcy proceeding against HL Builders, LLC.  There are a number of interconnected issues between the Debtors' bankruptcy cases and the HL Builders' bankruptcy case.

    c.    <u>The skill requisite to perform the legal services properly</u>.  A number of difficult issues and matters addressed in this case required a high degree of skill and expertise. Diamond McCarthy's attorneys have been used effectively and efficiently to perform the tasks assigned to them and have provided valuable and effective assistance to the Debtors.  Addressing these issues required knowledge and application of the Bankruptcy Code, the Bankruptcy Rules, and court decisions interpreting the same.

    d.    <u>Preclusion of other employment due to the acceptance of this case.</u>  Diamond McCarthy's representation of the Debtors has not precluded the attorneys from devoting time to other cases and new matters.

 e. <u>Customary Fee</u>. Diamond McCarthy's hourly billing rates, as set out in Exhibit A, are the rates that Diamond McCarthy regularly charges its hourly clients. The hourly rates charged by Diamond McCarthy are lower than or commensurate with the customary fees charged by professionals of similar experience, reputation, and abilities in this community, as well as those rates charged regionally and nationally. Additionally, the hourly rates charged by Diamond McCarthy are consistent with the amounts involved in this case, the results obtained by Diamond McCarthy, and the level of skill necessary to perform the work. Accordingly, the fees charged by Diamond McCarthy are reasonable and customary.

 f. <u>Whether the fee is fixed or contingent</u>. Diamond McCarthy charges customary hourly rates, as adjusted annually, for the time expended by its attorneys and paralegals in representing the Debtors. Diamond McCarthy's fee is not outcome dependent.

 g. <u>The amount of time involved and the results obtained</u>. Diamond McCarthy's actions in this case have allowed the Debtors to meet the challenges facing the Debtors in connection with the development and disposition of its assets. The requested compensation is reasonable in view of the time expended and the results obtained in the case to date.

 h. <u>The experience, reputation, and ability of the professionals who performed virtually all of the services in the case</u>. Diamond McCarthy's attorneys, over many years, have appeared throughout the United States providing legal representation to trustees, debtors, secured creditors, unsecured creditors, and committees. Further, partners of Diamond McCarthy have for many years actively participated in leadership positions in local, state and national bar associations, and have written for local and national publications and spoken at local, state, and national institutes for continuing legal education in the creditors' rights and bankruptcy areas. Diamond McCarthy's attorneys are experienced in all aspects of bankruptcy matters, possess a high level of expertise, and have an excellent reputation in the business and legal communities. Furthermore, Diamond McCarthy has particular experience in the areas of complex insolvency, workout, and corporate reorganization.

 i. <u>At all times covered by this Application, Diamond McCarthy diligently fulfilled its duty as attorney for the Debtors</u>. All services rendered by Diamond McCarthy were necessary, proper, and beneficial to the bankruptcy cases and the Debtors' estates. Services performed by Diamond McCarthy throughout this case were done in a professional, skilled, and expeditious manner, requiring substantially less time than would have been required by counsel with less experience. Every action of Diamond McCarthy was taken to reduce the legal hours expended and matters not demanding the services of senior attorneys were assigned to junior attorneys, associates, or paralegals.

 j. <u>The undesirability of the case</u>. The Chapter 11 Cases are not undesirable but, as already indicated, it required a certain commitment of time from Diamond McCarthy attorneys and paralegals.

k. <u>Awards in similar cases</u>. The compensation requested in this case is comparable to, if not less than, the compensation allowed in other cases similar in size and complexity to this case.

l. <u>Disbursements</u>. Diamond McCarthy disbursed the sum of $14,216.82 for necessary expenses incurred in the rendition of professional services during this case during the Application Period. Diamond McCarthy's policy regarding charging of expenses is set forth in the retention agreement attached to the Retention Application.

## CONCLUSION

WHEREFORE, Diamond McCarthy respectfully requests approval and allowance of a total award for the Application Period in the amount of $94,174.07 comprised of (i) compensation for professional services in the amount of $89,504.00; and (ii) reimbursement of expenses in the amount of $4,670.07; and approval of any and all other relief to which Diamond McCarthy may be entitled.

Dated: February 24, 2020

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel to the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I certify that on February 24, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive CM/ECF notice. I further certify that a true and correct copy of the foregoing document was served on February 24, 2020, by United States Mail, first class, postage prepaid to all parties on the Service List attached hereto and that a courtesy copy was delivered by hand delivery to the Office of the U.S. Trustee and chambers for the Honorable Jeffrey Norman.

*/s/ Charles M. Rubio*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| HOUTEX BUILDERS, LLC, *et al.*,[1] | § § | Case No. 18-34658 |
| | § § | Chapter 11 |
| DEBTORS. | § § | |

**ORDER GRANTING THIRD INTERIM APPLICATION FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF DIAMOND MCCARTHY LLP, AS GENERAL COUNSEL FOR THE DEBTORS FOR THE PERIOD AUGUST 1, 2019 THROUGH DECEMBER 31, 2019**

(This Order relates to ECF No. ___)

Upon consideration of the Third Interim Application for Allowance of Compensation and Reimbursement of Expenses (the "Application")[2] of Diamond McCarthy LLP ("Diamond McCarthy"), as general counsel to Houtex Builders, LLC, 2203 Looscan Lane, LLC and 415 Shadywood, LLC (each a "Debtor" and collectively the "Debtors") for the period August 1, 2019 through and including December 31, 2019 (the "Application Period") and the Court having determined it has jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 330 and 331, Bankruptcy Rule of Procedure 2016, and Local Bankruptcy Rule 2016-1; and it appearing to the Court that the Application and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing to the Court that due and proper notice of the Application has been given and no other or further notice need be provided; and it further appearing

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HOUTEX Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Application.

ORDER ON DIAMOND MCCARTHY THIRD INTERIM FEE APPLICATION                                     PAGE 1 OF 2

to the Court after review of the Application, any objections (any outstanding as of the hearing date on the Application having been overruled) and the record made by Diamond McCarthy during the hearing before the Court on the Application that Diamond McCarthy has established the basis for interim allowance of fees and expenses during the Application Period as set out in the Application; IT IS HEREBY

ORDERED, that the relief requested in Diamond McCarthy's Application is approved and the amount of $94,174.07 (the "Total Interim Award") consisting of attorney and paralegal fees of $89,504.00 and out-of-pocket expenses of $4,670.07 during the Application Period is allowed on an interim basis for Diamond McCarthy; and further

ORDERED, that the Debtors shall pay to Diamond McCarthy the Total Interim Award promptly following entry of this Order; and further

ORDERED, that the Court shall retain jurisdiction with respect to all matters relating to the interpretation and implementation of this order.

DATED: _____, 2020.

_____
**THE HONORABLE JEFFREY NORMAN**
**UNITED STATES BANKRUPTY JUDGE**