IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-34658 |
| | § | |
| HOUTEX BUILDERS, LLC, | § | Chapter 11 |
| | § | |
| | § | |
| DEBTOR | § | Jointly Administered |

## CD HOMES, LLC'S RESPONSE
## TO DEBTORS' MOTION TO ESTABLISH DIP CLAIM AMOUNTS,
## ESTABLISH FORM AND MANNER OF NOTICE OF REMNANT ASSET AUCTION
## AND FOR RELATED RELIEF

TO THE HONORABLE JEFFREY NORMAN, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES CD Homes, LLC now known as HL Builders, LLC *("CD Homes")* and files this Response to the Motion to Establish DIP Claim Amounts, Establish Form and Manner of Notice of Remnant Asset Auction and for Related Relief (the *"Motion"*) filed by Debtors and will respectfully show the Court as follows:

1. CD Homes admits the allegations contained in paragraph 1 of the Motion.

2. CD Homes admits the allegations contained in paragraph 2 of the Motion.

3. CD Homes admits the allegations contained in paragraph 3 of the Motion.

4. CD Homes is without sufficient information to either admit or deny the allegations contained in paragraph 4 of the Motion; therefore, for pleading purposes, those allegations are denied. For further answer, CD Homes has significant issues with the financing transaction orchestrated by Charles Foster throughout these proceedings.

5. CD Homes admits the allegations contained in paragraph 5 of the Motion.

6. CD Homes admits the allegations contained in paragraph 6 of the Motion.

7. CD Homes admits the allegations contained in paragraph 7 of the Motion.

8. CD Homes admits the allegations contained in paragraph 8 of the Motion. For further answer, CD Homes disputes the bona fides of the representation made by the Debtor to the Court and all parties.

9. CD Homes is without sufficient information to either admit or deny the allegations contained in paragraph 9 of the Motion; therefore, for pleading purposes, those allegations are denied.

10. CD Homes admits the allegations contained in paragraph 10 of the Motion.

11. CD Homes admits the allegations contained in paragraph 11 of the Motion.

12. CD Homes admits the allegations contained in paragraph 12 of the Motion.

13. CD Homes admits the allegations contained in paragraph 13 of the Motion.

14. CD Homes admits the allegations contained in paragraph 14 of the Motion. For further answer, CD Homes' objections to the compensation requested by Diamond McCarthy, by agreement of the parties, have been reserved for hearing upon a final request for compensation to be submitted by Diamond McCarthy.

15. CD Homes admits the allegations contained in paragraph 15 of the Motion. For further answer, CD Homes' objections to the compensation requested by Diamond McCarthy were, by agreement of the parties, reserved for hearing upon a final request for compensation to be submitted by Diamond McCarthy.

16. CD Homes admits the allegations contained in paragraph 16 of the Motion.

17. CD Homes admits the allegations contained in paragraph 17 of the Motion.

18. CD Homes admits the allegations contained in paragraph 18 of the Motion.

19. CD Homes admits the allegations contained in paragraph 19 of the Motion.

20. CD Homes admits the allegations contained in paragraph 20 of the Motion.

21. Paragraph 21 of the Motion contains no allegations of fact; therefore, no response is required. To the extent any factual allegations are contained in Paragraph 21, they are denied.

22. Paragraph 22 of the Motion contains no allegations of fact; therefore, no response is required. To the extent any factual allegations are contained in Paragraph 22, they are denied.

23. Paragraph 23 of the Motion contains no allegations of fact; therefore, no response is required. To the extent any factual allegations are contained in Paragraph 23, they are denied.

24. CD Homes denies and disputes the calculations utilized by the Debtors and their counsel and demands strict proof thereof.

25. Paragraph 25 of the Motion contains no allegations of fact; therefore, no response is required. To the extent any factual allegations are contained in Paragraph 25, they are denied.

26. CD Homes admits the allegations contained in the first sentence of paragraph 26 of the Motion. CD Homes is without sufficient information to either admit or deny the allegations contained in the second sentence of paragraph 26 of the Motion; therefore, for pleading purposes, those allegations are denied. CD Homes denies the allegations contained in the third sentence of paragraph 26 of the Motion.

27. CD Homes is without sufficient information to either admit or deny the allegations contained in the first sentence of paragraph 27 of the Motion; therefore, for pleading purposes, those allegations are denied. CD Homes denies the allegations contained in the second sentence of paragraph 27 of the Motion. CD Homes admits the allegations contained in the third sentence of paragraph 27 of the Motion. CD Homes is without sufficient information to either admit or deny the

allegations contained in the fourth sentence of paragraph 27 of the Motion; therefore, for pleading purposes, those allegations are denied. For further answer, CD Homes disputes the contention that the work performed by Diamond McCarthy and SST provided commensurate benefit to Debtors' estates. CD Homes admits the allegations contained in the fifth and sixth sentences of paragraph 27 of the Motion. CD Homes denies the allegations contained in the seventh sentence of paragraph 27 of the Motion.

28.     For further answer, CD Homes responds that on February 18, 2020, the Honorable Eduardo V. Rodriguez issued a memorandum opinion (the *"Rodriguez Opinion"*) in the involuntary bankruptcy proceeding initiated by Debtors against CD Homes in the United States Bankruptcy Court for the Southern District of Texas, Houston Division; Case Number 19-32825, styled *In re: HL Builders, LLC; aka CD Homes, LLC, Target Debtor* (the *"CD Homes Involuntary Proceeding"*) and entered final judgment dismissing the CD Homes Involuntary Proceeding on even date (the *"Dismissal Judgment"*).

29.     Judge Rodriguez invited counsel for CD Homes to file an application for reasonable attorney's fees and costs in accordance with 11 U.S.C. § 303(i)(1) upon dismissal of the CD Homes Involuntary Proceeding *[See Involuntary Proceeding; Dkt. 52 - Memorandum Opinion, pp. 31, 33]*.

30.     CD Homes intends to file its application for reasonable attorney's fees and costs in accordance with 11 U.S.C. § 303(i)(1) on or before March 19, 2020 in accordance with the Memorandum Opinion and Dismissal Judgment.

31.     Judge Rodriguez retained jurisdiction under 11 U.S.C. § 303(i)(1) to award reasonable and necessary attorney's fees and costs in an amount to be determined by Judge Rodriguez *[See Involuntary Proceeding; Dkt. 52 - Memorandum Opinion, p. 30]*.

32. CD Homes in addition to its unsecured claims is subject to an attorneys fee award by Judge Rodriguez against all Debtors in as yet unknown amount; such amount will be a priority expense of administration claim against all the Debtors herein.

WHEREFORE, CD Homes requests that the Motion be denied as to the objections made herein; and for such other and further relief as the Court deems just.

Respectfully submitted this 13th day of March, 2020.

                                        FUQUA & ASSOCIATES, P.C.

By:   /s/ Richard L. Fuqua
        Richard L. Fuqua
        State Bar #07552300
        8558 Katy Freeway, Suite 119
        Houston, Texas 77024
        Phone: 713.960-0277
        Facsimile: 713.960-1064

Counsel for CD Homes, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Response was served by first class mail to the parties listed below this 13th day of March, 2020. Subscribers to the Court's electronic noticing systems received notice via that system.

Charles Rubio, Esq.
Diamond McCarthy, LLP
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010

                                        /s/ Richard L. Fuqua
                                        Richard L. Fuqua