UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 18-34658 |
| | § | |
| HOU-TEX BUILDERS, LLC, *et al.*,[1] | § | Chapter 11 |
| | § | |
| DEBTORS. | § | Jointly Administered |
| | § | |

**DEBTORS' AMENDED OMNIBUS OBJECTION TO
CD HOMES'S PROOFS OF CLAIMS**

[Relates to Claim Nos. 12, 13, 16 and 16-2 in Case No. 18-34658;
Claim Nos. 4, 5, 6 and 7 in Case No. 18-34659, and
Claim Nos. 3 and 4 18-34660]

**THIS IS AN OBJECTION TO YOUR CLAIM. THE OBJECTING PARTY IS ASKING THE COURT TO DISALLOW THE CLAIM THAT YOU FILED IN THIS BANKRUPTCY CASE. YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU DO NOT REACH AN AGREEMENT, YOU MUST FILE A RESPONSE TO THIS OBJECTION AND SEND A COPY OF YOUR RESPONSE TO THE OBJECTING PARTY WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION IS NOT VALID. IF YOU DO NOT FILE A RESPONSE WITHIN 30 DAYS AFTER THE OBJECTION WAS SERVED ON YOU, YOUR CLAIM MAY BE DISALLOWED WITHOUT A HEARING.**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1 TO EXHIBIT A ATTACHED TO THIS OBJECTION.**

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

Houtex Builders, LLC, 415 Shadywood, LLC, and 2203 Looscan Lane, LLC and (collectively, the "Debtors") file this amended omnibus objection (the "Amended Omnibus Claim Objection") to the proofs of claims filed by CD Homes LLC k/n/a HL Builders, LLC in each of the Debtors'

---

[1] The names of the debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Houtex Builders, LLC (2111), 415 Shadywood, LLC (7627) and 2203 Looscan Lane, LLC (1418).

1

bankruptcy cases. Specifically, the Debtors object to claims 12, 13, 16 and 16-2[2] filed in the Houtex Builders, LLC bankruptcy case (Case No. 18-34658), claims 4, 5, 6 and 7 in the Shadywood, LLC bankruptcy case (Case No. 18-34659) and claims 3 and 4 filed in the 2203 Looscan Lane, LLC bankruptcy case (Case No. 18-34660) (collectively, the "CD Homes Claims"). In support, of this Amended Omnibus Claim Objection, the Debtors respectfully submit the declaration of Charles C. Foster (the "Foster Declaration") attached hereto as Exhibit A and state as follows:

## JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Omnibus Claim Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 105(a) and 502(b) of title 11 of chapter 11 of the United States Code, (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Bankruptcy Local Rules for the southern District of Texas.

## RELIEF REQUESTED

4.  The Debtor seeks entry of an order, substantially in the form of the attached hereto, expunging and disallowing the CD Homes Claims in their entirety.

## BACKGROUND

5.  The Debtors were in the business of building high-end, single-family homes in the Houston area. 415 Shadywood, LLC 2203 and Looscan Lane, LLC were formed to finance the construction of homes at their respective addresses. Houtex Builders, LLC was formed to finance the

---

[2] The Order [ECF 508] entered on June 4, 2020, stated in relevant part: "On November 15, 2019, CD Homes, LLC filed an amended claim (Claim No. 16-2) amending the claim from $500,000.00 to $1,723,653.00. Again, there was no supporting documentation in support of this claim. No objection has been filed to the amended claim." The Debtor files this Amended Omnibus Claim Objection to object to claim 16 as amended by 16-2 (in addition to the original claims).

2

construction of several homes, including ones located at 3 Thornblade, 15 Thornblade, 5325 Lynbrook, 3019 Ella Lee, 3054 Locke Lane, and 6111 Crab Orchard. The Debtors' properties at 415 Shadywood, 2003 Looscan Lane, 3 Thornblade and 5325 Lynbrook are each referred to as a "Property" and collectively as the "Properties".

6. The Debtors entered into a set of three contracts with CD Homes related to each Property. Specifically, each Debtor and CD Homes entered into a (i) Contractor Agreement; (ii) Investor Agreement; and (iii) Option Agreement (collectively the "Contracts") for each Property. The Contractor Agreement establishes CD Homes as the general contractor for the construction of single-family house on each Property. The Investor Agreement and Option Agreement govern the financing and funding of the construction projects (each a "Project").

