

ENTERED
06/26/2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| HOUTEX BUILDERS, LLC, *et al* § | CASE NO: 18-34658 | |
| § | | |
| 415 SHADYWOOD, LLC § | CASE NO: 18-34659 | |
| § | | |
| 2203 LOOSCAN LANE, LLC § | CASE NO: 18-34660 | |
| § | Jointly Administered Order | |
| Debtor(s) § | | |
| § | CHAPTER 11 | |

**ORDER GRANTING IN PART, AND DENYING IN PART CD HOMES, LLC'S MOTION SEEKING ENTRY OF ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter is before the Court on the Motion Seeking Entry of Additional Findings of Fact and Conclusions of Law (ECF No. 514) filed by creditor, CD Homes, LLC. After consideration, it is hereby ordered that each of the following proposed additional findings of fact and conclusions of law are adopted by the Court:

1. Each of the written Contracts provided a construction commencement date and further provided that contractor would substantially complete the work on or before twelve months from such date, "with allowance for delays due to circumstances beyond its control including strikes, casualty, weather or materials unavailability."[1]
2. Under Texas law, where a written agreement is incomplete, parol evidence is admissible to show collateral agreements, but only insofar as the evidence does not contradict those terms of the writing that are complete and unambiguous. *Jack H. Brown Inc. v. Toys "R" Us, Inc.*, 906 F.2d 169, 175 (5th Cir. 1990).
3. Based upon a projected construction start date of "on or about June 30, 2015", the Looscan project's projected substantial completion date was "on or before twelve (12) months from such date".[2]
4. Based upon a projected construction start date of "on or about September 30, 2013", the Lynbrook project's projected substantial completion date was "on or before twelve (12) months from such date".[3]
5. Based upon a projected construction start date of "on or about January 31, 2015", the Shadywood project's projected substantial completion date was "on or before twelve (12) months from such date".[4]

---

[1] Houtex exhibits 1-4 Contractor Agreements, Section 2. Time for Performance
[2] Houtex exhibit 1, Contractor Agreement, Section 2. Time for performance
[3] Houtex exhibit 4, Contractor Agreement, Section 2. Time for performance

6. Based upon a projected construction start date of "on or about June 30, 2014", the 3 Thornblade project's projected substantial completion date was "on or before twelve months from such date".[5]

7. Under Texas law, a contractor is entitled to recover its damages from an owner upon proof that: i) its work was delayed or hindered; ii) it suffered damages because of the delay or hindrance; and iii) the owner was responsible for the act or omission which caused the delay or hindrance. *City of Houston v. F.R. Ball Construction Co.*, 570 S.W.2d 75, 77 (Tex. Civ. App. – Houston [14th Dist.] 1978, writ ref'd n.r.e.)

8. Charles Foster guaranteed the $1.6 million Spirit of Texas bank loan which funded portions of the required equity for some of the projects.

The Court does not adopt any of the remaining Findings of Facts and Conclusions of Law requested by the movant.

SO ORDERED.

SIGNED: 06/26/2020.

_____
Jeffrey P. Norman
United States Bankruptcy Judge

---

[4] Houtex exhibit 2, Contractor Agreement, Section 2. Time for performance
[5] Houtex exhibit 3, Contractor Agreement, Section 2. Time for performance