**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No. 18-34658 |
| Houtex Builders, LLC, *et al.*[1] | Chapter 11 |
| Debtors. | Jointly Administered |

**EXPEDITED MOTION TO COMPEL CD HOMES LLC'S
RESPONSES TO DISCOVERY AND REQUEST FOR SANCTIONS**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HouTex Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

HouTex Builders, LLC; 2003 Looscan Lane, LLC; and 415 Shadywood, LLC (collectively, the "Debtors") file this motion (the "Motion") to compel CD Homes, LLC's responses to discovery and would respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Rule 2004, 7037, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On August 23, 2018 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby commencing the Chapter 11 Cases.

5. On May 28 and 29, 2020, this Court conducted a two-day trial to determine the contractual relationships and agreements between the Debtors and CD Homes.

6. On June 4, 2020, this Court entered an Order [ECF 508] (the "Post-Trial Order") ruling on the matters raised in the trial.

7. In the Post-Trial Order, the Court rules that "Parker or his entity should provide per property accounting of the construction costs to Foster or his entities, with the exception of costs that were claimed to have been incurred due to construction delay." The Court went on to rule that "Parker or his entity shall provide a per property accounting of the delayed construction costs to Foster or his entities."

2

8. On June 30, 2020, this Court entered the Order Setting Discovery Deadline And Trial of Claim Objections (the "Scheduling Order").

9. In the Scheduling Order, the Court provide that the parties may conduct further discovery until August 28, 2020. The Court set September 28, 2020 starting at 9:00 a.m. for trial on the remaining issues for the claim objection.

10. On July 30, 2020, the Debtors filed the Discovery Requests attached hereto as Exhibit A (the "Discovery Requests"). The Discovery Requests include the following:

> INTERROGATORY 7. Provide a per Property accounting of the construction costs (as required in the Preliminary Order).
>
> . . .
>
> INTERROGATORY 10. Provide a per Property accounting of the delayed construction costs (as required in the Preliminary Order).
>
> . . .
>
> REQUEST FOR PRODUCTION 1: Produce a copy of each and every exhibit you intend to utilize or offer into evidence at trial or any hearing in the above-captioned proceeding.

11. After serving these discovery requests, counsel for CD Homes called undersigned counsel for the Debtors on two separate occasions (August 3, 2020 and August 13, 2020) indicating that CD Homes will need to request a conference with this Court regarding the Discovery Requests suggesting that the Discovery Requests were inappropriate in some way. Undersigned counsel responded that the Discovery Requests were primarily taken directly from the issues raised in the Post-Trial Order. On both calls, CD Homes counsel said that all the accounting documents had already been provided. Debtors' counsel responded that CD Homes delivered some bankers boxes with receipts and invoices in them, but these documents were not accountings. Counsel for CD Homes never sought a conference on these Discovery Requests.

12. On August 28, 2020, CD Homes provided the responses at <u>Exhibit B</u> (the "Discovery Responses"). The Responses provided in relevant part:

INTERROGATORY 7. Provide a per Property accounting of the construction costs (as required in the Preliminary Order).

ANSWER:

CD Homes has previously provided a per property accounting with supporting backup documentation of costs per Project as of January 31, 2018 of which CD Homes is aware including the following categories: checks paid, credit card payments, closing costs, interest draws, land cost, additional payments, project supervision and construction supervision. See Exhibits 1 - 7,· CD Homes' Witness and Exhibit List with respect to the April 4, 2019 1:30 p.m. hearing on Debtors' Motion to Compel CD Homes, LLC's and Robert Parker's Responses to Discovery [Dkt. 227].

. . .

INTERROGATORY 10. Provide a per Property accounting of the delayed construction costs (as required in the Preliminary Order).

ANSWER:

5325 Lynbrook:

The delayed construction costs for the Lynbrook Project were, at a minimum, $2,500,000.

3 Thornblade:

The delayed construction costs for the Thornblade Project were, at a minimum, $1,500,000.

