# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| HOUTEX BUILDERS, LLC | § | Case No. 18-34658 |
| | § | |
| 415 SHADYWOOD, LLC | § | Case No. 18-34659 |
| | § | |
| 2003 LOOSCAN LANE, LLC | § | Case No. 18-34990 |
| | § | |
| Debtors | § | Jointly Administered |

## JOINT EMERGENCY MOTION FOR AUTHORITY TO COMPROMISE DISPUTES AMONG THE DEBTORS, CHARLES FOSTER AND SPIRIT OF TEXAS BANK SSB UNDER BANKRUPTCY RULE 9019

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**EMERGENCY RELIEF IS REQUESTED BY MARCH 16, 2021.**

TO THE HONORABLE JEFFREY P. NORMAN, U.S. BANKRUPTCY JUDGE:

The Debtors and Charles Foster (collectively, the "<u>Movants</u>") file this motion (the "<u>Motion</u>") to ask the Court to approve a proposed settlement under rule 9019(a) of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>") and state as follows:

## JURISDICTION AND VENUE

1. This Motion is a core proceeding under 28 U.S.C. § 157(b)(2). This Court has jurisdiction under §§ 157 and 1334. Venue is proper under §§ 1408 and 1409.

## BASIS FOR EMERGENCY RELIEF

2. The settlement calls for certain payments from the Debtors to Spirit of Texas Bank ssb (the "<u>Bank</u>") on or before March 31, 2021. The Movants ask for approval on or before March 16 so that the Court's order approving the settlement, if entered, can become a final order by the due date of the payments.

## BACKGROUND

3. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on August 23, 2018.

4. These cases are jointly administered.

5. The Debtors, Charles Foster and the Bank have conflicting claims arising from the Debtors' dealings with Bob Parker and his related entities (collectively, "<u>Parker</u>").

6. The Bank asserts that it is owed approximately $1.7 million under a note and line of credit drawn on by HouTex and guaranteed by Foster personally. *See* Claim 15-1 (the "<u>Claim</u>"). The Claim is secured by liens on certain property. This includes remaining proceeds from the 3 Thornblade property sold during the pendency of the Debtors' bankruptcy case and HouTex deposits at the Bank. HouTex is currently holding the remaining proceeds from the sale of the 3

2

Thornblade property. Even after looking to this collateral to satisfy their Claim, the Bank would still have a deficiency claim against HouTex of over $1 million.

7. The debtor HouTex and Foster have created a substantial evidentiary record in this case documenting improper conduct by Parker and his related entities. Indeed, the Court sustained the Debtor's objection to the proofs of claim of the Parker entities. DE 661. Specifically, the Court found that Parker made intentional misrepresentations that induced HouTex and Foster to enter into various construction projects and transactions.

8. In that light, HouTex and Foster believe the Bank's claims against HouTex and Foster personally are subject to challenge and may lack enforceability and collectability. At the same time, the Bank believes its claims against HouTex and Foster are valid and the Bank asserts an entitlement to the collateral described above. The Bank's proof of claim (Claim 15-1) was allowed as filed by the Order Allowing Claim No. 15 of Spirit of Texas Bank ssb entered March 27, 2020 at Docket No. 479.

9. The proposed three-way settlement involves the following components:

   a. The Bank will receive its collateral comprised of (i) a setoff of $252,504.10 of deposits of HouTex at the Bank; and (ii) distribution by HouTex to the Bank of $149,786.50 representing the remaining proceeds from the sale of 3 Thornblade.

   b. Foster will pay the Bank $200,000.00 from his personal funds.

   c. The Debtors and Foster will assign to the Bank all of their claims against Parker; provided that following entry of a judgment on such claims, the Bank shall assign back to the Debtors a portion of that judgement sufficient to offset the judgment awarded to HL Builders, LLC in ECF 71 in Case No. Case 19-32825, less the sanction awarded to Debtors against HL Builders, LLC in ECF 623 (approximately $82,312.85 minus $3,523.13 equals approximately $78,789.72).

   d. The Bank will release all of its claims against the Debtors, including any deficiency claim, and Foster personally.

   e. The Debtors and Foster will also release the Bank.

  f.  The settlement does not affect Foster's claims against the Debtors.

  g.  At the Bank's request, the law firm of Parkins Lee & Rubio LLP will represent the Bank in pursuit of the claims assigned to the Bank by the Debtors and Foster.

10. The details appear in the signed Settlement Agreement at **Exhibit A**.

11. As a result of the protracted litigation between the Debtors and Foster, on the one hand, and Parker on the other hand, the Debtors' estates are left with limited resources to continue to prosecute their claims against Parker. To alleviate the administrative financial burden on the Debtors' estate, Foster has agreed to pay the compensation of the law firm Parkins Lee & Rubio LLP, counsel for the Debtors, directly from his own funds. If this Settlement Agreement is approved, then the litigation claims against Parker will be assigned to the Bank and the Bank, and neither Foster nor the Debtors, will be responsible for any further legal fees in connection with prosecuting these claims. The Debtors and Foster believe that the Settlement Agreement will facilitate an expeditious resolution of these bankruptcy cases by fully administering these causes of action.

