## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("Settlement Agreement") is made by and between Spirit of Texas Bank ssb (the "Bank"), Charles Foster ("Foster"), HouTex Builders, LLC ("HouTex"), 2203 Looscan, LLC ("Looscan") and 415 Shadywood, LLC ("Shadywood") (each a "Party" and, collectively, the "Parties") for the purpose of resolving by compromise and settlement all claims, controversies, alleged liabilities, and disputes between them.

## RECITALS

**WHEREAS**, HouTex, Looscan and Shadywood (collectively, the "Debtors") are each debtors and debtors in possession in cases jointly administered under case number 18-34658 (the "Bankruptcy Case") before the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

**WHEREAS**, the Bank filed claim number 15-1 (the "Claim") in the Bankruptcy Case asserting amounts owed by HouTex on a promissory note and line of credit, which the Bank asserts are secured by liens on HouTex deposits held at the Bank and remaining proceeds from the sale of the 3 Thornblade property, and guaranteed personally by Foster, and the Claim was allowed as filed by the Order Allowing Claim No. 15 of Spirit of Texas Bank SSB entered March 27, 2020 at Docket No. 479.

**WHEREAS**, HouTex and Foster dispute the validity and collectability of the obligations asserted by the Bank in its Claim;

**WHEREAS**, the Parties have or may have claims against HL Builders, LLC, f/k/a CD Homes LLC, Anna Williams, Robert Parker and Jim Nored and any of their respective affiliates, successors, assigns and related parties (individually and collectively the "Parker Entities"), including without limitation claims asserted by the Debtors in adversary 20-03237 in the Bankruptcy Court (the "Parker Claims").

**WHEREAS,** without admission of liability, and solely in order to avoid the cost, delay and uncertainty of litigation, the Parties desire to compromise and settle all disputes and claims that exist or which may exist between and among them;

**NOW**, **THEREFORE**, in consideration of the facts and general releases and promises contained herein, and for other good and valuable consideration, the sufficiency and receipt of which are acknowledged by each Party hereto, the Parties agree as follows:

1. **Bankruptcy Court Approval**. THIS SETTLEMENT AGREEMENT IS SUBJECT IN ALL RESPECTS TO APPROVAL BY ORDER OF THE BANKRUPTCY COURT (THE "AGREED SETTLEMENT ORDER") AND THE PARTIES WILL USE REASONABLE BEST EFFORTS TO OBTAIN ENTRY OF THE AGREED  SETTLEMENT ORDER ON AN EXPEDITED BASIS. THE DEADLINES IN THIS SETTLEMENT AGREEMENT SHALL BE THE LATER OF THE DATE SPECIFIED OR THE DATE ON WHICH THE AGREED  SETTLEMENT ORDER BECOMES A FINAL, ORDER THAT IS NOT STAYED.

2.    **Settlement Payments and Assignments**.

    a.    Foster shall pay the Bank $200,000.00 in immediately available funds on or before March 31, 2021.

    b.    The Bank shall setoff all amounts of HouTex on deposit with the Bank, which includes cash and a certificate of deposit in the amount of $252,504.10, on or before March 31, 2021.

    c.    HouTex shall distribute to the Bank the remaining sale proceeds from the sale of the 3 Thornblade property, in the amount of $149,786.50, on or before March 31, 2021.

    d.    Foster and each of the Debtors shall assign to the Bank all right, title and interest in any and all claims against the Parker Entities existing as of the entry of the Agreed Settlement Order; provided that following entry of a judgment on such claims, the Bank shall assign back to the Debtors a portion of that judgement sufficient to offset the judgment awarded to HL Builders, LLC in ECF 71 in Case No. Case 19-32825, less the sanction awarded to Debtors against HL Builders, LLC in ECF 623 (approximately $82,312.85 minus $3,523.13 equals approximately $78,789.72). Foster shall fully cooperate with the Bank in the Bank's pursuit of any of the claims described in this subparagraph. At the Bank's request, the law firm of Parkins Lee & Rubio LLP will represent the Bank in the pursuit of the claims described in this subparagraph.

