UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 18-34658 |
| Houtex Builders, LLC, *et al*.[1] | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' EMERGENCY MOTION TO STRIKE
ANNA WILLIAMS'S RESPONSE TO JOINT EMERGENCY MOTION
FOR AUTHORITY TO COMPROMISE DISPUTES**
[Relates to ECFs 696 and 705]

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

**EMERGENCY RELIEF IS REQUESTED BY MARCH 16, 2021.**

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HouTex Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:

HouTex Builders, LLC, 2203 Looscan Lane, LLC, and 415 Shadywood, LLC (the "Debtors") file this motion to strike *Anna Williams's Response To Joint Emergency Motion For Authority To Compromise Disputes* [ECF 705] (the "Response") and respectfully state the following:

## INTRODUCTION

Anna Williams lacks standing to object to the *Joint Emergency Motion For Authority To Compromise Disputes Among the Debtors, Charles Foster and Spirit of Texas Bank ssb Under Bankruptcy Rule 9019* [ECF 696] (the "Settlement Motion" and the settlement agreement attached thereto, the "Settlement Agreement").  Following the adjudication of Anna Williams proofs of claim, this Court determined that Williams lacked standing to object to Charles Foster's filed claims.  *See* Memorandum Opinion [ECF 661], p. 12.  Similarly, the Court should determine that Williams lacks standing to object to the Settlement Motion.  No other party has objected to the Settlement Motion.

To have standing to object, the objecting party "must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action, and redressable by a favorable ruling."  *Horne v. Flores*, 557 U.S. 433, 445, 129 S.Ct. 2579, 174 L.Ed.2d 406 2009).  As discussed in more detail below, Williams does not satisfy her burden.

Williams is the target of certain causes of action which are the subject of the Settlement Motion.  Williams files her Response not as a "party in interest" with standing, but rather as a litigant attempting to gain a strategic advantage in pending litigation.  Williams's objections should be overruled and her Response should be stricken.

## RELIEF REQUESTED

The Debtors respectfully request that this Court enter an order striking the Response,

2

overruling Williams's objections to the Settlement Motion, and granting such other relief which is just and proper.

## BASIS FOR RELIEF

Standing is the threshold question in every federal case, determining the power of the court to entertain the suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Similar to other federal courts, bankruptcy courts are subject to the constitutional constraints of standing, and the standing inquiry is particularly appropriate in bankruptcy proceedings. *State of New Jersey, Dep't of Envt'l Protection and Energy v. Heldor Indus., Inc.*, 989 F.2d 702, 707 (3d Cir. 1993). "[L]imits on standing are vital in bankruptcy, where clouds of persons indirectly affected by the acts and entitlements of others may buzz about, delaying final resolution of cases." *In re Rimsat, Ltd.*, 193 B.R. 499, 501 (Bankr. N.D. Ind. 1996).

In bankruptcy proceedings, similar to other federal courts, the burden to prove standing falls upon the party seeking to exercise jurisdiction. *In re Newcare Health Corp.*, 244 B.R. 167, 170 (B.A.P. 1st Cir. 2000); *Tesler v. Certain Underwriters at Lloyd's London (In re Spree.com Corp.)*, 295 B.R. 762, 774 (Bankr. E.D. Pa. 2003).

Williams claims have been disallowed by order of this Court. See ECF 661. As a result of the disallowance of her claims, and Williams no longer being a creditor in these cases, Williams no longer has a legal protected interest in the proceeding to consider approval of the Settlement Agreement.

Williams argues that the Settlement Agreement violates the Chapter 11 Plan filed at ECF 342. The issue of confirmation of the Chapter 11 Plan is not before the Court. The Settlement Agreement affects several provisions of the Chapter 11 Plan. Williams has decided to only focus on the assignment of the causes of action. The Debtors will have to address the Chapter 11 Plan,

any modifications to the Chapter 11 Plan, and confirmation at later time.

Williams also argues that the parties to the Settlement Agreement are attempting to create federal jurisdiction through contract.  This is not the case.  All parties' rights, including Williams's rights, should be reserved with respect to jurisdictional disputes.  The jurisdiction of the causes of action is not a matter presently before this Court in the Settlement Motion.

## **EMERGENCY RELIEF**

The hearing to consider the Settlement Motion is scheduled for March 16, 2021.  In light of the foregoing, the Debtors request that this motion be heard on an emergency basis.

[Remainder of Page Intentionally Left Blank]

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order striking *the Response*, overruling Williams's objection to the Settlement Motion, and granting such other relief which is just and proper.

Dated: March 15, 2021

/s/ *Charles M. Rubio*
Charles M. Rubio P.C.
PARKINS LEE & RUBIO LLP
Pennzoil Place
700 Milam, Suite 1300
Houston, Texas 77002
Phone: (212) 763-3331
Email: crubio@parkinslee.com

*Counsel for the Debtors*