

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/06/2021

| | |
|---|---|
| In re: | Case No. 18-34658 |
| Houtex Builders, LLC, *et al.*.[1] | Chapter 11 |
| Debtors. | Jointly Administered |

### ORDER GRANTING APPLICATION TO EMPLOY PARKINS LEE & RUBIO LLP AS COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION

The Court, having considered the *Application To Employ Parkins Lee & Rubio LLP as Counsel To the Debtors and Debtors-In-Possession* (the "Application"),[2] finds that notice of the Application was appropriate and in accordance with the Bankruptcy Code and the Bankruptcy Rules, and that based on the law and facts set forth in the Application and the record in this case, the Court finds that the relief requested in the Application is in the best interests of the Debtor's estate and its creditors and therefore should be GRANTED.  Accordingly, it is hereby ORDERED that:

1.  In accordance with sections 327 and 328 of the Bankruptcy Code, the Debtors are authorized to employ and retain Parkins Rubio & Rubio LLP ("PLR") as their counsel, under the terms set forth in the Application and the Engagement Letter.  PLR is authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with this Chapter 11 Cases.

---

[1] The names of the Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: HouTex Builders, LLC (2111); 2203 Looscan Lane, LLC (1418); and 415 Shadywood, LLC (7627).

[2] Capitalized terms used but not defined herein have the meanings assigned to such terms in the Application.

2. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain PLR on any reasonable terms and conditions. Pursuant to the Engagement Letter, the Debtors have consented to a third-party payor, Charles Foster, paying its legal fees and Charles Foster has agreed to pay the legal fees and reimburse the expenses of PLR in accordance with the Engagement Letter. PLR shall seek compensation of its fees and reimbursement of its expenses exclusively from Charles Foster and not from the Debtors.

3. Given that the Debtors are not compensating PLR or reimbursing its expenses, PLR has no obligation to file fee applications.

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: April 06, 2021

Jeffrey P. Norman
United States Bankruptcy Judge