7. With respect to funding the Projects, the Debtor entered into a construction loan (each a "Construction Loan") and an equity loan (each an "Equity Loan"). The principal amount of the Equity Loan for the Properties is as follows:

| Property | Equity Loan Principal Amount |
|---|---|
| 415 Shadywood | $405,000 |
| 2203 Looscan Lane | $638,625 |
| 3 Thornblade | $459,750 |
| 5325 Lynbrook | $339,000 |

8. The Investor Agreements establish the following distribution waterfall upon the sale of a Property:

> The title company is to distribute Net Proceeds as follows: First, Net Proceeds will be used to repay the outstanding balance of the [Construction] Loan. Second, Net Proceeds will be used to repay the equity loan of [amount specified above for each Property] (hereafter the "Equity Loan"). Third, Net Proceeds will be used to pay Investor $50,000. Fourth, Net Proceeds will be used to pay 15% per annum interest on the Equity Loan. Fifth, Net Proceeds will be used to pay CD any amount it was

3

required to provide under paragraph 6 of the Agreement. Sixth, Net Proceeds will be used to pay CD $50,000. All remaining Net Proceeds will be split equally between Investor and CD.

Investors Agreements at ¶ 8.  Section 8 of the Investor Agreement goes on to provide: "***If Net Proceeds are less than the amount required to make the first through the sixth payments listed above, then CD is to provide at closing the funds necessary to make up for the shortfall.***" *Id.* (emphasis added).  This means that CD Homes guarantees the Debtors a minimum return of $50,000 on each Project.

9. Section 6 of the Investor Agreement provides: "***[Debtor] and [CD Homes] agree that if funds are required to make any payments that exceed the sum of the Investor's equity, as defined below, and the [Construction] Loan, all such funds are to be provided by [CD Homes]***."  Investor Agreements ¶ 6 (emphasis added).  Accordingly, CD Homes is obligated to provide any funds over the Construction Loan and the Equity Loan needed for the Projects.

10. In the CD Homes Claims, CD Homes asserts amounts for funds required by the Properties over the Construction Loan and the Equity Loans.  Under the Investor Agreements, CD Homes is obligated to fund these amounts, not the Debtors.  Therefore, the CD Homes Claims should be disallowed and expunged in their entirety because the Debtors are not obligated to pay these amounts.

## BASIS FOR RELIEF

11. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows: "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502.  Moreover, Bankruptcy Rule 3007 provides certain grounds upon which "objections to more than one claim may be joined in an omnibus objection" which includes when "all the claims were filed by the same entity."  Fed. R. Bankr. P. 3007(d).

12. As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g., In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). A proof of claim must "set forth the facts necessary to support the claim." *In re Chain*, 255 B.R. 278, 280 (Bankr. D. Conn. 2000) (citing 9, Resnick & Sommer eds., Collier on Bankruptcy ¶ 3001.09[1] at 3001-27 (15th ed. Rev. 2005)). If the proof of claim fails to set forth the necessary supporting facts, it is "not entitled to the presumption of *prima facie* validity, and the burdens of going forward and of proving its claims by a preponderance of the evidence are on the [claimant]." *In the Matter of Marino*, 90 B.R. 25, 28 (Bankr. D. Conn. 1988); *see also In re Svendson*, 34 B.R. 341, 342 (Bankr. D.R.I. 1983) (stating proofs of claim failed to "set forth all the necessary facts to establish the claim[s]."). Where a proof of claim is based on a writing, a claimant must attach all necessary supporting documents in order to comply with rule 3001(c) of the Bankruptcy Code. *In re All-Am. Auxiliary Ass'n*, 95 B.R. 540, 545 (Bankr. S.D. Ohio 1989).

13. A proof of claim also loses the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) if an objecting party refutes at least one of the allegations that are essential to the claim's legal sufficiency. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988). Once such an allegation is refuted, the burden reverts to the claimant to prove the validity of its claim by a preponderance of the evidence. *Id.* Despite this shifting burden during the claim objection process, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Rev.*, 530 U.S. 15 (2000)).

14. Here, the Investors Agreements clearly establish that CD Homes is responsible for any funds above the Construction Loan and the Equity Loan for each Project including any amounts directly funded by Charles Foster and funds from third-party loans. CD Homes has no legal basis to

assert the CD Homes Claims against the Debtors because CD homes is responsible for these amounts. The CD Homes Claims should be disallowed and expunged in their entirety.

## Conclusion

For the reasons stated above and in the Foster Declaration, the Debtor respectfully requests entry of an order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated: June 23, 2020

Respectfully submitted,

DIAMOND McCARTHY LLP

*/s/ Charles M. Rubio*
Charles M. Rubio
TBA No. 24083768
crubio@diamondmccarthy.com
909 Fannin, Suite 3700
Houston, TX 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel to Debtors and Debtors-In-Possession*

## CERTIFICATE OF SERVICE

I certify that on June 23, 2020, I caused a true and correct copy of the foregoing Objection to be served on all parties registered to receive electronic notice through the Court's CM/ECF system and by email to counsel for CD Homes at the following email address: RLFuqua@fuqualegal.com.

*/s/ Charles M. Rubio*
Charles M. Rubio