2203 Looscan Lane:

The delayed construction costs for the Looscan Project were, at a minimum, $1,500,000.

415 Shadywood:

The delayed construction costs for the Shadywood Project were, at a minimum, $1,400,000.

. . .

REQUEST FOR PRODUCTION I: Produce a copy of each and every exhibit you intend to utilize or offer into evidence at trial or any hearing in the above-captioned proceeding.

RESPONSE: CD Homes has not yet identified each and every exhibit which it intends to utilize or offer into evidence at trial or any hearing in the above-captioned proceeding. CD Homes will supplement its response in accordance with the Federal Rules of Civil Procedure as made applicable by the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules.

13. Exhibits 1 – 7 in of the referenced Witness and Exhibit List provide the following:

EXHIBITS

| Ex. # | Description | Offered | Objection | Admitted/ Not Admitted | Disposition |
|---|---|---|---|---|---|
| 1 | All checks, deposits and journal entries made by CD Homes for the benefit of HouTex Builders, LLC, 415 Shadywood, LLC and 2203 Looscan Lane, LLC | | | | |
| 2 | All credit card payments by CD Homes, LLC for the benefit of HouTex Builders, LLC, 415 Shadywood, LLC and 2203 Looscan Lane, LLC | | | | |
| 3 | All closing costs and charges related to the purchase of real estate paid by CD Homes, LLC for the benefit of HouTex Builders, LLC, 415 Shadywood, LLC and 2203 Looscan Lane, LLC | | | | |
| 4 | All debits/charges paid by construction lenders for the benefit of HouTex Builders, LLC, 415 Shadywood, LLC and 2203 Looscan Lane, LLC | | | | |
| 5 | All project supervision and construction supervision charges paid by CD Homes, LLC for the benefit of HouTex Builders, LLC, 415 Shadywood, LLC and 2203 Looscan Lane, LLC | | | | |
| 6 | All miscellaneous payments made by CD Homes, LLC for the benefit of HouTex Builders, LLC, 415 Shadywood, LLC and 2203 Looscan Lane, LLC | | | | |
| 7 | Sources and uses of funds by CD Homes, LLC on all HouTex Builders, LLC, 415 Shadywood, LLC and 2203 Looscan Lane, LLC properties | | | | |

14. CD Homes did not produce any documents in response the Discovery Request.

15. Undersigned counsel had previously informed counsel for CD Homes on the August 3 and 13 calls that none of the foregoing referenced documents are an accounting.

16. CD Homes has failed to comply with this Court's Post-Trial Order and the Discovery Requests.

17. On Sunday, August 28, 2020, undersigned counsel emailed counsel for CD Homes to demand production of the foregoing referenced documents in electronic form by no later than Monday, August 29, 2020. No documents were produced.

18. On Tuesday, September 1, 2020, undersigned counsel called counsel to CD Homes to confirm receipt of the email, which he confirmed, and to again discuss how the referenced documents are not accountings as required by the Post-Trial Order. Counsel for CD Homes indicated he would discuss with his client but gave no definitive response date.

19. The parties have trial on these remaining issues in less than a month. The Debtors would be unduly prejudiced in preparing for trial if CD Homes does not provide the accountings required by the Court in the Post-Trial Order and demanded in the Discovery Responses.

## RELIEF REQUESTED

20. The Debtors seek entry of an order, substantially in the form of the attached hereto, that orders CD Homes to (i) immediately produce (a) the accountings required by the Pre-Trial Order and the Discovery Requests (b) electronic copies of the documents referenced in the Discovery Responses, (ii) establishes a deadline of September 14, 2020 for CD Homes to produce any exhibits it intends to use at trial (as requested in the Discovery Requests and which were not produced in the Discovery Responses); and (iii) pay sanctions to reimburse the Debtors for costs incurring in bringing this Motion.