## AUTHORITY

12. Bankruptcy Rule 9019 gives the Court the discretion to approve compromises of controversies and claims. *See Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d 10 (5th Cir. 1972); *Continental Airlines, Inc. v. Air Line Pilots' Ass'n Int'l, (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990); *In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984).

13. Congress explicitly provided mechanisms in the Bankruptcy Code to encourage settlements. "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R.

800, 811 (Bankr. N.D. Tex. 2005). "Compromises are favored in bankruptcy" because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (15th ed. Rev. 1993)).

14.     Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the [debtor] and after notice and a hearing, the court may approve a compromise and settlement." FED. R. BANKR. P. 9019(a). Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

15.     Approval of a settlement is left to the sound discretion of the reviewing court. *See, e.g.*, *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998) (noting that courts should exercise their discretion "in light of the general public policy favoring settlements"). The burden of establishing the fairness of a compromise rests on the proponent(s) of the compromise; however, a debtor is not required to present a full mini-trial or evidentiary hearing to adjudicate the issues being settled. Rather, when determining whether to approve a compromise, the court "is not to decide the numerous questions of law and fact raised" by the compromise but is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (internal citations omitted); *In re Mirant Corp.*, 348 B.R. 725, 743 (Bankr. N.D. Tex. 2006).

16.     A bankruptcy court should approve a settlement under Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy

estate. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation." *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citations omitted); *see also Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968); *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599 (5th Cir. 1980). Moreover, a bankruptcy court need not be convinced that the proposed settlement is the best possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008).

17. The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a bankruptcy court must evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (3) all other factors bearing on the wisdom of the compromise. *In re Age Refining, Inc.*, 801 F.3d 530 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d at 602. Furthermore, courts should also consider the difficulties of collecting a judgment rendered from the litigation in determining whether to approve a compromise between parties. *Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424 (1968).

18. Under the third, catch-all provision, the Fifth Circuit has specified two additional factors. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996).

Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918 (internal citations omitted).

19. The Debtors believe the settlement satisfies these requirements.

20. <u>Probability of Success</u>. The Debtors believe that their claims of the invalidity of the Bank's claims are colorable, but have a great risk of not succeeding.

21. <u>The Complexity of Litigation</u>. The Debtors believe the merits turn on facts related to the business dealings of the Debtors and Foster with Parker. The trial on Parker's proofs of claims took six days. The Debtors believe any trial on the validity of the Bank's transactions at issue here would turn on Parker's conduct, and are likely to result in lengthy, if not overly complicated, litigation.

22. <u>Difficulties of Collecting on Any Judgment Which Might be Obtained</u>. To the extent the Debtors have affirmative claims against the Bank, collection is not in doubt.

23. <u>Facts Bearing on the Wisdom of the Compromise</u>. The benefits of this settlement are primarily the avoidance of costly litigation and material reduction in the allowed claims pool.

24. For these reasons, the Debtors submit that the Settlement meets the requirements of Bankruptcy Rule 9019 as expressed by the Fifth Circuit and the Supreme Court in *TMT Trailer*.

## CONCLUSION

WHEREFORE, the Debtors and Foster respectfully request that the Court issue an order approving the Settlement and granting such other and further relief as this Court deems just and proper.

Dated: March 8, 2021

                                         */s/ Charles M. Rubio*
                                         Charles M. Rubio P.C.
                                         PARKINS LEE & RUBIO LLP
                                         Pennzoil Place

700 Milam, Suite 1300
Houston, Texas 77002
Phone: (212) 763-3331
Email: crubio@parkinslee.com

*Counsel for the Debtors*
- and -

*/s/ Christopher R. Murray*
Christopher R. Murray
(TBN 24081057; SDOT 1305742)
JONES MURRAY & BEATTY LLP
4119 Montrose, Suite 230
Houston, TX 77006
Tel. 832-529-3027
Fax. 832-529-3393
chris@jmbllp.com

*Counsel for Charles Foster*

8

<u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing was served by the Court's CM/ECF service to all parties registered to receive electronic notice in this case on the date hereof and a copy has been transmitted to the following by email:

Hector Duran
Trial attorney for the U.S. Trustee
Hector.Duran.Jr@usdoj.gov

Dick Fuqua
Counsel for CD Homes, LLC and Robert Parker
fuqua@fuqualegal.com

John McFarland
Counsel to Anna Williams
jmcfarland@jmlawyers.com

Ross Spence
Counsel to Great Southwestern Financial Corp.
ross@sdllaw.com

Bruce Ruzinksy
Counsel for Spirit of Texas Bank ssb
bruzinsky@jw.com

                                              */s/ Charles M. Rubio*

<u>Certificate of Accuracy</u>

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify to the accuracy of the matters set forth in the foregoing Motion.

                                              */s/ Charles M. Rubio*