3.    **Releases**.

    a.    Upon receipt by the Bank of the consideration in paragraphs 2.a, 2.b, 2.c and 2.d, above, and except for the enforcement of this Settlement Agreement, the Bank, for itself and its representatives, agents, heirs, predecessors, successors and assigns hereby unconditionally releases, acquits and forever absolutely discharges, with prejudice, Charles Foster, HouTex, Looscan and Shadywood every and all of each of their current or former employees, heirs, officers, directors, attorneys, accountants, representatives, agents, insurers, servants, parents, subsidiaries, members, affiliates, divisions, co-venturers, partners (general and limited), principals, predecessors, successors and assigns, from any and all claims, actions, causes of action, demands, rights, damages, liabilities, costs and expenses whatsoever (including court costs and attorneys' fees), direct or indirect, known or unknown, foreseen or unforeseen, which the Bank has on account of or in any way growing out of or by reason of the Bankruptcy Case including without limitation the Claim and any deficiency or other claim arising in connection therewith. Notwithstanding the foregoing, this release

by the Bank specifically does not include (and does not release) any of the Parker Entities.

b.      Simultaneously with the releases in paragraph 3.a, above, and except for enforcement of this Settlement Agreement, Foster, for himself and his representatives, agents, heirs, predecessors, successors and assigns hereby unconditionally release, acquit and forever absolutely discharge, with prejudice, the Bank and every and all of its current or former employees, heirs, officers, directors, attorneys, accountants, representatives, agents, insurers, servants, parents, subsidiaries, members, affiliates, divisions, co-venturers, partners (general and limited), principals, predecessors, successors and assigns, from any and all claims, actions, causes of action, demands, rights, damages, liabilities, costs and expenses whatsoever (including court costs and attorneys' fees), direct or indirect, known or unknown, foreseen or unforeseen, which Foster has on account of or in any way growing out of or by reason of the Bankruptcy Case, including without limitation those related to the Claim.

c.      Simultaneously with the releases in paragraph 3.a, above, and except for enforcement of this Settlement Agreement, the Debtors, for each of themselves and their representatives, heirs, predecessors, successors and assigns hereby unconditionally release, acquit and forever absolutely discharge, with prejudice, the Bank and every and all of its current or former employees, heirs, officers, directors, attorneys, accountants, representatives, agents, insurers, servants, parents, subsidiaries, members, affiliates, divisions, co-venturers, partners (general and limited), principals, predecessors, successors and assigns, from any and all claims, actions, causes of action, demands, rights, damages, liabilities, costs and expenses whatsoever (including court costs and attorneys' fees), direct or indirect, known or unknown, foreseen or unforeseen, which the Debtors have on account of or in any way growing out of or by reason of the Bankruptcy Case, including without limitation those related to the Claim.

**4.     Representations and Warranties**. Each of the Parties represents and warrants that (a) to the best of their knowledge the amount in paragraph 2.b, above, accurately describes the amount on deposit at the Bank in the name of HouTex as of the execution date of this Settlement Agreement; (b) to the best of their knowledge the amount in paragraph 2.c, above, accurately represents the remaining proceeds of the sale of 3 Thornblade payable by HouTex to the Bank on account of the Bank's asserted security interest; and (c) it has not assigned or transferred, or purported to assign or transfer, to any person, firm, partnership, corporation or entity whatsoever, any rights, claims, demands, damages, debts, liabilities, accounts, reckonings, liens, debit notes, attorneys' fees, costs, expenses, actions and causes of action released, compromised and settled in this Settlement Agreement. Each of the signatories to this Settlement Agreement represents and warrants has he or she has full authority to bind their respective Party.