**BASIS FOR RELIEF**

    A.    **Bankruptcy Rule 7037.**

    21.    Bankruptcy Rule 9014 states that contested matters, like this one, are governed by Bankruptcy Rule 7037. Rule 7037 incorporates Federal Rule of Civil Procedure 37, which states that:

> [o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

FED. R. CIV. P. 37(a)(1). Rule 37 also specifies that a party seeking discovery may move for an order compelling production (subsection (a)(3)(B)) and that "an evasive or incomplete . . . response must be treated as a failure to . . . respond" (subsection (a)(4)).

    22.    With respect to sanctions, Rule 37(a)(5)(A) states that:

> If [a] motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The only exceptions to this rule are if (i) the movant fails to confer; (ii) the opposing party's response (or lack thereof) was substantially justified; or (iii) other circumstances make awarding expenses "unjust." *See* FED. R. CIV. P. 37(a)(5)(A)(i)–(iii).

    B.    **Debtors Conferred Regarding this Dispute.**

    23.    Counsel for the Debtors has complied with Rule 37 in trying to resolve these discovery issues with CD Homes in good faith without having to involve the court. However, CD Homes has failed to correct the deficiencies with its production even though it had weeks following

the August 3 and 13 calls to produce the information requested in the Post-Trial Order and in the Discovery Requests.

**C. CD Homes Has No Justification for its Failure to Comply with this Court's Post-Trial Order and the Discovery Requests.**

24. CD Homes has no excuse for not producing the accountings as required by this Court and as demanded in the Discovery Requests. CD Homes has had months to prepare this information following the Post-Trial Order.

25. The Discovery Requests demand that CD Homes produce each and every exhibit CD Homes intends to use at the trial or any hearing in the above entitled action.

26. Counsel for the Debtors and counsel for CD Homes discussed this on the calls on August 3 and 13, 2020. Specifically, counsel for the Debtors informed counsel for CD Homes that the Debtors would need a reasonable amount of time prior to trial to be able to analyze each exhibit that the Debtors intended to use at trial and this is why these requests are included in the Discovery Requests.

27. Considering that this next and last phase of this trial will be heavily accounting based, the Debtors should be afforded a reasonable opportunity to confer with its own accountants regarding the information produced by CD Homes. Establishing a deadline of September 14, 2020 is reasonable under the circumstances.

**D. Court Should Award Sanctions.**

28. Assuming that the Court grants this Motion, it should further award the Debtors their reasonable expenses in bringing this Motion. None of the exceptions in Rule 37(a)(5)(A)(i)–(iii) applies. The Debtors conferred with CD Homes about this dispute. As discussed above, CD Homes has no justification for its failure to produce the accountings. This was expressly set forth

in the Post-Trial Order, the Discovery Requests required the production of this information, and the parties conferred on this precise topic on two separate occasions.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request entry of an order granting the relief requested and for such other and further relief as is just and proper.

Dated: September 2, 2020     Respectfully submitted,

*/s/ Charles M. Rubio*
PARKINS LEE & RUBIO LLP
Charles M. Rubio P.C.
TX Bar No. 24083768
Pennzoil Place
700 Milam Street, Suite 1300
Houston, Texas 77002
Email: crubio@parkinslee.com

*Proposed Special Counsel to the
Debtors and Debtors-In-Possession*

**CERTIFICATE OF CONFERENCE**

I certify that on August 3 and 13, 2020, I conferred with Dick Fuqua on the telephone regarding the Discovery Requests and that the documents previously produced by CD Homes are not accountings as required by the Court. On August 30, 2020, I sent an email to counsel Mr. Fuqua to demand production of the documents referenced in the Discovery Responses by the end of the day on Monday, August 31, 2020. CD Homes did not respond. On September 1, 2020, I called Mr. Fuqua to confer about the Discovery Requests. While Mr. Fuqua indicated he would discuss with his client, he did not provide a definitive date when the information would be provided.

*/s/ Charles M. Rubio*
Charles M. Rubio

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2020, I caused a true and correct copy of the foregoing Motion to be served on counsel for CD Homes, LLC by email.

*/s/ Charles M. Rubio*
Charles M. Rubio