5.      **Counterparts**. This Settlement Agreement may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Settlement Agreement by signing any such counterpart and each of such counterparts shall for all purposes be deemed an original. This Settlement Agreement may be executed by e-mail, which shall have the same force and effect as an original signature.

6.      **Language Construed as Jointly Drafted by the Parties**. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity shall be construed neither for nor against any of the Parties.

7.      **Successors and Assigns**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

8.      **Fees and Costs**. Each Party shall bear its own attorneys' fees and costs related to this Settlement Agreement and all efforts to obtain Bankruptcy Court approval of it.

9.      **Illegality**. If any provision of this Settlement Agreement is held to be illegal, void or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision in this Settlement Agreement. Notwithstanding the foregoing, upon any finding by any court of competent jurisdiction that any release provided for in this Settlement Agreement is illegal, void or unenforceable, each of the Parties agrees, promptly upon the request of the other Parties hereto, to execute a release that is legal and enforceable.

10.      **Governing Law/Jurisdiction**. This Settlement Agreement shall be governed by the internal laws of the State of Texas. The Bankruptcy Court shall have jurisdiction to enforce this Settlement Agreement and to adjudicate any disputes arising from it.

11.      **Acknowledgment of the Parties**. Each of the Parties acknowledges that: (a) it has relied on its own independent investigation, and has not relied on any information or representations furnished by any other Party or any representative or agent thereof in determining whether or not to enter into this Settlement Agreement (other than the representations set forth in this Settlement Agreement); (b) it has conducted its own due diligence in connection therewith, as well as undertaken the opportunity to review information, ask questions and receive satisfactory answers concerning the terms and conditions of this Settlement Agreement; and (c) it possesses the knowledge, experience and sophistication to allow it to fully evaluate and accept the merits and risks of entering into the transactions contemplated by this Settlement Agreement.

12.      **Integration Clause**. This Settlement Agreement contains the entire agreement between and among the Parties hereto, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between

or among them relating to the subject matter of this Settlement Agreement. This Settlement Agreement may not be amended orally, nor shall any purported oral amendment (even if accompanied by partial or complete performance in accordance therewith) be of any legal force or effect or constitute an amendment of this Settlement Agreement, but rather this Settlement Agreement may be amended only by an agreement in writing signed by the Parties.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK – SIGNATURE PAGES TO FOLLOW]**

**IN WITNESS WHEREOF**, each of the Parties hereto has executed this Settlement Agreement on the date set forth next to its name below. **Each undersigned hereby certifies that it has read and fully understands all of the terms, provisions, and conditions of this Settlement Agreement and has entered into and executed this Settlement Agreement voluntarily.**

**SPIRIT OF TEXAS BANK SSB**

By _~~Michael L. Durham~~_

Name: _Michael L. Durham_

Title: _General Counsel_

Date: _03/08/2021_

**HOUTEX BUILDERS, LLC**

By: _____

Name:

Title:

Date:

**2203 Looscan Lane, LLC**

By: _____

Name:

Title:

Date:

**CHARLES FOSTER**

_____

Charles Foster

Date:

**415 Shadywood, LLC**

By: _____

Name:

Title:

Date:

**IN WITNESS WHEREOF**, each of the Parties hereto has executed this Settlement Agreement on the date set forth next to its name below. **Each undersigned hereby certifies that it has read and fully understands all of the terms, provisions, and conditions of this Settlement Agreement and has entered into and executed this Settlement Agreement voluntarily.**

**SPIRIT OF TEXAS BANK SSB**

By: _____

Name:

Title:

Date:

**HOUTEX BUILDERS, LLC**

By: _____

Name: Charles C. Foster

Title:

Date: 3-8-2021

**2203 Looscan Lane, LLC**

By: _____

Name: Charles C Foster

Title:

Date: 3-8-2021

**CHARLES FOSTER**

_____

Charles Foster

Date: 3-8-2021

**415 Shadywood, LLC**

By: _____

Name: Charles C. Foster

Title:

Date: 3-8-2021